**Robbins Geller Rudman & Dowd LLP**

|  |  |  |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Robert R. Henssler, Jr.
bhenssler@rgrdlaw.com

September 4, 2020

<u>VIA ECF</u>

The Honorable Richard D. Bennett
United States District Court
for the District of Maryland
101 West Lombard Street, Chambers 5D
Baltimore, MD  21201

    Re:    *In re Under Armour Securities Litigation*,
             Civil Action No. 1:17-cv-00388-RDB

Dear Judge Bennett:

       Lead Plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Aberdeen"), in the above-referenced action respectfully submits this letter to update the Court regarding this matter ahead of the September 14, 2020, virtual hearing.

       As the Court noted in its August 27, 2020, Order, there are three steps that the Court has indicated it would take if the United States Court of Appeals for the Fourth Circuit remanded: (1) reopen the judgment; (2) consolidate this matter with *Patel v. Under Armour, Inc.* (RDB-19-3209) and *Waronker v. Under Armour, Inc.* (RDB-19-3581); and (3) appoint Aberdeen as lead plaintiff. *See* ECF No. 139 at 2.  After that, the Court also indicated that it would allow Aberdeen "to file a Third Amended Complaint bringing only claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78(a), only against the Defendants Under Armour and Kevin Plank."  ECF No. 146 at 1; *see also* ECF No. 139 at 2.  The Court requested that counsel be prepared "to address these issues and any other scheduling issues for further briefing" at the September 14, 2020 hearing.  ECF No. 146 at 1-2.

       Lead Plaintiff would like to raise another scheduling issue for further briefing.  As the Court held in its January 22, 2020 opinion, the "new evidence tips the scale in favor of permitting [Lead Plaintiff's] claims to proceed" and "permit[s] a strong inference of scienter on the part of Under Armour executives and Plank specifically."  *See* ECF No. 139 at 13-14.  Nonetheless, recently there have been significant developments relating to this action.  In a Form 8-K ("8-K") filed with the U.S. Securities and Exchange Commission ("SEC") on July 27, 2020, Under Armour disclosed that

Robbins Geller
Rudman & Dowd LLP

The Honorable Richard D. Bennett
September 4, 2020
Page 2

on July 22, 2020 it had received Wells Notices[1] from the SEC relating "to the Company's disclosures covering the third quarter of 2015 through the period ending December 31, 2016, regarding the use of 'pull forward' sales in connection with revenue during those quarters."[2] Under Armour's 8-K and a Form 10-Q filed with the SEC on August 6, 2020, further disclosed that the SEC staff intends to recommend charging the Company, Plank, and David E. Bergman, Under Armour's Chief Financial Officer, with violating the Securities Act of 1933 and Securities Exchange Act of 1934. The Company's 8-K also stated that in addition to responding to the Wells Notices, Under Armour expects "to engage in a dialogue with the SEC Staff to work toward a resolution of this matter."

Although discovery in this action is currently stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), this Court is permitted to grant limited discovery prior to ruling on a motion to dismiss when, as here: (1) "exceptional circumstances exist" and (2) "particularized discovery" is (3) necessary to "prevent undue prejudice." 15 U.S.C. §78u-4(b)(3)(B). Before filing the Third Amended Complaint, Lead Plaintiff seeks the production of a discrete set of documents already gathered, reviewed, and produced by Under Armour to the SEC in connection with the same misconduct alleged in this case. Here, the exceptional circumstance that warrants lifting the discovery stay is that Under Armour has already gathered, reviewed, and produced the materials Lead Plaintiff now seeks. *See Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013) (finding that "where the defendants have already gathered the discovery materials sought by [Lead Plaintiff] . . . exceptional circumstances exist, moving this case outside the intended ambit of the PSLRA discovery stay"). Moreover, Lead Plaintiff's request is sufficiently particularized as it is limited to a "'clearly defined universe of documents'" and the burden of producing the materials should be slight." *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (lifting PSLRA discovery stay for production of previously-produced documents in connection with various external investigations of the defendants' alleged misconduct). Finally, Lead Plaintiff – and the putative class members – will be unduly prejudiced unless the PSLRA discovery stay is lifted because, as Judge Blake held in

---

[1] A Wells Notice "notifies the recipient that the SEC's Enforcement Division is close to recommending to the full Commission an action against the recipient and provides the recipient the opportunity to set forth his version of the law or facts." *Carlson v. Xerox Corp.*, 392 F. Supp. 2d 267, 279 (D. Conn. 2005).

[2] As Under Armour's 8-K explains, "[a] pull forward generally includes a customer sale that is executed earlier than originally planned" and the SEC "is focused on the Company's disclosures regarding the use of pull forward sales in order to meet sales objectives."

Robbins Geller
Rudman & Dowd LLP

The Honorable Richard D. Bennett
September 4, 2020
Page 3

*Royal Ahold*, "[w]ithout access to key documents that have already been produced to government investigators . . . the securities plaintiffs could suffer a severe disadvantage in formulating their litigation and settlement strategy – particularly if the parties proceed quickly to settlement negotiations." *Id.* at 252.

As such, because producing this narrow set of materials that Defendants have already segregated and produced to the SEC will impose minimal, if any, burden on them, but depriving Lead Plaintiff of them would severely disadvantage the putative securities class here (given the ongoing litigation between Under Armour and both the Department of Justice and SEC), Lead Plaintiff respectfully requests that the Court permit full briefing on a motion to partially lift the discovery stay prior to the filing of a Third Amended Complaint.[3]

                                          Respectfully submitted,

                                          ROBERT R. HENSSLER JR.

RRH:slh

---

[3] Counsel for Aberdeen has met and conferred with counsel for Under Armour and understand that Defendants will oppose Aberdeen's motion to partially lift the discovery stay.