Fried, Frank, Harris, Shriver & Jacobson LLP

**FRIED FRANK**

801 17th Street, NW
Washington, DC 20006
Tel: +1.202.639.7000
Fax: +1.202.639.7003
www.friedfrank.com

Direct Line: +1.202.639.7040
Email: james.wareham@friedfrank.com

September 9, 2020

**VIA CM-ECF**

The Honorable Richard D. Bennett
United States District Court for the District of Maryland
101 West Lombard Street, Chambers 5D
Baltimore, MD 21201

      Re:    *In re Under Armour Securities Litigation*, No. 1:17-cv-00388-RDB

Dear Judge Bennett,

      I write on behalf of defendants Under Armour, Inc. ("Under Armour" or the "Company") and Kevin A. Plank in response to the September 4, 2020 letter to the Court submitted by plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Plaintiff"). Plaintiff's letter raises two distinct issues: (i) whether this case presents exceptional circumstances that warrant lifting the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (ii) whether the Court should grant Plaintiff's request to permit briefing on its anticipated motion to lift the discovery stay and seek discovery <u>prior</u> to the filing of a Third Amended Complaint. ECF No. 147 at 2-3. Defendants are prepared to address the first issue in response to a motion by Plaintiff to lift the stay. With regard to the second issue, defendants will argue at the upcoming hearing on September 14, 2020 that the Court should reject Plaintiff's request to brief a motion to lift the discovery stay before filing their Third Amended Complaint for two primary reasons.

      *First*, Plaintiff's request to file a motion to lift the discovery stay <u>before</u> filing its Third Amended Complaint is premature and inconsistent with the Federal Rules of Civil Procedure and the PSLRA. At this time, there is no operative complaint on file. Essentially, Plaintiff is seeking "pre-complaint discovery for the purpose of ascertaining facts to draft a complaint," which is not permitted. *Felder-Lucas v. Hunter*, 2017 WL 3500225, at *1 (D.S.C. Aug. 15, 2017). Rather, the Federal Rules of Civil Procedure mandate that a complaint be filed first, before discovery may commence. *See generally* Fed. R. Civ. P. 3, 4, 26, 27.

      Plaintiff's attempt to wait to file an operative complaint until after it has the benefit of discovery is particularly inappropriate given the legislative history of the PSLRA and the reasons that the discovery stay was enacted in the first place. Congress made clear that "discovery should be permitted in securities class actions only after the court has sustained the legal

**New York • Washington • London • Frankfurt**
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

The Honorable Richard D. Bennett  September 9, 2020
Page 2

sufficiency of the complaint" precisely in order to prevent plaintiffs from attempting to "conduct discovery in the hopes of finding a sustainable claim." S.Rep. No. 104-98 at 14 (1995); *see also 380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *2 (S.D.N.Y. Jul. 18, 2007) (similar). As this Court has recognized, the "Congressional purpose is <u>unmistakable</u>: 'discovery should be permitted in securities class actions <u>only</u> after the court has sustained the legal sufficiency of the Complaint.'" *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683 (D. Md. 2000) (citing S.Rep. No. 104-98 at 14) (emphasis added).[1] Indeed, this is precisely what the Court contemplated during the January 14, 2020 hearing, explaining that Plaintiff would be permitted to file a Third Amended Complaint based on the additional allegations that formed the basis of its Rule 60(b) motion, defendants would likely move to dismiss, and the Court would then assess "whether . . . the Third Amended Complaint should be dismissed or whether it survives that hurdle <u>and then proceeds to discovery</u>." ECF No. 136 at 80 (emphasis added).

Plaintiff cites no authority from any jurisdiction in which any court has entertained a motion to lift the PSLRA discovery stay in advance of the filing of an operative complaint. In both cases Plaintiff cites in its letter, the plaintiffs moved to lift the PSLRA discovery stay only <u>after</u> filing the operative complaint. *See Pension Trust Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 914 (E.D. Wis. 2013) (operative complaint filed prior to motion to lift stay); *In re Royal Ahold N.V. Secs. & ERISA Litig.*, 220 F.R.D. 246, 249 (D. Md. 2004) (operative complaint filed and deadline set for filing of defendants' motion to dismiss prior to motion to lift stay).[2]

*Second*, the supposed urgency of Plaintiff's request is undermined by Plaintiff's own strategy, which will only serve to <u>delay</u> this case further. Plaintiff asserts that it will be unduly prejudiced without immediate access to the documents the Company produced to the SEC because it could "suffer a severe disadvantage in formulating [its] litigation and settlement strategy – particularly if the parties proceed quickly to settlement negotiations." ECF No. 147 at 2-3. But this argument ignores that Plaintiff does not currently have a complaint on file and thus has not asserted any claims against any defendant. Plaintiff's request would further defer the filing of its claims until after full briefing and a decision on a motion to lift the discovery stay, as well as Plaintiff's review of the Company's document productions to the SEC if the motion to

---

[1] *See also In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096, at *4 (S.D.N.Y. May 28, 2015) ("Manifest in the [PSLRA] is the mandate that courts assess the legal sufficiency of plaintiffs' securities fraud allegations according to what plaintiffs <u>know at the time the complaint is filed</u>, rather than what they wish to learn through discovery") (emphasis in original).

[2] Neither *Royal Ahold* nor *Assisted Living* support lifting the stay even <u>after</u> Plaintiff files its Third Amended Complaint, as the courts partially lifted the discovery stay in those cases based on concerns related to document preservation and prejudice to the plaintiffs that are inapplicable here. As noted above, defendants will address the merits of Plaintiff's motion to lift the stay at the appropriate time in their opposition to any such motion.

Fried, Frank, Harris, Shriver & Jacobson LLP

The Honorable Richard D. BennettSeptember 9, 2020
Page 3

lift the discovery stay is granted. Accordingly, any urgency here is manufactured and does not warrant granting Plaintiff's extraordinary request.[3]

In light of the foregoing, the Court should reject Plaintiff's request and instead direct this case to proceed in a manner consistent with the Federal Rules of Civil Procedure and the PSLRA. Plaintiff's counsel has represented to defendants' counsel that it would be prepared to file a Third Amended Complaint within 30 days of appointment as lead plaintiff. Accordingly, defendants propose that the Court (a) direct lead plaintiff to file its Third Amended Complaint within 30 days of appointment; and (b) direct that, within 10 days of the filing of the Third Amended Complaint, the parties shall meet and confer regarding a schedule for defendants' response to the complaint and any motion by Plaintiff to lift the discovery stay and, thereafter, submit a proposed schedule to the Court for approval.

Respectfully Submitted,

/s/ James D. Wareham
James D. Wareham

cc:All counsel of record (*via CM-ECF*)

---

[3] Plaintiff's letter is also based on the erroneous premise that there is currently "ongoing litigation between Under Armour and both the Department of Justice and SEC." ECF No. 147 at 3. However, neither the SEC nor the Department of Justice has initiated litigation against the Company or any of its executives.

22359241