## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

In re UNDER ARMOUR        \*
SECURITIES LITIGATION            Civil Action No. RDB-17-388
                              \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

Lead Plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Lead Plaintiff"), Monroe County Employees' Retirement System, and KBC Asset Management NV (collectively "Plaintiffs"), filed a motion for partial relief from the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) (ECF No. 156).  Through their Motion, Plaintiffs seek the production of documents Defendant Under Armour, Inc. ("Under Armour") has already reviewed and produced to the Securities Exchange Commission ("SEC") as part of the SEC's ongoing investigation into Under Armour's accounting practices and revenue recognition policies for the third quarter of 2015 through the fourth quarter of 2016.  After reviewing the parties' submissions, this Court conducted a motions hearing on February 17, 2021.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons stated on the record at the motions hearing, and for the reasons that follow, the Plaintiffs' Motion (ECF No. 156) is DENIED.

## BACKGROUND

Lead Plaintiff filed the Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (ECF No. 78) on November 16, 2018, naming Under Armour and its Chief Operating Officer, Kevin Plank ("Plank"), as Defendants.  That Second Amended

Complaint alleged that between September 16, 2015 and January 30, 2017, the Defendants issued a series of false and misleading statements about demand for Under Armour products and the company's financial condition.  (ECF No. 78 ¶¶ 2, 14.)  On August 19, 2019, this Court dismissed the Second Amended Complaint with prejudice.   (ECF No. 98 at 26.) Judgment was entered on September 9, 2019 (ECF No. 101), and on September 17, 2019, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit (ECF No. 102).  Based on newly-discovered evidence, Lead Plaintiff moved on November 18, 2019 for an indicative ruling (ECF No. 105), requesting that this Court grant Plaintiffs' Motion for Relief from the Court's September 9, 2019 Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 106), if the Fourth Circuit remanded for that purpose.  On January 22, 2020, this Court granted that request.  (ECF No. 139.)  Accordingly, this Court held that it would permit Lead Plaintiff to file a third amended complaint bringing claims against the Defendants for violations of the Exchange Act.  (*Id.*)

On October 14, 2020, the Lead Plaintiff filed the Plaintiffs' Consolidated Third Amended Complaint for Violations of the Federal Securities Laws ("TAC") (ECF No. 153) alleging that Defendants Under Armour and Plank misled investors during the Class Period by falsely claiming that consumer demand for the company's products was strong between the third quarter of 2015 and the fourth quarter of 2016.  Plaintiffs allege that the Defendants led investors to believe that Under Armour's 26-consecutive quarter 20% year-over-year revenue growth streak was "safely intact," when in reality demand for the company's products was in decline.  (ECF No. 153 ¶¶ 148-168.)  They claim that Defendants manipulated the company's

financial results by pulling sales forward from future quarters and engaged in other allegedly suspect sales practices. (*Id.*)

On November 5, 2020, the Plaintiffs filed a Motion for Partial Relief from the PSLRA Discovery Stay (ECF No. 156), in which they seek the production of documents Defendant Under Armour has already reviewed and produced to the SEC as a part of its ongoing investigation into Under Armour's accounting practices and revenue recognition policies for the third quarter of 2015 through the fourth quarter of 2016. On December 4, 2020, the Defendants filed a Motion to Dismiss the TAC (ECF No. 159). The Plaintiffs seeks a lift of the discovery stay imposed by the PSLRA prior to this Court's ruling on the pending Motion to Dismiss.[1]

## ANALYSIS

The Private Securities Litigation Reform Act ("PSLRA") imposes constraints on discovery in securities class actions. The PSLRA provides:

> In any private action arising under this chapter all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice of that party.

15 U.S.C. § 78u-4(b)(3)(B). In essence, the PSLRA requires that plaintiffs make three separate showings before a court may lift a stay. *Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013). "[I]t is necessary to show (1) 'exceptional circumstances exist,' such that allowing discovery would not violate the ethos of the PSLRA discovery stay and further that (2) 'particularized discovery' is (3) necessary to

---

[1] Briefing on that pending Motion to Dismiss is scheduled to be completed by March 12, 2021.

either (a) 'preserve evidence' or (b) 'prevent undue prejudice' to a party." *Id.* (citing 15 U.S.C. § 78u-4(b)(3)(B)).

As stated on the record, the first two of these elements likely weigh in favor of granting the Plaintiffs' request.  First, exceptional circumstances exist in this case, as the rationales underlying the PSLRA's discovery stay do not support continued imposition of a stay in this case.  In passing the PSLRA Congress was reportedly concerned with:

> the routine filing of lawsuits against issuers of securities and others whenever there is a significant change in an issuer's stock price, without regard to any underlying culpability of the issuer, and with only faint hope that the discovery process might lead eventually to some plausible cause of action.

*Teachers' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 171 (4th Cir. 2007) (quoting H.R. Rep. No. 104-369, at 41 (1995); H.R. Rep. No. 104-369, at 41 (1995)).  The purpose of the stay provision, therefore, is:

> to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope of either that corporate defendants will settle those actions rather than bear the high cost of discovery, *see* H.R. Conf. Rep. No. 104-369, at 37 (1995), or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint, *see* S. Rep. No. 104-98.

*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 249 (D. Md. 2004) (quoting *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002)).  When documents have already been gathered and produced as a part of a government agency's investigation, the burdens of duplicating such discovery are low.  *See Assisted Living Concepts*, 943 F. Supp. 2d at 915 (holding that plaintiffs had established "exceptional circumstances" element where they sought documents disclosed to the SEC "partly because, where documents have already been collected and produced to other entities, the burdens of discovery are far less substantial").  The Plaintiffs in this case do not appear to be using burdensome discovery as a means to force

the settlement of a frivolous lawsuit.  Additionally, as the Plaintiffs' claims relate to the subject matter of the SEC's investigation, it does not appear that the Plaintiffs are seeking discovery in order to search for new claims to assert against the Defendants.

Second, although Plaintiffs' discovery request is broad, it may be sufficiently particularized.  Requests for limited relief under the PSLRA are "sufficiently particularized" when they refer to a "clearly defined universe of documents."  *Royal Ahold*, 220 F.D.R. at 250. The current request is limited to the clearly defined universe of materials already produced by Under Armour to the SEC.  In *Assisted Living Concepts*, the court held that the discovery request was particularized because it was "limited solely to relevant materials that [had] already been produced in other proceedings."  943 F. Supp. 2d at 915.  However, as Judge Catherine C. Blake of this Court noted in *Royal Ahold*, "'particularized' is not synonymous with 'identifiable.'" 220 F.R.D. at 250.  In *Royal Ahold*, Judge Blake did allow the plaintiffs' request for approximately one million documents but noted that such broad discovery was consistent with "the nature of the underlying litigation."  *Id.*

Nevertheless, this Court need not decide whether Plaintiffs have shown their request to be particularized in this case, as Plaintiffs cannot show the final element: that lifting the stay is "necessary to either (a) 'preserve evidence' or (b) 'prevent undue prejudice' to a party." *Assisted Living Concepts*, 943 F. Supp. 2d at 915.  Plaintiffs argue that undue prejudice to securities plaintiffs occurs when they are deprived of access to key documents that have already been produced to a government agency, relying heavily on Judge Blake's opinion in *Royal Ahold*, 220 F.R.D. 246.  Judge Blake stated that "[w]ithout access to key documents that [had] already been produced to [the] government . . . , the securities plaintiffs could suffer a severe

disadvantage in formulating their litigation and settlement strategy—particularly if the parties proceed quickly to settlement negotiations." *Id.* at 252. This risk of "undue prejudice," Judge Blake stated, was "[t]he most compelling reason for allowing the discovery." *Id.*

However, Plaintiffs' reliance on *Royal Ahold* is misplaced. As Plaintiffs concede, Judge Blake's holding in *Royal Ahold* was in part based on the issue of preservation of evidence. In that case, a corporate defendant was undertaking a "wide-ranging corporate reorganization" in which it had "divested itself of key subsidiaries" and "plan[ned] to divest itself of more," including some "that allegedly played central roles" in the alleged misconduct. *Id.* at 251. The court then lifted to the stay with respect to the corporate defendant to prevent the potential loss of evidence, but refused to lift the stay as to one of the co-defendants specifically because "[t]hat defendant, unlike Royal Ahold, [was] not reorganizing its affairs, so there [was] little to suggest a risk of documentary loss." *Id.* at 252-53. Following her assertion that the "[m]ost compelling reasons" for lifting the stay was undue prejudice, Judge Blake added that "Royal Ahold's divestitures, again, add[ed] urgency to this concern." *Id.* at 252. Royal Ahold does not stand for the proposition that securities plaintiffs will be unduly prejudiced to a degree warranting a lift in a PSLRA discovery stay whenever they lack discovery already produced for an investigating government agency.

Further, this Court is unpersuaded by arguments that Plaintiffs are prejudiced given Under Amour's statements that it intends to cooperate with the SEC and its current financial health. Plaintiffs contend that because Under Armour has publicly acknowledged that it "expect[s] to engage in a dialogue with the SEC Staff to work toward a resolution of this matter," (Sanchez Decl., Ex. 2, ECF No. 156-3), Plaintiffs are prejudiced by the risk that they

"will be left to pursue [their] action against defendants who no longer have anything or at least as much to offer," *WorldCom*, 234 F. Supp. 2d at 306.  However, in *WorldCom*, the case from which the Plaintiffs cite, the defendants were insolvent and in the midst of bankruptcy proceedings, creating a demonstrable, concrete risk that the plaintiffs would be unable to recover from the defendants if the discovery stay was continued.  *Id.* at 304-06.  As stated on the record, the Defendants in this case have attested to the financial strength of Under Armour at this time, and no comparable concrete risk of inability to recover exists in the case at hand.

Overall, "the burden of establishing the need for a partial lifting of the discovery stay . . . is a heavy one."  *In re Fannie Mae Secs. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).  Although the burden on the Defendants in this case to produce the requested discovery is low and Plaintiffs have shown exceptional circumstances for lifting the stay, "the proper inquiry under the PSLRA is whether the *plaintiff* would be unduly prejudiced by the stay, not whether the *defendant* would be burdened by lifting the stay."  *In re Smith Barney Transfer Agent Litig.*, No. 05-CV-7583(WHP), 2006 WL 1738078, at *3 (S.D.N.Y. 2006) (emphasis added).  For these reasons and the reasons provided on the record, it is HEREBY ORDERED this 18th Day of February 2021 as follows:

1. The Plaintiffs' Motion to for Partial Relief from the PSLRA Discovery Stay (ECF No. 156) is DENIED;

2. The Clerk of the Court shall transmit a copy of this Order to counsel of record.


_____/s/_____

Richard D. Bennett
United States District Judge