**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | )    Civil No. 1:17-00388-RDB |
| | ) |
| | ) |
| This Document Relates To: | ) |
| | ) |
| ALL ACTIONS. | ) |
| | ) |

**DEFENDANTS' ANSWER AND DEFENSES**
**TO THE CONSOLIDATED THIRD AMENDED COMPLAINT**
**FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendants Under Armour, Inc. ("Under Armour" or the "Company") and Kevin A. Plank (together with Under Armour, "Defendants") submit this Answer and Defenses to the Consolidated Third Amended Complaint for Violations of the Federal Securities Laws (the "TAC"), filed on October 14, 2020 by Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Aberdeen"), Monroe County Employees' Retirement System ("Monroe"), and KBC Asset Management NV ("KBC," and together with Aberdeen and Monroe, "Plaintiffs").

The Answer is based on the current knowledge of Defendants, both of which reserve their rights to revise and/or supplement this Answer. Except as otherwise stated herein, Defendants deny every allegation in the TAC. Defendants also deny any averments in the table of contents, headings, and subheadings of the TAC. Defendants further note that any defined terms used in their responses to the allegations in the TAC refer to terms specifically defined in their responses and not any defined terms used in the allegations set forth in the TAC.

## ANSWER

**RESPONSE NO. 1:** The allegations contained in Paragraph No. 1 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 1, except admit that Plaintiffs purport to describe the nature of this action.

**RESPONSE NO. 2:** The allegations contained in Paragraph No. 2 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 2, except admit that Plaintiffs purport to describe the nature of this action.

**RESPONSE NO. 3:** Defendants deny the allegations contained in Paragraph No. 3 or lack knowledge or information sufficient to form a belief as to the truth of the allegations.

**RESPONSE NO. 4:** Defendants admit the allegations contained in the first and second sentences of Paragraph No. 4.  Defendants deny the allegations contained in the third sentence of Paragraph No. 4, except admit that in 2016, Under Armour's net revenues from sales of its apparel products represented approximately 67% of overall net revenues.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 4, except admit that Under Armour's sales through wholesale channels (which include national and regional sporting goods chains, independent and specialty retailers, department store chains, institutional athletic departments and leagues and teams) represented approximately 67% of the Company's net revenues in 2015, approximately 65% of the Company's net revenues in 2016, approximately 61% of the Company's net revenues in 2017, approximately 60% of the Company's net revenues in 2018, and approximately 60% of the Company's net revenues in 2019.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 4, except admit that the Company's

North America segment accounted for approximately 87% of the Company's net revenues in 2015, approximately 83% of the Company's net revenues in 2016, approximately 76.5% of the Company's net revenues in 2017, approximately 72% of the Company's net revenues in 2018, and approximately 69% of the Company's net revenues in 2019.  Defendants deny the allegations contained in the sixth sentence of Paragraph No. 4, except admit that Plaintiffs purport to characterize and selectively quote a statement made by Mr. Plank during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 5:** Defendants deny the allegations contained in Paragraph No. 5, except admit that Plaintiffs purport to characterize Under Armour's business and the relevant market.

**RESPONSE NO. 6:** Defendants deny the allegations contained in the first sentence of Paragraph No. 6.  Defendants deny the allegations contained in the second sentence of Paragraph No. 6, except admit that Under Armour achieved year-over-year quarterly net revenue growth of 20% or greater for 26 consecutive quarters, beginning in the second fiscal quarter of 2010 and continuing through to the third fiscal quarter of 2016 ("3Q16").  Defendants deny the allegations contained in the third sentence of Paragraph No. 6, except admit that Plaintiffs purport to characterize unspecified statements allegedly made by Mr. Plank and respectfully refer the Court to those statements for a complete and accurate statement of their contents.

**RESPONSE NO. 7:** Defendants deny the allegations contained in Paragraph No. 7, except admit that Under Armour held an Investor Day on September 16, 2015 ("2015 Investor Day") and that Plaintiffs purport to characterize and selectively quote statements allegedly made

by Mr. Plank during 2015 Investor Day, and respectfully refer the Court to the transcript of the

Company's 2015 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 8:** Defendants deny the allegations contained in Paragraph No. 8.

**RESPONSE NO. 9:** Defendants deny the allegations contained in Paragraph No. 9.

**RESPONSE NO. 10:** Defendants deny the allegations contained in Paragraph No. 10.

**RESPONSE NO. 11:** Defendants deny the allegations contained in the first, second,

third, and fourth, and fifth sentences of Paragraph No. 11.  Defendants deny the allegations

contained in the sixth sentence of Paragraph No. 11 and footnote 2 thereto, except admit that

Plaintiffs purport to characterize and selectively quote from a November 14, 2019 article in the

*Wall Street Journal* ("WSJ") titled "Inside Under Armour's Sales Scramble: 'Pulling Forward

Every Quarter'" (the "11/14/19 WSJ Article") and respectfully refer the Court to that document

for a complete and accurate statement of its contents.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations contained in footnote 1 of Paragraph

No. 11.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 12:** Defendants deny the allegations contained in the first and second

sentences of Paragraph No. 12.  Defendants deny the allegations contained in the third sentence

of Paragraph No. 12 and footnote 3 thereto, except admit that (i) as of the date the TAC was

filed, the U.S. Securities and Exchange Commission (the "SEC") and U.S. Department of Justice

("DOJ") had been conducting investigations regarding certain of the Company's sales and

accounting practices and related disclosures; (ii) Plaintiffs purport to characterize the 11/14/19

WSJ Article and a November 3, 2019 WSJ article titled "Under Armour Is Subject of Federal

Accounting Probes" (the "11/3/19 WSJ Article"), and respectfully refer the Court to those

articles for a complete and accurate statement of their contents.

**RESPONSE NO. 13:** Defendants deny the allegations contained in Paragraph No. 13.

**RESPONSE NO. 14:** Defendants deny the allegations contained in the first sentence of Paragraph No. 14. Defendants deny the allegations contained in the second sentence of Paragraph No. 14, except admit that Plaintiffs purport to cite unidentified analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents. Defendants deny the allegations contained in the third, fourth and fifth sentences of Paragraph No. 14, except admit that (i) Mr. Plank entered into a pre-arranged stock trading plan in October 2015 (the "October 2015 10b5-1 Plan") and pursuant to that plan, in a series of transactions between November 17 and 23, 2015, Mr. Plank converted 1,125,000 shares of Under Armour Class B common stock to Class A common stock and sold those shares for total proceeds of approximately $100 million; and (ii) Mr. Plank entered into an amendment to the October 2015 10b5-1 Plan in February 2016 (the "Amended October 2015 10b5-1 Plan") and pursuant to that plan, between April 26 and 29, 2016, Mr. Plank sold 900,000 shares of Under Armour Class C common stock for total proceeds of approximately $38.2 million. Defendants admit the allegations contained in the sixth sentence of Paragraph No. 14. Defendants deny the allegations contained in the seventh sentence of Paragraph No. 14, except admit that on June 13, 2016, the Company closed its offering of $600.0 million aggregate principal amount of its 3.250% Senior Notes due 2026 (the "Bond Offering").

**RESPONSE NO. 15:** Defendants deny the allegations contained in Paragraph No. 15 and footnote 4 thereto, except admit that Plaintiffs purport to characterize a January 10, 2016 research report by Morgan Stanley & Co. LLC (the "Morgan Stanley Report") and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 16:** Defendants deny the allegations contained in Paragraph No. 16.

**RESPONSE NO. 17:** Defendants deny the allegations contained in the first sentence of Paragraph No. 17, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during conference calls for analysts and investors on October 25, 2016 and January 31, 2017, and respectfully refer the Court to the transcripts of those calls for a complete and accurate statement of their contents. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 17. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 17, except admit that Plaintiffs purport to selectively quote a statement by Mr. Plank during a conference call for analysts and investors on August 1, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 18:** Defendants deny the allegations contained in Paragraph No. 18.

**RESPONSE NO. 19:** Defendants deny the allegations contained in the first sentence of Paragraph No. 19, except admit that on October 22, 2019, Under Armour announced that, effective January 1, 2020, Patrik Frisk would assume the role of Chief Executive Officer ("CEO") and President and Mr. Plank would assume the role of Executive Chairman and Brand Chief and respectfully refer the Court to the Company's October 22, 2019 press release, filed publicly with the SEC on Form 8-K, for a complete and accurate statement of its contents. Defendants deny the allegations contained in the second sentence of Paragraph No. 19, except admit that Plaintiffs purport to selectively quote a June 15, 2015 letter from Mr. Plank to Under Armour stockholders, and respectfully refer the Court to the letter for a complete and accurate statement of its contents. Defendants deny the allegations contained in the third sentence of Paragraph No. 19. Defendants deny the allegations contained in the fourth and fifth sentences of Paragraph No. 19 and footnotes 5 and 6 thereto, except admit that Plaintiffs purport to

characterize and selectively quote the 11/3/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 20:** Defendants deny the allegations contained in Paragraph No. 20, except admit that (i) On July 22, 2020, each of Under Armour, Mr. Plank, and David E. Bergman received a "Wells Notice" from the Staff of the SEC; and (ii) Plaintiffs purport to characterize and selectively quote the Company's July 27, 2020 Form 8-K, and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 21:** Defendants deny the allegations contained in Paragraph No. 21, except admit that Plaintiffs purport to characterize and selectively quote the Company's Quarterly Report for the second fiscal quarter of 2020, filed publicly with the SEC on Form 10-Q on August 6, 2020 (the "2Q20 Form 10-Q") and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 22:** The allegations contained in Paragraph No. 22 are legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph No. 22, except admit that Plaintiffs purport to base their claims on the statutory provisions cited in Paragraph No. 22.

**RESPONSE NO. 23:** Defendants deny the allegations contained in Paragraph No. 23, except admit that Plaintiffs purport to assert claims under various U.S. securities laws in the TAC, and therefore, this Court has jurisdiction over those claims.

**RESPONSE NO. 24:** Defendants do not challenge the assertion of venue in this Court. To the extent the allegations contained in Paragraph No. 24 set forth legal conclusions, no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph No. 24.

**RESPONSE NO. 25:** Defendants deny the allegations contained in Paragraph No. 25.

**RESPONSE NO. 26:** Defendants admit the allegations contained in the first sentence of Paragraph No. 26 and in footnote 7 to Paragraph No. 26.  Defendants deny the allegations contained in the second sentence of Paragraph No. 26, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Aberdeen's purchase of Under Armour common stock during the putative class period alleged in the TAC (the "Class Period").  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 27:** Defendants deny the allegations contained in Paragraph No. 27, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Monroe's purchase of Under Armour common stock during the Class Period.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 28:** Defendants deny the allegations contained in Paragraph No. 28, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning KBC's purchase of Under Armour common stock during the Class Period.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 29:** Defendants deny the allegations contained in Paragraph No. 29.

**RESPONSE NO. 30:** Defendants admit the allegations contained in Paragraph No. 30.

**RESPONSE NO. 31:** Defendants admit the allegations contained in the first, second, fifth, sixth, and seventh sentences of Paragraph No. 31.  Defendants deny the allegations contained in the third sentence of Paragraph No. 31, except admit that as of March 6, 2020, Mr. Plank owned approximately 15.6% of shares of Class A common stock and Class B common stock outstanding, approximately 14.9% of shares of Class C common stock outstanding, and approximately 64.7% of voting power of all shares of Class A common stock and Class B

common stock then outstanding.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 31.  Defendants deny the allegations contained in the eighth sentence of Paragraph No. 31, except admit that Mr. Plank owned 35,700,000 shares of Class B common stock and 76,445 shares of Class A common stock and approximately 66.5% of the voting power of all shares of Class A common stock and Class B common stock outstanding as of September 30, 2015.

**RESPONSE NO. 32:** Defendants deny the allegations contained in the first sentence of Paragraph No. 32.  Defendants deny the allegations contained in the second sentence of Paragraph No. 32, except admit that Plaintiffs purport to characterize the Company's charter and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the third sentence of Paragraph No. 32, except admit that Plaintiffs purport to characterize and selectively quote an unidentified analyst report and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 32, except admit that on June 15, 2015, Under Armour announced that the Company's Board of Directors had unanimously approved the creation of a new class of Under Armour non-voting common stock, Class C common stock.  Defendants admit the allegations contained in the fifth sentence of Paragraph No. 32.

**RESPONSE NO. 33:** Defendants deny the allegations contained in the first, second, third, and fourth sentences of Paragraph No. 33, except admit that Plaintiffs purport to characterize and selectively quote a letter from Mr. Plank to Under Armour stockholders on June 15, 2015, which was filed with the SEC as an exhibit to a Form 8-K that same day, and respectfully refer the Court to that document for a complete and accurate statement of its

contents.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 33, except admit that, in connection with the creation of the Company's Class C common stock, an amendment to the Company's charter was proposed and approved by vote of Under Armour stockholders that provided that each share of Under Armour Class B common stock would automatically convert into one share of Under Armour Class A common stock (also triggering the conversion of the Class C common stock into Class A common stock) upon, among other things, the sale, or other disposition, by Mr. Plank of more than 2.5 million shares of Under Armour's common stock in any calendar year beginning in 2016, subject to a rollover feature that would allow Mr. Plank to sell additional shares in any calendar year after 2017 to the extent his sales in prior calendar years were below 2.5 million shares.

**RESPONSE NO. 34:** Defendants admit the allegations contained in the first sentence of Paragraph No. 34.  Defendants deny the allegations contained in the second, third, and fourth sentences of Paragraph No. 34, except admit that (i) the creation of the Class C common stock provided Under Armour with an additional currency to use for acquisitions and stock based compensation that would be free of the voting dilution associated with issuances of additional shares of the Company's Class A common stock; (ii) subject to the limitations on Mr. Plank's trading imposed by Under Armour's charter, Mr. Plank may sell shares of Under Armour Class C common stock without any corresponding reduction in his voting power; and (iii) pursuant to the Amended October 2015 10b5-1 Plan, between April 26 and 29, 2016, Mr. Plank sold 900,000 shares of Class C common stock.

**RESPONSE NO. 35:** Defendants deny the allegations contained in the first sentence of Paragraph No. 35.  Defendants deny the allegations contained in the second sentence of Paragraph No. 35, except admit that Plaintiffs purport to characterize and selectively quote a July

24, 2015 report by Morningstar Equity Research ("Morningstar") and respectfully refer the Court

to that document for a complete and accurate statement of its contents.  Defendants deny the

allegations contained in the third sentence of Paragraph No. 35, except admit that Plaintiffs

purport to selectively quote an unidentified media source and respectfully refer the Court to that

source for a complete and accurate statement of its contents.

    **RESPONSE NO. 36:** Defendants admit the allegations contained in Paragraph No. 36.

    **RESPONSE NO. 37:** Defendants admit the allegations contained in the first sentence of

Paragraph No. 37.  Defendants deny the allegations contained in the second sentence of

Paragraph No. 37, except admit that in fiscal year 2016, apparel represented approximately 67%

of the Company's net revenues.  Defendants deny the allegations contained in the third sentence

of Paragraph No. 37, except admit that the Company's North America segment accounted for

approximately 83% of the Company's net revenues in 2016.  Defendants deny the allegations

contained in the fourth sentence of Paragraph No. 37.  Defendants deny the allegations contained

in the fifth sentence of Paragraph No. 37, except admit that Plaintiffs purport to characterize and

selectively quote a statement made by Mr. Plank during a conference call for analysts and

investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a

complete and accurate statement of its contents.

    **RESPONSE NO. 38:** Defendants deny the allegations contained in the first sentence of

Paragraph No. 38, except admit that Under Armour's sales through wholesale channels (which

include national and regional sporting goods chains, independent and specialty retailers,

department store chains, institutional athletic departments and leagues and teams) represented

approximately 67% of the Company's net revenues in 2015, approximately 65% of the

Company's net revenues in 2016, approximately 61% of the Company's net revenues in 2017,

approximately 60% of the Company's net revenues in 2018, and approximately 60% of the Company's net revenues in 2019. Defendants admit the allegations contained in the second sentence of Paragraph No. 38. Defendants deny the allegations contained in footnote 8 of Paragraph No. 38, except admit that as of December 31, 2016, Under Armour had 151 Factory House stores and 18 Brand House stores in North America and as of December 31, 2019, Under Armour had 169 Factory House stores and 19 Brand House stores in North America.

**RESPONSE NO. 39:** Defendants admit the allegations contained in the first sentence of Paragraph No. 39. Defendants deny the allegations contained in the second sentence of Paragraph No. 39. Defendants deny the allegations contained in the third sentence of Paragraph No. 39, except admit that Plaintiffs purport to characterize and selectively quote an unidentified analyst report and respectfully refer the Court to the analyst report for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 39, except admit that, according to partial industry data sets released by Sterne Agee and SportScanInfo in September 2014, Under Armour's combined apparel and footwear sales in the U.S. surpassed those of Adidas through the end of August 2014.

**RESPONSE NO. 40:** Defendants deny the allegations contained in the first sentence of Paragraph No. 40, except admit that (i) Mr. Plank was Under Armour's Chairman and CEO and controlling stockholder throughout the Class Period; and (ii) Mr. Plank served as the Company's Chairman and CEO until January 1, 2020, at which time he assumed the role of Executive Chairman and Brand Chief. Defendants deny the allegations contained in the second sentence of Paragraph No. 40.

**RESPONSE NO. 41:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 41. Defendants deny the allegations contained in the third sentence

of Paragraph No. 41, except admit that Plaintiffs purport to characterize and selectively quote undated statements by Mr. Plank in 2010, and refer the Court to those statements for a complete and accurate statement of their contents.

**RESPONSE NO. 42:** Defendants deny the allegations contained in the first, second, third, and fifth sentences of Paragraph No. 42.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 42, except admit that Plaintiffs purport to characterize and selectively quote undated conference calls with analysts and investors and respectfully refer the Court to the transcripts of those calls for a complete and accurate statement of their contents.

**RESPONSE NO. 43:** Defendants deny the allegations contained in Paragraph No. 43, except admit that (i) Under Armour achieved year-over-year quarterly net revenue growth of 20% or greater for 26 consecutive quarters, beginning in the second fiscal quarter of 2010 and continuing through to the third fiscal quarter of 2016; and (ii) Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during 2015 Investor Day, and Defendants respectfully refer the Court to the transcript of the Company's 2015 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 44:** Defendants deny the allegations contained in Paragraph No. 44, except admit that (i) the phrase "brand heat" was used in some statements during conference calls for investors and analysts during the Class Period and respectfully refer the Court to the transcripts of those calls for a complete and accurate statement of their contents; and (ii) Under Armour launched the Under Armour Sportswear line in September 2016.

**RESPONSE NO. 45:** Defendants deny the allegations contained in the first, fourth, sixth, seventh, and eighth sentences of Paragraph No. 45, except admit that Plaintiffs purport to characterize Under Armour's business and market.  Defendants deny the allegations contained in

the second sentence of Paragraph No. 45, except admit that in fiscal year 2016, apparel sales represented approximately 67% of the Company's net revenues. Defendants deny the allegations contained in the third sentence of Paragraph No. 45 and footnote 9 thereto, except admit that Plaintiffs purport to characterize and cite the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants admit the allegations contained in the fifth sentence of Paragraph No. 45.

**RESPONSE NO. 46:** Defendants deny the allegations contained in the first and sixth sentences of Paragraph No. 46. Defendants admit the allegations contained in the second, third, and fifth sentences of Paragraph No. 46. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 46, except admit that (i) on March 2, 2016, the Sports Authority ("TSA") commenced bankruptcy proceedings under Chapter 11 of the U.S. Bankruptcy Code; and (ii) on May 24, 2016, the U.S. Bankruptcy Court presiding over TSA's Chapter 11 proceedings approved a proposal by TSA to liquidate its remaining assets. Defendants deny the allegations contained in the seventh and eighth sentences of Paragraph No. 46 and footnotes 10 and 11 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 47:** Defendants deny the allegations contained in Paragraph No. 47.

**RESPONSE NO. 48:** Defendants deny the allegations contained in Paragraph No. 48 and footnotes 12 and 13 thereto, except admit that Plaintiffs purport to characterize the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 49:** Defendants deny the allegations contained in Paragraph No. 49.

**RESPONSE NO. 50:** Defendants deny the allegations contained in Paragraph No. 50.

**RESPONSE NO. 51:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 51. Defendants deny the allegations contained in the third and fourth sentences of Paragraph No. 51 and footnotes 14 and 15 thereto, except admit that Plaintiffs purport to characterize and selectively quote allegations from the Verified Shareholder Derivative Complaint filed in *Andersen v. Plank*, No. 1:18-cv-02239-RDB (D. Md. July 23, 2018) (the "Andersen Complaint").

**RESPONSE NO. 52:** Defendants deny the allegations contained in the first sentence of Paragraph No. 52 and footnote 16 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the second sentence of Paragraph No. 52.

**RESPONSE NO. 53:** Defendants deny the allegations contained in the first and fourth sentences of Paragraph No. 53. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 53 and footnotes 17 and 18 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 54:** Defendants deny the allegations contained in the first sentence of Paragraph No. 54, except admit that from time to time, Under Armour's customers requested or accepted delivery of products from Under Armour during an earlier fiscal quarter when delivery of that product was initially anticipated to occur in a subsequent fiscal quarter. Defendants deny the allegations contained in the second sentence of Paragraph No. 54 and footnote 19 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ

Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 55:** Defendants deny the allegations contained in Paragraph No. 55 and footnote 20 thereto, except admit that (i) Dick's Sporting Goods ("DSG") was Under Armour's largest customer during the 2015 and 2016 fiscal years, and sales to DSG accounted for approximately 11.5% of Under Armour's net revenues in 2015 and approximately 10% of Under Armour's net revenues in 2016; (ii) from time to time during 2015 and 2016, DSG requested or accepted delivery of products from Under Armour during an earlier fiscal quarter when delivery of that product was initially anticipated to occur in a subsequent quarter; and (iii) Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 56:** Defendants deny the allegations contained in the first, second, and third sentences of Paragraph No. 56 and footnotes 21, 22, and 23 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 56, except admit that Plaintiffs purport to characterize and selectively quote from unidentified conference calls with analysts and investors and respectfully refer the Court to the transcripts of those calls for a complete and accurate statement of their contents.

**RESPONSE NO. 57:** Defendants deny the allegations contained in the first, second, and third sentences of Paragraph No. 57.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 57 and footnote 24 thereto, except admit that Plaintiffs purport to

characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 58:** Defendants deny the allegations contained in Paragraph No. 58.

**RESPONSE NO. 59:** Defendants deny the allegations contained in the first and fifth sentences of Paragraph No. 59.  Defendants deny the allegations contained in the second, third, and fourth sentences of Paragraph No. 59 and footnotes 25, 26, and 27 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 60:** Defendants deny the allegations contained in Paragraph No. 60 and footnotes 28 and 29 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 61:** Defendants deny the allegations contained in Paragraph No. 61.

**RESPONSE NO. 62:** Defendants deny the allegations contained in Paragraph No. 62 and footnotes 30, 31, and 32 thereto, except admit that (i) from time to time during 2015 and 2016, Under Armour offered discounts or extended payment terms to customers in connection with transactions in which customers agreed to accept shipment of a product earlier than initially planned; and (ii) Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 63:** Defendants deny the allegations contained in Paragraph No. 63.

**RESPONSE NO. 64:** Defendants deny the allegations contained in Paragraph No. 64.

**RESPONSE NO. 65:** Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph No. 65 regarding what DSG was planning.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations contained in the first sentence of Paragraph No. 65. Defendants deny the allegations contained in the second, third, fourth, and fifth sentences of Paragraph No. 65.

**RESPONSE NO. 66:** Defendants deny the allegations contained in Paragraph No. 66.

**RESPONSE NO. 67:** Defendants deny the allegations contained in Paragraph No. 67.

**RESPONSE NO. 68:** Defendants deny the allegations contained in Paragraph No. 68.

**RESPONSE NO. 69:** Defendants deny the allegations contained in Paragraph No. 69.

**RESPONSE NO. 70:** Defendants deny the allegations contained in Paragraph No. 70.

**RESPONSE NO. 71:** Defendants deny the allegations contained in Paragraph No. 71.

**RESPONSE NO. 72:** Defendants deny the allegations contained in Paragraph No. 72.

**RESPONSE NO. 73:** Defendants deny the allegations contained in the first through fourth sentences of Paragraph No. 73.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 73 and footnote 33 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 74:** Defendants deny the allegations contained in the first sentence of Paragraph No. 74.  Defendants deny the allegations contained in the second sentence of Paragraph No. 74, except admit that on July 26, 2016, Under Armour announced a partnership with Kohl's Corp.  Defendants deny the allegations contained in the third, fifth, and sixth sentences of Paragraph No. 74 and footnotes 34, 35 and 36 thereto, except admit that Plaintiffs

purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph No. 74. To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 75:** Defendants deny the allegations contained in Paragraph No. 75.

**RESPONSE NO. 76:** Defendants deny the allegations contained in Paragraph No. 76.

**RESPONSE NO. 77:** Defendants deny the allegations contained in the first, second, third, and fifth sentences of Paragraph No. 77, except admit that during the 2015 and 2016 fiscal years, Under Armour publicly disclosed its plan to continue to grow its business over the long term through increased sales of its apparel, footwear and accessories, and in part by expansion in international markets. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 77, except admit that (i) during the 2015 and 2016 fiscal years, Under Armour disclosed that its footwear and international businesses carried lower margins than the Company's apparel and North America businesses; and (ii) for fiscal year 2016, sales of footwear represented approximately 21% of the Company's net revenues.

**RESPONSE NO. 78:** Defendants deny the allegations contained in Paragraph No. 78 and footnotes 37, 38, and 39 thereto, except admit that Plaintiffs purport to cite the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 79:** Defendants deny the allegations contained in Paragraph No. 79.

**RESPONSE NO. 80:** Defendants deny the allegations contained in Paragraph No. 80.

**RESPONSE NO. 81:** Defendants deny the allegations contained in the first, second, and fifth sentences of Paragraph No. 81. Defendants deny the allegations contained in the third sentence of Paragraph No. 81, except admit that (i) Under Armour's accounts receivable balance at the end of fiscal year 2015 ("FY15") was approximately 55% higher than the Company's accounts receivable balance at the end of the 2014 fiscal year; (ii) for the fourth fiscal quarter of 2015 ("4Q15"), the Company's net revenues grew approximately 31% year-over-year as compared to net revenues for the fourth fiscal quarter of 2014 ("4Q14"). Defendants deny the allegations contained in the fourth sentence of Paragraph No. 81.

**RESPONSE NO. 82:** Defendants deny the allegations contained in Paragraph No. 82, except admit that, at the end of FY15, fiscal year 2016 ("FY16") and fiscal year 2017 ("FY17"), the Company had reserved approximately $94.5 million, approximately $146.2 million, and approximately $246.6 million, respectively, for customer returns, allowances, markdowns and discounts.

**RESPONSE NO. 83:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 83. Defendants deny the allegations contained in the third sentence of Paragraph No. 83, except admit that (i) during FY17, Under Armour recorded approximately $5.1 million in inventory write offs; and (ii) during fiscal year 2018 ("FY18"), Under Armour recorded approximately $20.801 million in inventory write offs.

**RESPONSE NO. 84:** Defendants deny the allegations contained in the first sentence of Paragraph No. 84. Defendants deny the allegations contained in the second sentence of Paragraph No. 84, except admit that Under Armour reported gross margin percentages of approximately 48.1% in FY15, approximately 46.4% in FY16, and approximately 45.0% in FY17.

**RESPONSE NO. 85:** Defendants deny the allegations contained in Paragraph No. 85.

**RESPONSE NO. 86:** Defendants deny the allegations contained in Paragraph No. 86, except that insofar as Paragraph No. 86 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 87:** Defendants deny the allegations contained in the first sentence of Paragraph No. 87, except admit that Plaintiffs purport to characterize the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second sentence of Paragraph No. 87, except that insofar as the second sentence of Paragraph No. 87 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 88:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 88, except admit that (i) Brad Dickerson departed the Company in February 2016, consistent with his previously disclosed intention to resign from his positions as the Company's Chief Operating Officer ("COO") and Chief Financial Officer ("CFO"), which was first communicated to the Company on or about October 9, 2015 (and then disclosed to investors in a Form 8-K issued by the Company on October 13, 2015); (ii) on May 3, 2016, Under Armour, the Company issued a press release, filed publicly with the SEC on Form 8-K, announcing that Henry Stafford, the Company's Chief Merchandising Officer, and Robin Thurston, the Company's Chief Digital Officer, would be leaving the Company in July 2016; and (iii) Plaintiffs purport to characterize and selectively quote from unidentified analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their

contents.  Defendants deny the allegations contained in the third sentence of Paragraph No. 88, except that insofar as the third sentence of Paragraph No. 88 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 89:** Defendants deny the allegations contained in Paragraph No. 89, except (i) admit that, on May 31, 2016, Under Armour announced that, given the decision by the U.S. Bankruptcy Court presiding over TSA's bankruptcy proceedings to approve the liquidation of TSA's business rather than a restructuring or sale of the ongoing business, the Company expected to recognize an impairment charge of approximately $23 million during the second quarter of 2016 and expected net revenues of approximately $4.925 billion and operating income of approximately $440 million to $445 million for FY16; and (ii) insofar as Paragraph No. 89 purports to characterize trading prices for Under Armour stock, respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 90:** Defendants deny the allegations contained in the first sentence of Paragraph No. 90, except that, insofar as the first sentence of Paragraph No. 90 purports to characterize trading prices for Under Armour stock, respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents. Defendants deny the allegations contained in the second sentence of Paragraph No. 90, except admit that Plaintiffs purport to characterize the Company's financial results for the second fiscal quarter of 2016 ("2Q16") and respectfully refer the Court to the Company's filings with the SEC regarding those results, including the Company's quarterly report for that period, filed publicly with the SEC on Form 10-Q on August 3, 2016 (the "2Q16 Form 10-Q"), for a complete and

accurate statement of their contents.  Defendants deny the allegations contained in the third

sentence of Paragraph No. 90, except admit that Plaintiffs purport to characterize and cite the

Company's 3Q16 financial results and respectfully refer the Court to the Company's filings with

the SEC regarding those results, including the Company's quarterly report for that period, filed

publicly with the SEC on Form 10-Q on November 2, 2016 (the "3Q16 Form 10-Q"), for a

complete and accurate statement of their contents.  Defendants deny the allegations contained in

the fourth sentence of Paragraph No. 90, except admit that Plaintiffs purport to characterize and

cite the Company's financial results for the fourth fiscal quarter of 2016 ("4Q16") and for FY16,

and respectfully refer the Court to the Company's filings with the SEC regarding those results,

including a Form 8-K filed on January 31, 2017, for a complete and accurate statement of their

contents.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 90,

except admit that on January 31, 2017, the Company announced that Mr. Molloy had decided to

leave the Company in February 2017 due to personal reasons.  Defendants deny the allegations

contained in the sixth and seventh sentences of Paragraph No. 90, except admit that Plaintiffs

purport to characterize and selectively quote statements made during a conference call for

investors and analysts on August 1, 2017 and respectfully refer the Court to the transcript of that

call for a complete and accurate statement of its contents.

**RESPONSE NO. 91:** Defendants deny the allegations contained in the first and second

sentences of Paragraph No. 91.  Defendants deny the allegations contained in the third sentence

of Paragraph No. 91, except admit that (i) in FY17, Under Armour's net revenues grew

approximately 3.1% and apparel revenues grew approximately 1.8% year-over-year compared to

FY16; and (ii) in FY18, Under Armour's net revenues grew approximately 4.1% and apparel

revenues grew approximately 5.3% year-over-year compared to FY17.  Defendants deny the

allegations contained in the fourth sentence of Paragraph No. 91, except that, insofar as the fourth sentence of Paragraph No. 91 purports to characterize trading prices for Under Armour stock, respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 92:** Defendants deny the allegations contained in Paragraph No. 92, except admit that (i) the SEC and DOJ conducted investigations regarding certain of the Company's sales and accounting practices and related disclosures, and (ii) the Company began responding to requests for documents and information from the SEC in July 2017.

**RESPONSE NO. 93:** Defendants deny the allegations contained in the first sentence of Paragraph No. 93, except admit that on October 22, 2019, Under Armour announced that, effective January 1, 2020, Mr. Plank would be assuming the role of Executive Chairman and Brand Chief of the Company. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 93 and footnotes 40 and 41 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/3/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 93, except that, insofar as the fourth sentence of Paragraph No. 93 purports to characterize trading prices for Under Armour stock, respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 94:** Defendants deny the allegations contained in Paragraph No. 94 and footnotes 42, 43 and 44 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 95:** Defendants deny the allegations contained in Paragraph No. 95, except admit that Plaintiffs purport to characterize and selectively quote the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in footnote 45 of Paragraph No. 95, except admit that Plaintiffs purport to characterize and selectively quote an investor bulletin published on the SEC's website and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 96:** Defendants deny the allegations contained in Paragraph No. 96, except admit that Plaintiffs purport to characterize and selectively quote the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 97:** Defendants deny the allegations contained in Paragraph No. 97, except admit that Plaintiffs purport to characterize and selectively quote the Company's 2Q20 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 98:** Defendants deny the allegations contained in Paragraph No. 98, except that, insofar as Paragraph No. 98 purports to characterize trading prices for Under Armour stock, respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 99:** Defendants deny the allegations contained in the first sentence of Paragraph No. 99.  Defendants deny the allegations contained in the second sentence of Paragraph No. 99 and footnote 46 thereto, except admit that Plaintiffs purport to characterize the

11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 100:** Defendants deny the allegations contained in the first, fourth, and fifth sentences of Paragraph No. 100. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 100 and footnotes 47 and 48 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 101:** Defendants deny the allegations contained in the first sentence of Paragraph No. 101. Defendants deny the allegations contained in the second sentence of Paragraph No. 101 and footnote 49 thereto, except admit that (i) Mr. Plank received a "Wells Notice" from the Staff of the SEC; and (ii) Plaintiffs purport to characterize and selectively quote the Company's July 27, 2020 Form 8-K, and Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 102:** Defendants deny the allegations contained in the first sentence of Paragraph No. 102, except admit that on October 22, 2019, Under Armour announced that, effective January 1, 2020, Patrik Frisk would assume the role of CEO and President and Mr. Plank would assume the role of Executive Chairman and Brand Chief, and Defendants respectfully refer the Court to the Company's October 22, 2019 Form 8-K for a complete and accurate statement of its contents. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 102, except admit that Plaintiffs purport to characterize and selectively quote the Company's Definitive Proxy Statement for its 2019 annual meeting of stockholders, filed publicly with the SEC on Schedule 14A on March 27, 2019 (the "2019 Proxy") and respectfully refer the Court to that document for a complete and accurate statement

of its contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 102.

**RESPONSE NO. 103:** Defendants deny the allegations contained in the first sentence of Paragraph No. 103, except admit that Plaintiffs purport to characterize the Company's November 4, 2019 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second sentence of Paragraph No. 103, except admit that Plaintiffs purport to characterize and selectively quote an undated statement from Morningstar and respectfully refer the Court to that statement for a complete and accurate statement of its contents.

**RESPONSE NO. 104:** Defendants deny the allegations contained in the first sentence of Paragraph No. 104.  Defendants deny the allegations contained in the second sentence of Paragraph No. 104, except admit that Plaintiffs purport to characterize and selectively quote a November 4, 2019 *Forbes* article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 105:** Defendants deny the allegations contained in Paragraph No. 105.

**RESPONSE NO. 106:** Defendants deny the allegations contained in Paragraph No. 106, except admit that Mr. Plank spoke on behalf of Under Armour regarding Under Armour's business during conference calls with investors and analysts, 2015 Investor Day, and the Company's December 12, 2018 Investor Day ("2018 Investor Day").

**RESPONSE NO. 107:** Defendants deny the allegations contained in the first, second, and third sentences of Paragraph. No. 107.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 107, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on

January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 108:** Defendants deny the allegations contained in the first, fourth, fifth, sixth, seventh, eighth, ninth, and eleventh sentences of Paragraph No. 108.  Defendants deny the allegations contained in the second and third sentences of Paragraph No. 108 and footnotes 50 and 51 thereto, except admit that Plaintiffs purport to characterize the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the tenth sentence of Paragraph No. 108, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Plank during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 109:** Defendants deny the allegations contained in the first sentence of Paragraph No. 109, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Plank during a conference call for analysts and investors on April 21, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second and third sentences of Paragraph No. 109.

**RESPONSE NO. 110:** Defendants deny the allegations contained in the first sentence of Paragraph No. 110.  Defendants deny the allegations contained in the second sentence of Paragraph No. 110, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Dickerson during the Company's 2015 Investor Day and respectfully refer the

Court to the transcript of the 2015 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 111:** Defendants deny the allegations contained in Paragraph No. 111, except admit that Plaintiffs purport to characterize and selectively quote statements by Paul Fipps during the Company's 2015 Investor Day and respectfully refer the Court to the transcript of the 2015 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 112:** Defendants deny the allegations contained in Paragraph No. 112, except admit that, during the Class Period, the Company had inventory data in multiple systems, including SAP systems.

**RESPONSE NO. 113:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 113.  Defendants deny the allegations contained in the third sentence of Paragraph No. 113, except admit that Plaintiffs purport to characterize and selectively quote an unidentified statement by Under Armour in 2015 and respectfully refer the Court to the transcript of this statement for a complete and accurate statement of its contents.

**RESPONSE NO. 114:** Defendants deny the allegations contained in the first, second, and third sentences of Paragraph No. 114, except admit that, from time to time during the Class Period, Mr. Plank discussed the Company's market share for various product categories during conference calls for analysts and investors.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 114, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 114, except admit that Plaintiffs purport to characterize and

selectively quote an October 26, 2016 WSJ article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the sixth sentence of Paragraph No. 114, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during 2015 Investor Day and during conference calls with analysts and investors on October 22, 2015 and April 21, 2016, and respectfully refer the Court to the transcripts of these statements for a complete and accurate statement of their contents.

RESPONSE NO. 115: Defendants deny the allegations contained in the first sentence of Paragraph No. 115.  Defendants deny the allegations contained in the second sentence of Paragraph No. 115, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Plank during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements in the third, sixth, seventh, and eighth sentences of Paragraph No. 115, except admit that Plaintiffs purport to characterize and selectively quote unidentified analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.  To the extent a further response is required to the remaining allegations contained in the third, sixth, seventh, and eighth sentences of Paragraph No. 115, Defendants deny them.  Defendants deny the allegations contained in the fourth and fifth sentences of Paragraph No. 115, except admit that Plaintiffs purport to characterize statements during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 116:** Defendants deny the allegations contained in the first, fourth, and fifth sentences of Paragraph No. 116.  Defendants deny the allegations contained in the second sentence of Paragraph No. 116, except admit that (i) the Company's inventory levels at the end of the third fiscal quarter of 2015 ("3Q15") were approximately $867 million, an increase of approximately 36% year-over-year as compared to the Company's inventory levels at the end of the Company's third fiscal quarter of 2014 ("3Q14"); (ii) the Company's net revenues in 3Q15 were approximately $1.2 billion, an increase of approximately 28.4% year-over-year compared to 3Q14 net revenues; (iii) the Company's inventory levels at the end of 4Q15 were approximately $783 million, an increase of approximately 46% year-over-year as compared to the Company's inventory levels at the end of 4Q14; and (iv) the Company's net revenues in 4Q15 were approximately $1.17 billion, an increase of approximately 31% year-over-year compared to 4Q14 net revenues.  Defendants deny the allegations contained in the third sentence of Paragraph No. 116, except admit that (i) the Company's gross margin was approximately 48.8% in 3Q15 and approximately 49.6% in 3Q14; and (ii) the Company's gross margin was approximately 48.0% in 4Q15 and approximately 49.9% in 4Q14.  Defendants deny the allegations contained in the sixth sentence of Paragraph No. 116, except admit that Plaintiffs purport to characterize statements during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 117:** Defendants deny the allegations contained in the first, sixth, seventh, and ninth sentences of Paragraph No. 117 and footnote 52 thereto.  Defendants deny the allegations contained in the second, third, fourth, and fifth sentences of Paragraph No. 117, except admit that Plaintiffs purport to characterize and selectively quote an April 10, 2016

Morgan Stanley & Co. LLC research report and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the eighth sentence of Paragraph No. 117, except admit that sales to DSG accounted for approximately 14.4% of the Company's net revenues in 2014, approximately 11.5% of the Company's net revenues in 2015, approximately 10% of the Company's net revenues in 2016, and less than 10% of the Company's net revenues in 2017, 2018, and 2019.

**RESPONSE NO. 118:** Defendants deny the allegations contained in Paragraph No. 118, except admit that Plaintiffs purport to characterize and selectively quote an October 27, 2016 Morgan Stanley & Co. LLC research report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 119:** Defendants deny the allegations contained in Paragraph No. 119, except admit that Plaintiffs purport to characterize and selectively quote a February 14, 2017 Morgan Stanley & Co. LLC research report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 120:** Defendants deny the allegations contained Paragraph No. 120, except admit that, from time to time during the Class Period, Mr. Plank (i) attended certain meetings where Under Armour's performance was discussed; and (ii) spoke to Under Armour employees at Company-wide town hall meetings.

**RESPONSE NO. 121:** Defendants deny the allegations contained in the first and fifth sentences of Paragraph No. 121.  Defendants deny the allegations contained in the second and third sentences of Paragraph No. 121, except admit that, during the Class Period, Under Armour employees met with representatives of DSG on a monthly basis in Pittsburgh, Pennsylvania. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 121, except

admit that, during the Class Period, DSG was Under Armour's largest customer in 2015, 2016, and 2017.

**RESPONSE NO. 122:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the statement in Paragraph No. 122 regarding DSG projections.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the allegations contained in the second, third, fourth, fifth, and sixth sentences of Paragraph No. 122.  Defendants deny the allegations contained in the seventh and eighth sentences of Paragraph No. 122 and footnotes 53 and 54 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the remaining allegations contained in Paragraph No. 122.

**RESPONSE NO. 123:** Defendants deny the allegations contained in Paragraph No. 123.

**RESPONSE NO. 124:** Defendants deny the allegations contained in Paragraph No. 124.

**RESPONSE NO. 125:** Defendants deny the allegations contained in the first and fourth sentences of Paragraph No. 125.  Defendants admit the allegations contained in the second and third sentences of Paragraph No. 125.

**RESPONSE NO. 126:** Defendants deny the allegations contained in the first sentence of Paragraph No. 126.  Defendants deny the allegations contained in the second and third sentences of Paragraph No. 126, except admit that (i) pursuant to the October 2015 10b5-1 Plan, in a series of transactions between November 17 and 23, 2015, Mr. Plank converted 1,125,000 shares of Under Armour Class B common stock to Class A common stock and sold those shares for total proceeds of approximately $100 million; (ii) pursuant to the Amended October 2015 10b5-1 Plan, between April 26 and 29, 2016, Mr. Plank sold 900,000 shares of Under Armour Class C

common stock for total proceeds of approximately $38.2 million.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 126 and footnote 55 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 127:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 127.  Defendants deny the allegations contained in the fourth through tenth sentences of Paragraph No. 127, except admit that Plaintiffs purport to characterize the creation of the Company's Class C common stock and respectfully refer the Court to the Company's public filings with the SEC regarding that transaction, including the Company's June 15, 2015 Form 8-K and the Company's Definitive Proxy Statement in connection with the creation of the Class C common stock, filed publicly with SEC on Schedule 14A on July 13, 2015 (the "July 2015 Proxy"), for a complete and accurate description of that transaction. Defendants admit the allegations contained in the third sentence of Paragraph No. 127.

**RESPONSE NO. 128:** Defendants deny the allegations contained in Paragraph No. 128, except admit that Mr. Plank entered into the October 2015 10b5-1 Plan to sell shares of the Company's common stock, which was designed to comply with Rule 10b5-1, promulgated under the Securities Exchange Act of 1934 (the "Exchange Act").

**RESPONSE NO. 129:** Defendants deny the allegations contained in Paragraph No. 129, except admit that (i) pursuant to the October 2015 10b5-1 Plan, in a series of transactions between November 17 and 23, 2015, Mr. Plank converted 1,125,000 shares of Under Armour Class B common stock to Class A common stock and sold those shares for total proceeds of approximately $100 million; and (ii) pursuant to the Company's charter, the Company's dual

class stock structure would unwind upon the occurrence of, among other things, the record date for any meeting of Under Armour stockholders, if the aggregate number of shares of Class A common stock and Class B common stock beneficially owned on that record date by Mr. Plank (and certain specifically identified affiliates of Mr. Plank), when taken together, is less than 15.0% of the total number of shares of Class A common stock and Class B common stock outstanding on that record date (the "15% Conversion Threshold").

**RESPONSE NO. 130:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 130, except admit that (i) that the Company's Class C common stock was issued through a dividend on a one-to-one basis to all existing holders of Under Armour's Class A common stock and Class B common stock on or about April 7, 2016; and (ii) immediately following the issuance of the Company's Class C common stock on April 7, 2016, Mr. Plank beneficially owned 211,546 shares of Under Armour Class A common stock, 34,450,000 shares of Class B common stock, and 34,661,546 shares of Class C common stock. Defendants deny the allegations contained in the third, fourth, eighth, ninth and tenth sentences of Paragraph No. 130 and footnote 57 thereto, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fifth, sixth and seventh sentences of Paragraph No. 130, except admit that (i) on or about April 21, 2016, Mr. Plank donated 150,000 shares of Under Armour Class C common stock to his charitable foundation; (ii) pursuant to the Amended October 2015 10b5-1 Plan, between April 26 and 29, 2016, Mr. Plank sold 900,000 shares of Under Armour Class C common stock for total proceeds of approximately $38.2 million. Defendants deny the allegations contained in footnote 56 to Paragraph No. 130, except admit that in connection with the creation of the Company's Class C

common stock, an amendment to the Company's charter was proposed and approved by vote of

Under Armour stockholders that provided that each share of Under Armour Class B common

stock would automatically convert into one share of Under Armour Class A common stock (also

triggering the conversion of the Class C common stock into Class A common stock) upon,

among other things, the sale, or other disposition, by Mr. Plank of more than 2.5 million shares

of Under Armour's common stock in any calendar year beginning in 2016, subject to a rollover

feature that would allow Mr. Plank to sell additional shares in any calendar year after 2017 to the

extent his sales in prior calendar years were below 2.5 million shares.

**RESPONSE NO. 131:** Defendants deny the allegations contained in Paragraph No. 131,

except admit that Mr. Plank may sell his holdings of Under Armour Class C common stock

without any reduction in his voting interests in the Company.

**RESPONSE NO. 132:** Defendants deny the allegations contained in the first and second

sentences of Paragraph No. 132.  Defendants admit the allegations contained in the third

sentence of Paragraph No. 132.

**RESPONSE NO. 133:** Defendants deny the allegations contained in the first, third, and

fourth sentences of Paragraph No. 133.  Defendants deny the allegations contained in the second

sentence of Paragraph No. 133 and footnote 58 thereto, except admit that Plaintiffs purport to

characterize and selectively quote a 2010 article by John E. Core and Wayne R. Guay and

respectfully refer the Court to that document for a complete and accurate statement of its

contents.

**RESPONSE NO. 134:** Defendants deny the allegations contained in the first and seventh

sentences of Paragraph No. 134.  Defendants deny the allegations contained in the second, third,

and fourth sentences of Paragraph No. 134, except (i) admit that, pursuant to the October 2015

10b5-1 Plan, in a series of transactions between November 17 and 23, 2015, Mr. Plank converted 1,125,000 shares of Under Armour Class B common stock to Class A common stock and sold those shares for total proceeds of approximately $100 million; and (ii) insofar as the second, third, and fourth sentences of Paragraph No. 134 purport to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the fifth and sixth sentences of Paragraph No. 134 and footnotes 59 and 60 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

      **RESPONSE NO. 135:** Defendants deny the allegations contained in the first, fourth, fifth, and eighth sentences of Paragraph No. 135.  Defendants admit the allegations contained in the second and third sentences of Paragraph No. 135.  Defendants deny the allegations contained in the sixth and seventh sentences of Paragraph No. 135, except admit that, pursuant to the Amended October 2015 10b5-1 Plan, between April 26 and 29, 2016, Mr. Plank sold 900,000 shares of Under Armour Class C common stock for total proceeds of approximately $38.2 million.  Defendants deny the allegations contained in footnote 61 of Paragraph No. 135, except admit that (i) on April 1, 2020, Mr. Plank filed Forms 4 with the SEC disclosing transactions in Under Armour Class A common stock and Class C common stock between July 2014 and November 2016 that were executed by Mr. Plank's independent investment advisor in a managed account without Mr. Plank's knowledge, and respectfully refer the Court to those documents; (ii) the transactions disclosed in Mr. Plank's April 1, 2020 Forms 4 were not effectuated pursuant to

a pre-arranged stock trading plan designed to comply with SEC Rule 10b5-1, promulgated under the Exchange Act.

**RESPONSE NO. 136:** Defendants deny the allegations contained in Paragraph No. 136, except that, insofar as Paragraph No. 136 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 137:** Defendants deny the allegations contained in Paragraph No. 137, except admit that Plaintiffs purport to characterize and selectively quote a February 7, 2017 article from *TheStreet.com* and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 138:** Defendants deny the allegations contained in the first sentence of Paragraph No. 138, except admit that Under Armour commenced the Bond Offering on June 8, 2016. Defendants admit the allegations contained in the second, third, and fourth sentences of Paragraph No. 138.

**RESPONSE NO. 139:** Defendants deny the allegations contained in the first sentence of Paragraph No. 139, except admit that Under Armour received approximately $592.1 million in net proceeds from the Bond Offering. Defendants deny the allegations contained in the second sentence of Paragraph No. 139. Defendants deny the allegations contained in the third sentence of Paragraph No. 139, except admit that on February 1, 2017, S&P Global Ratings revised its rating on the bonds issued in the Bond Offering from BBB- to BB+. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph No. 139. To the extent a response is required, Defendants deny the allegations contained in the fourth sentence of Paragraph No. 139. Defendants deny the

allegations contained in the fifth sentence of Paragraph No. 139, except admit that Under Armour reported cash flow from operations of approximately -$44 million in 2015.  Defendants admit the allegations contained in the sixth sentence of Paragraph No. 139.  Defendants deny the allegations contained in the seventh and eighth sentences of Paragraph No. 139.

**RESPONSE NO. 140:** Defendants deny the allegations contained in Paragraph No. 140.

**RESPONSE NO. 141:** Defendants deny the allegations contained in the first, second, third, and fifth sentences of Paragraph No. 141.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 141 and footnote 62 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 142:** Defendants deny the allegations contained in the first, second, and fourth sentences of Paragraph No. 142, except admit that Plaintiffs purport to characterize unspecified public statements by Mr. Dickerson and Mr. Molloy on behalf of the Company regarding the Company's financial performance and respectfully refer the Court to those statements for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the third sentence of Paragraph No. 142, except admit that Plaintiffs purport to characterize and selectively quote statements made by Mr. Dickerson during the Company's 2015 Investor Day, and respectfully refer the Court to the transcript of the Company's 2015 Investor Day presentation for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fifth sentence of Paragraph No. 142, except admit that (i) Mr. Plank and Mr. Dickerson certified, pursuant to Section 302 of the Sarbanes-Oxley Act of 2002 ("SOX"), Under Armour's 3Q15 quarterly report, filed publicly with the SEC on Form 10-Q on November 4, 2015 (the "3Q15 Form 10-Q"); and (ii) Mr. Plank and Mr.

Molloy certified, pursuant to SOX Section 302, (a) Under Armour's FY15 annual report, filed publicly with the SEC on February 22, 2016 (the "FY15 Form 10-K"), (b) Under Armour's quarterly report for the first fiscal quarter of 2016 ("1Q16"), filed publicly with the SEC on Form 10-Q on April 29, 2016 (the "1Q16 Form 10-Q"), (c) Under Armour's 2Q16 Form 10-Q, and (d) Under Armour's 3Q16 Form 10-Q.  Defendants deny the allegations contained in the sixth and seventh sentences of Paragraph No. 142, except admit that Plaintiffs purport to characterize statements made by Mr. Dickerson and Mr. Plank during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 143:** Defendants deny the allegations contained in the first, second, and fourth sentences of Paragraph No. 143, except admit that (i) Mr. Dickerson departed the Company in February 2016, consistent with his previously disclosed intention to resign from his positions as the Company's COO and CFO, which was first communicated to the Company (and then disclosed to investors) in October 2015; (ii) Mr. Molloy joined Under Armour in January 2016 and served as the Company's CFO after Mr. Dickerson's departure from the Company; and (iii) on January 31, 2017, the Company announced that Mr. Molloy had decided to leave the Company in February 2017 due to personal reasons.  Defendants deny the allegations contained in the third sentence of Paragraph No. 143 and footnote 63 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 144:** Defendants deny the allegations contained in the first sentence of Paragraph No. 144, except admit that Mr. Bergman was appointed as the Company's acting CFO in February 2017, and on November 30, 2017, the Company's Board of Directors appointed Mr.

Bergman as CFO, thereby removing the acting designation.  Defendants deny the allegations contained in the second sentence of Paragraph No. 144, except admit that Mr. Bergman received a "Wells Notice" from the Staff of the SEC.  Defendants admit the allegations contained in the third sentence of Paragraph No. 144.

**RESPONSE NO. 145:** Defendants deny the allegations contained in the first sentence of Paragraph No. 145, except admit that Mr. Fulks was a co-founder of Under Armour and served as the Company's Chief Product Officer from August 2016 through May 2017.  Defendants deny the allegations contained in the second sentence of Paragraph No. 145, except admit that (i) Mr. Cummings served as the Vice President, Sales - Sporting Goods during the Class Period; and (ii) from time to time during the Class Period, Mr. Cummings attended meetings with representatives from DSG.  Defendants deny the allegations contained in the third through seventh sentences of Paragraph No. 145.

**RESPONSE NO. 146:** Defendants deny the allegations contained in Paragraph No. 146.

**RESPONSE NO. 147:** Defendants deny the allegations contained in the first, second, third, and fifth sentences of Paragraph No. 147.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph No. 147.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 148:** Defendants deny the allegations contained in the first through fourth sentences of Paragraph No. 148.  Defendants deny the allegations contained in the fifth and sixth sentences of Paragraph No. 148, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the seventh sentence of Paragraph No. 148, except admit that Plaintiffs purport to characterize the

Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in footnote 64 to Paragraph No. 148, except admit that Plaintiffs purport to characterize the allegations contained in Section VIII of the TAC.

**RESPONSE NO. 149:** The allegations contained in the first, second, third, and fifth sentences of Paragraph No. 149 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first, second, third, and fifth sentences of Paragraph No. 149. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 149. Defendants deny the allegations contained in the sixth sentence of Paragraph No. 149, except admit that Plaintiffs purport to characterize the allegations contained in Section VI of the TAC.

**RESPONSE NO. 150:** The allegations contained in Paragraph No. 150 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 150.

**RESPONSE NO. 151:** Defendants deny the allegations contained in Paragraph No. 151, except admit (i) the putative class period alleged in the TAC begins on September 16, 2015; (ii) the Company held 2015 Investor Day on September 16, 2015; and (iii) during 2015 Investor Day, Mr. Plank and other Under Armour executives gave presentations regarding the Company.

**RESPONSE NO. 152:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 152. Defendants deny the allegations contained in the third sentence of Paragraph No. 152, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fourth sentence of Paragraph

No. 152, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 153:** Defendants deny the allegations contained in Paragraph No. 153, except admit that Plaintiffs purport to characterize and selectively quote statements by Under Armour executives during 2015 Investor Day and respectfully refer the Court to the transcript of the Company's 2015 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 154:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 154, except admit that Plaintiffs purport to characterize and selectively quote statements by Under Armour executives during 2015 Investor Day and respectfully refer the Court to the transcript of the Company's 2015 Investor Day presentation for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the third sentence of Paragraph No. 154.

**RESPONSE NO. 155:** Defendants deny the allegations contained in Paragraph No. 155, except admit that Plaintiffs purport to characterize and selectively quote statements by Susie McCabe during 2015 Investor Day and respectfully refer the Court to the transcript of the Company's 2015 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 156:** Defendants deny the allegations contained in Paragraph No. 156, except admit that (i) sales through wholesale channels (which include national and regional sporting goods chains, independent and specialty retailers, department store chains, institutional athletic departments and leagues and teams) represented approximately 65% of the Company's net revenues in 2016; and (ii) Plaintiffs purport to characterize and selectively quote statements

by Matthew Mirchin during 2015 Investor Day and respectfully refer the Court to the transcript

of the Company's 2015 Investor Day presentation for a complete and accurate statement of its

contents.

**RESPONSE NO. 157:** Defendants deny the allegations contained in Paragraph No. 157

(including subparts (a)-(d)), except admit that Plaintiffs purport to characterize and selectively

quote various analyst reports and respectfully refer the Court to those documents for a complete

and accurate statement of their contents.

**RESPONSE NO. 158:** Defendants deny the allegations contained in Paragraph No. 158,

except that, insofar as Paragraph No. 158 purports to characterize trading prices for Under

Armour stock, Defendants respectfully refer the Court to the actual trading records for Under

Armour stock for a complete and accurate statement of their contents.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

footnote 65 of Paragraph No. 158.  To the extent a response is required, Defendants deny those

allegations.

**RESPONSE NO. 159:** The allegations contained in Paragraph No. 159 (including

subparts (a)-(f)) state legal conclusions to which no response is required.  To the extent a

response is required, Defendants deny the allegations contained in Paragraph No. 159 (including

subparts (a)-(f)).

**RESPONSE NO. 160:** Defendants admit the allegations contained in the first and second

sentences of Paragraph No. 160.  Defendants deny the allegations contained in the third and

fourth sentences of Paragraph No. 160.  Defendants deny the allegations contained in the fifth

sentence of Paragraph No. 160, except admit that Plaintiffs purport to characterize the 11/14/19

WSJ Article and respectfully refer the Court to that document for a complete and accurate

statement of its contents.  Defendants deny the allegations contained in the sixth sentence of Paragraph No. 160, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 161:** Defendants deny the allegations contained in the first sentence of Paragraph No. 161, except admit that Plaintiffs purport to characterize and selectively quote the Company's October 22, 2015 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second through fourth sentences of Paragraph No. 161, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank and Mr. Dickerson during a conference call for analysts and investors on October 22, 2015 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 162:** Defendants deny the allegations contained in Paragraph No. 162, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Dickerson during a conference call for analysts and investors on October 22, 2015 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 163:** Defendants deny the allegations contained in Paragraph No. 163, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Dickerson during a conference call for analysts and investors on October 22, 2015 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 164:** Defendants deny the allegations contained in Paragraph No. 164, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Dickerson during a conference call for analysts and investors on October 22, 2015 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 165:** Defendants deny the allegations contained in Paragraph No. 165 (including subparts (a)-(c)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 166:** Defendants admit the allegations contained in the first sentence of Paragraph No. 166.  Defendants deny the allegations contained in the second sentence of Paragraph No. 166, except admit that Plaintiffs purport to characterize and selectively quote the Company's 3Q15 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 167:** Defendants deny the allegations contained in Paragraph No. 167, except admit that Plaintiffs purport to characterize and selectively quote the Company's 3Q15 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 168:** The allegations contained in Paragraph No. 168 (including subparts (a)-(h)) state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 168 (including subparts (a)-(h)).

**RESPONSE NO. 169:** Defendants deny the allegations contained in the first sentence of Paragraph No. 169.  Defendants deny the allegations contained in the second, third, and sixth sentences of Paragraph No. 169, except that, insofar as the second, third, and sixth sentences of Paragraph No. 169 purport to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 169, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 169, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the seventh sentence of Paragraph No. 169, except admit that Plaintiffs purport to characterize the allegations contained in Section VII of the TAC.

**RESPONSE NO. 170:** Defendants deny the allegations contained in Paragraph No. 170 and footnotes 66, 67, and 68 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 171:** Defendants deny the allegations contained in Paragraph No. 171 and footnote 69 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 172:** Defendants deny the allegations contained in Paragraph No. 172 and footnotes 70 and 71 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 173:** Defendants deny the allegations contained in Paragraph No. 173 and footnotes 72 and 73 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in footnote 74 to Paragraph No. 173, except admit that (i) Plaintiffs purport to characterize and selectively quote the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents; and (ii) Plaintiffs purport to characterize and selectively quote an October 15, 2015 report by Brean Capital, LLC and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 174:** Defendants deny the allegations contained in Paragraph No. 174 and footnotes 75 and 76 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 175:** Defendants deny the allegations contained in Paragraph No. 175, except that, insofar as Paragraph No. 175 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 176:** Defendants deny the allegations contained in Paragraph No. 176 (including subparts (a)-(c)), except admit that Plaintiffs purport to characterize and selectively

quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 177:** Defendants admit the allegations contained in the first, third, and fifth sentences of Paragraph No. 177. Defendants deny the allegations contained in the second sentence of Paragraph No. 177, except admit that Plaintiffs purport to characterize and selectively quote the Company's January 28, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 177, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Dickerson during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of their contents.

**RESPONSE NO. 178:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 178. Defendants deny the allegations contained in the third sentence of Paragraph No. 178, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the fourth sentence of Paragraph No. 178, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 179:** Defendants deny the allegations contained in Paragraph No. 179, except admit that (i) Plaintiffs purport to characterize and selectively quote the Company's January 28, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer

the Court to that document for a complete and accurate statement of its contents; and (ii) Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 180:** Defendants deny the allegations contained in Paragraph No. 180.

**RESPONSE NO. 181:** Defendants deny the allegations contained in Paragraph No. 181, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Dickerson during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 182:** Defendants deny the allegations contained in Paragraph No. 182, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Dickerson during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 183:** Defendants deny the allegations contained in Paragraph No. 183, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Dickerson during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 184:** Defendants deny the allegations contained in Paragraph No. 184, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Dickerson during a conference call for analysts and investors on January 28, 2016 and

respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 185:** Defendants deny the allegations contained in Paragraph No. 185, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank and Mr. Dickerson during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 186:** Defendants deny the allegations contained in Paragraph No. 186, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Dickerson during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 187:** Defendants deny the allegations contained in Paragraph No. 187, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Plank during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 188:** Defendants deny the allegations contained in Paragraph No. 188 (including subparts (a)-(f)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 189:** Defendants admit the allegations contained in the first sentence of Paragraph No. 189.  Defendants deny the allegations contained in the second sentence of Paragraph No. 189, except admit that Plaintiffs purport to characterize and selectively quote the

Company's FY15 Form 10-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 190:** Defendants deny the allegations contained in Paragraph No. 190, except admit that Plaintiffs purport to characterize and selectively quote the Company's FY15 10-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 191:** The allegations contained in Paragraph No. 191 (including subparts (a)-(j)) state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 191 (including subparts (a)-(j)).

**RESPONSE NO. 192:** Defendants deny the allegations contained in Paragraph No. 192, except admit that Plaintiffs purport to characterize the Company's March 4, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 193:** Defendants deny the allegations contained in Paragraph No. 193, except admit that Plaintiffs purport to characterize the Company's March 4, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 194:** The allegations contained in Paragraph No. 194 (including subparts (a)-(d)) state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 194 (including subparts (a)-(d)).

**RESPONSE NO. 195:** Defendants admit the allegations contained in the first sentence of Paragraph No. 195.  Defendants deny the allegations contained in the second sentence of Paragraph No. 195, except admit that Plaintiffs purport to characterize and selectively quote the Company's April 21, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the third sentence of Paragraph No. 195, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Molloy during a conference call for analysts and investors on April 21, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents. Defendants admit the allegations contained in the fourth sentence of Paragraph No. 195.

**RESPONSE NO. 196:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 196.  Defendants deny the allegations contained in the third sentence of Paragraph No. 196, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 196, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 197:** Defendants deny the allegations contained in Paragraph No. 197, except admit that Plaintiffs purport to characterize and selectively quote the Company's April 21, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 198:** Defendants deny the allegations contained in Paragraph No. 198, except admit that on April 21, 2016, Under Armour announced that it raised its FY16 net revenues outlook to approximately $5.0 billion (representing approximately 26% year-over-year growth as compared to 2015) and raised its FY16 operating income outlook to a range of approximately $503 million to $507 million (representing approximately 23% to 24% year-over-year growth as compared to 2015), and respectfully refer the Court to the Company's April 21, 2016 press release, filed publicly with the SEC on Form 8-K, announcing these revisions to the Company's FY16 outlook for a complete and accurate statement of its contents.

**RESPONSE NO. 199:** Defendants deny the allegations contained in Paragraph No. 199, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on April 21, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 200:** Defendants deny the allegations contained in Paragraph No. 200, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on April 21, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 201:** Defendants deny the allegations contained in Paragraph No. 201, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on April 21, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 202:** Defendants deny the allegations contained in Paragraph No. 202, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr.

Molloy during a conference call for analysts and investors on April 21, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 203:** Defendants deny the allegations contained in Paragraph No. 203, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on April 21, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 204:** Defendants deny the allegations contained in Paragraph No. 204 (including subparts (a)-(c)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 205:** Defendants deny the allegations contained in Paragraph No. 205, except that, insofar as Paragraph No. 205 purports to characterize trading prices for Under Armour stock, respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 206:** Defendants admit the allegations contained in the first sentence of Paragraph No. 206.  Defendants deny the allegations contained in the second sentence of Paragraph No. 206, except admit that Plaintiffs purport to characterize and selectively quote the Company's 1Q16 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 207:** Defendants deny the allegations contained in Paragraph No. 207, except admit that Plaintiffs purport to characterize and selectively quote the Company's 1Q16 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 208:** The allegations contained in in Paragraph No. 208 (including subparts (a)-(j)) state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 208 (including subparts (a)-(j)).

**RESPONSE NO. 209:** Defendants deny the allegations contained in Paragraph No. 209, except admit that on May 3, 2016, the Company issued a press release, filed publicly with the SEC on Form 8-K, announcing that Mr. Thurston and Mr. Stafford would be leaving Under Armour in July 2016.

**RESPONSE NO. 210:** Defendants deny the allegations contained in Paragraph No. 210, except that, insofar as Paragraph No. 210 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 211:** Defendants deny the allegations contained in Paragraph No. 211, except (i) admit that the Company's Class C common stock was issued through a dividend on a one-to-one basis to all existing holders of Under Armour's Class A common stock and Class B common stock on or about April 7, 2016; and (ii) insofar as Paragraph No. 211 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 212:** Defendants deny the allegations contained in Paragraph No. 212.

**RESPONSE NO. 213:** Defendants deny the allegations contained in Paragraph No. 213 (including subparts (a)-(c)), except admit that Plaintiffs purport to characterize and selectively

quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 214:** The allegations contained in Paragraph No. 214 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 214.

**RESPONSE NO. 215:** Defendants deny the allegations contained in Paragraph No. 215, except admit that Plaintiffs purport to characterize and selectively quote the Company's May 31, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 216:** Defendants deny the allegations contained in Paragraph No. 216, except that, insofar as Paragraph No. 216 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 217:** Defendants deny the allegations contained in Paragraph No. 217, except that, insofar as Paragraph No. 217 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 218:** Defendants deny the allegations contained in Paragraph No. 218 (including subparts (a)-(d)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 219:** Defendants deny the allegations contained in the first, third, and fourth sentences of Paragraph No. 219.  Defendants deny the allegations contained in the second

sentence of Paragraph No. 219, except admit that Plaintiffs purport to characterize and selectively quote the Company's May 31, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 219, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the sixth sentence of Paragraph No. 219, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 220:** Defendants deny the allegations contained in the first sentence of Paragraph No. 220.  Defendants deny the allegations contained in the second sentence of Paragraph No. 220, except admit that Plaintiffs purport to characterize and selectively quote an undated report by Deutsche Bank and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 221:** Defendants admit the allegations contained in Paragraph No. 221.

**RESPONSE NO. 222:** The allegations contained in Paragraph No. 222 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 222, except admit that the offering materials issued by the Company in connection with the Bond Offering incorporated by reference, among other things, the Company's FY15 Form 10-K and the 1Q16 Form 10-Q.

**RESPONSE NO. 223:** Defendants deny the allegations contained in Paragraph No. 223, except admit that Plaintiffs purport to characterize and selectively quote a July 8, 2016 Morgan

Stanley & Co. LLC research report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 224:** Defendants deny the allegations contained in the first, second, and fourth sentences of Paragraph No. 224, except admit that Plaintiffs purport to characterize and selectively quote a July 8, 2016 Morgan Stanley & Co. LLC research report and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the third sentence of Paragraph No. 224 and footnote 77 thereto, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 225:** Defendants deny the allegations contained in Paragraph No. 225, except admit that Plaintiffs purport to characterize and selectively quote the Company's July 26, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 226:** Defendants deny the allegations contained in Paragraph No. 226, except admit that Plaintiffs purport to characterize and selectively quote the Company's July 26, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 227:** Defendants admit the allegations contained in Paragraph No. 227.

**RESPONSE NO. 228:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 228.  Defendants deny the allegations contained in the third sentence of Paragraph No. 228, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement

of its contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 228, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 229:** Defendants deny the allegations contained in Paragraph No. 229, except admit that Plaintiffs purport to characterize statements by Mr. Molloy during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 230:** Defendants deny the allegations contained in Paragraph No. 230, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Molloy during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 231:** Defendants deny the allegations contained in Paragraph No. 231, except admit that Plaintiffs purport to characterize a statement by Mr. Molloy during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 232:** Defendants deny the allegations contained in Paragraph No. 232, except that, insofar as Paragraph No. 232 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 233:** Defendants deny the allegations contained in Paragraph No. 233, except that, insofar as Paragraph No. 233 purports to characterize trading prices for Under

Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 234:** Defendants deny the allegations contained in Paragraph No. 234.

**RESPONSE NO. 235:** Defendants deny the allegations contained in the first sentence of Paragraph No. 235, except admit that Plaintiffs purport to characterize and selectively quote the Company's July 26, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the second sentence of Paragraph No. 235, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Molloy during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 236:** Defendants deny the allegations contained in Paragraph No. 236, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 237:** Defendants deny the allegations contained in Paragraph No. 237, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Molloy during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 238:** Defendants deny the allegations contained in Paragraph No. 238, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 239:** Defendants deny the allegations contained in Paragraph No. 239, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 240:** Defendants deny the allegations contained in Paragraph No. 240, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 241:** Defendants deny the allegations contained in Paragraph No. 241 (including subparts (a)-(b)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 242:** Defendants admit the allegations contained in the first sentence of Paragraph No. 242. Defendants deny the allegations contained in the second sentence of Paragraph No. 242, except admit that Plaintiffs purport to selectively quote the Company's 2Q16 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 243:** Defendants deny the allegations contained in Paragraph No. 243, except admit that Plaintiffs purport to selectively quote the Company's 2Q16 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 244:** The allegations contained in Paragraph No. 244 (including subparts (a)-(l)) state legal conclusions to which no response is required. To the extent a

response is required, Defendants deny the allegations contained in Paragraph No. 244 (including subparts (a)-(l)).

**RESPONSE NO. 245:** Defendants admit the allegations contained in the first sentence of Paragraph No. 245.  Defendants deny the allegations contained in the second and third sentences of Paragraph No. 245.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 245, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fifth sentence of Paragraph No. 245, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 246:** Defendants deny the allegations contained in Paragraph No. 246, except admit that Plaintiffs purport to characterize and selectively quote statements made by Mr. Molloy during the September 7, 2016 Goldman Sachs Global Retailing Conference and respectfully refer the Court to the transcript of the conference for a complete and accurate statement of its contents.

**RESPONSE NO. 247:** Defendants deny the allegations contained in Paragraph No. 247, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during the September 7, 2016 Goldman Sachs Global Retailing Conference and respectfully refer the Court to the transcript of the conference for a complete and accurate statement of its contents.

**RESPONSE NO. 248:** The allegations contained in Paragraph No. 248 (including subparts (a)-(b)) state legal conclusions to which no response is required.  To the extent a

response is required, Defendants deny the allegations contained in Paragraph No. 248 (including subparts (a)-(b)).

**RESPONSE NO. 249:** Defendants admit the allegations contained in the first, third, and fourth sentences of Paragraph No. 249. Defendants deny the allegations contained in the second sentence of Paragraph No. 249, except admit that Plaintiffs purport to characterize the Company's October 25, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 250:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 250. Defendants deny the allegations contained in the third sentence of Paragraph No. 250, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents Defendants deny the allegations contained in the fourth sentence of Paragraph No. 250, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 251:** Defendants deny the allegations contained in the first sentence of Paragraph No. 251. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 251, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 252:** Defendants deny the allegations contained in Paragraph No. 252, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Molloy during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 253:** Defendants deny the allegations contained in Paragraph No. 253, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank and Mr. Molloy during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 254:** Defendants deny the allegations contained in Paragraph No. 254, except that, insofar as Paragraph No. 254 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 255:** Defendants deny the allegations contained in Paragraph No. 255, except that, insofar as Paragraph No. 255 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 256:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 256.  Defendants deny the allegations contained in the third sentence of Paragraph No. 256, except admit that Plaintiffs purport to characterize and selectively quote the Company's October 25, 2016 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fourth sentence of Paragraph No.

256, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Molloy during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 257:** Defendants deny the allegations contained in Paragraph No. 257, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 258:** Defendants deny the allegations contained in Paragraph No. 258, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Plank during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 259:** Defendants deny the allegations contained in Paragraph No. 259, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank and Mr. Molloy during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 260:** Defendants deny the allegations contained in Paragraph No. 260, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 261:** Defendants deny the allegations contained in Paragraph No. 261 (including subparts (a)-(f)), except admit that Plaintiffs purport to characterize and selectively

quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 262:** Defendants admit the allegations contained in the first sentence of Paragraph No. 262. Defendants deny the allegations contained in the second sentence of Paragraph No. 262, except admit that Plaintiffs purport to selectively quote the Company's 3Q16 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 263:** Defendants deny the allegations contained in Paragraph No. 263, except admit that Plaintiffs purport to characterize the Company's 3Q16 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 264:** The allegations contained in Paragraph No. 264 (including subparts (a)-(h)) state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 264 (including subparts (a)-(h)).

**RESPONSE NO. 265:** Defendants deny the allegations contained in the first through fifth sentences of Paragraph No. 265, except admit that (i) Plaintiffs purport to characterize the Company's January 31, 2017 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents; and (ii) Plaintiffs purport to characterize statements made during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents. Defendants deny the allegations contained in the sixth sentence of Paragraph No. 265, except admit that Plaintiffs purport to

characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the seventh sentence of Paragraph No. 265, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 266:** Defendants deny the allegations contained in Paragraph No. 266, except admit that Plaintiffs purport to characterize and selectively quote the Company's January 31, 2017 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 267:** Defendants deny the allegations contained in Paragraph No. 267, except admit that Plaintiffs purport to characterize and selectively quote the Company's January 31, 2017 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 268:** Defendants deny the allegations contained in Paragraph No. 268, except admit that (i) Mr. Dickerson departed the Company in February 2016, consistent with his previously disclosed intention to resign from his positions as the Company's COO and CFO, which was first communicated to the Company (and then disclosed to investors) in October 2015; (ii) on May 3, 2016, the Company issued a press release, filed publicly with the SEC on Form 8-K, announcing that Mr. Stafford and Mr. Thurston would be leaving Under Armour in July 2016; and (iii) on January 31, 2017, the Company announced that (a) Mr. Molloy, who began serving as the Company's CFO in January 2017, had decided to leave the Company in February 2017 due to personal reasons, and (b) Mr. Bergman had been appointed as the Company's acting CFO, effective February 3, 2017.

**RESPONSE NO. 269:** Defendants admit the allegations contained in the first sentence of Paragraph No. 269.  Defendants deny the allegations contained in the second sentence of Paragraph No. 269, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 270:** Defendants deny the allegations contained in Paragraph No. 270, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 271:** Defendants deny the allegations contained in Paragraph No. 271, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 272:** Defendants deny the allegations contained in Paragraph No. 272, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 273:** Defendants deny the allegations contained in Paragraph No. 273, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Bergman during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 274:** Defendants deny the allegations contained in Paragraph No. 274, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Bergman during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 275:** Defendants deny the allegations contained in Paragraph No. 275, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Plank during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 276:** Defendants deny the allegations contained in Paragraph No. 276, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 277:** Defendants deny the allegations contained in Paragraph No. 277, except admit that Plaintiffs purport to characterize and selectively quote a question from an unidentified UBS analyst during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 278:** Defendants deny the allegations contained in Paragraph No. 278, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Bergman during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 279:** Defendants deny the allegations contained in Paragraph No. 279, except that, insofar as Paragraph No. 279 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 280:** Defendants deny the allegations contained in Paragraph No. 280, except that, insofar as Paragraph No. 280 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 281:** Defendants deny the allegations contained in Paragraph No. 281 (including subparts (a)-(g)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 282:** Defendants deny the allegations contained in Paragraph No. 282, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank and Mr. Molloy during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 283:** The allegations contained in Paragraph No. 283 (including subparts (a)-(d)) state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 283 (including subparts (a)-(d)).

**RESPONSE NO. 284:** Defendants deny the allegations contained in Paragraph No. 284.

**RESPONSE NO. 285:** Defendants deny the allegations contained in Paragraph No. 285, except admit that Plaintiffs purport to characterize and selectively quote a February 9, 2017 The Motley Fool article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 286:** Defendants deny the allegations contained in Paragraph No. 286, except admit that Plaintiffs purport to characterize and selectively quote a February 14, 2017 Morgan Stanley & Co. LLC research report and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 287:** Defendants deny the allegations contained in Paragraph No. 287.

**RESPONSE NO. 288:** Defendants deny the allegations contained in Paragraph No. 288, except admit that Plaintiffs purport to characterize and selectively quote a report by FBR Capital Markets on April 3, 2017 and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 289:** Defendants admit the allegations contained in the first sentence of Paragraph No. 289.  Defendants deny the allegations contained in the second and third sentences of Paragraph No. 289, except admit that Plaintiffs purport to characterize and selectively quote the Company's April 27, 2017 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 290:** Defendants deny the allegations contained in Paragraph No. 290, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank and Mr. Bergman during a conference call for analysts and investors on April 27, 2017 and

respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 291:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 291.  Defendants deny the allegations contained in the third sentence of Paragraph No. 291, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on April 27, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 292:** Defendants deny the allegations contained in Paragraph No. 292, except admit that Plaintiffs purport to characterize and selectively quote an April 27, 2017 report by Evercore ISI and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 293:** Defendants deny the allegations contained in Paragraph No. 293, except admit that Plaintiffs purport to characterize and selectively quote an April 27, 2017 report by Susquehanna Financial Group ("Susquehanna") and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 294:** Defendants deny the allegations contained in Paragraph No. 294, except admit that Plaintiffs purport to characterize and selectively quote a June 20, 2017 article by David Butler on SeekingAlpha.com, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 295:** Defendants deny the allegations contained in Paragraph No. 295, except admit that Plaintiffs purport to characterize and selectively quote a June 26, 2017 article

by Kenra Investors on SeekingAlpha.com and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 296:** Defendants deny the allegations contained in Paragraph No. 296, except admit that Plaintiffs purport to characterize and selectively quote a June 26, 2017 article by Kenra Investors on SeekingAlpha.com and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 297:** Defendants deny the allegations contained in Paragraph No. 297, except admit that Plaintiffs purport to characterize and selectively quote a June 26, 2017 article by L&F Capital Management on SeekingAlpha.com and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 298:** Defendants deny the allegations contained in Paragraph No. 298, except admit that Plaintiffs purport to characterize and selectively quote a July 21, 2017 article by The Motley Fool and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 299:** Defendants deny the allegations contained in Paragraph No. 299, except admit that, in July 2017, the Company began responding to requests for documents and information from the SEC relating primarily to its accounting practices and related disclosures.

**RESPONSE NO. 300:** Defendants deny the allegations contained in Paragraph No. 300, except admit that Plaintiffs purport to characterize and selectively quote the Company's August 1, 2017 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 301:** Defendants deny the allegations contained in Paragraph No. 301, except admit that (i) on August 1, 2017, the Company announced that its Board of Directors

approved a restructuring plan to more closely align its financial resources to support the Company's efforts to better serve the evolving needs of the changing consumer and customer landscape; and (ii) Plaintiffs purport to characterize and selectively quote the Company's August 1, 2017 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 302:** Defendants deny the allegations contained in Paragraph No. 302, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on August 1, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 303:** Defendants deny the allegations contained in Paragraph No. 303, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on August 1, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 304:** Defendants deny the allegations contained in Paragraph No. 304, except admit that Plaintiffs purport to characterize and selectively quote the Company's August 1, 2017 press release, filed publicly with the SEC on Form 8-K, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 305:** Defendants deny the allegations contained in Paragraph No. 305, except that, insofar as Paragraph No. 305 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 306:** Defendants deny the allegations contained in Paragraph No. 306, except that, insofar as Paragraph No. 306 purports to characterize trading prices for Under

Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 307:** Defendants deny the allegations contained in Paragraph No. 307, except admit that Plaintiffs purport to characterize and selectively quote an August 1, 2017 article by Business Insider and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 308:** Defendants deny the allegations contained in Paragraph No. 308, except admit that Plaintiffs purport to characterize and selectively quote an August 1, 2017 report by Susquehanna and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 309:** Defendants deny the allegations contained in the first through third sentences of Paragraph No. 309.  Defendants deny the allegations contained in the fourth sentence of Paragraph No. 309, except admit that the financial information in the chart contained in Paragraph No. 309 is an accurate representation of the Company's reported net revenues, North America net revenues, and apparel net revenues reported by the Company in FY17, FY18 and the Company's 2019 fiscal year ("FY19"), as well as the year-over-year growth rates for those reported figures, other than for FY17 apparel net revenues, which were approximately $3.287 billion, reflecting a 1.8% year-over-year growth rate.

**RESPONSE NO. 310:** Defendants deny the allegations contained in Paragraph No. 310, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during 2018 Investor Day and respectfully refer the Court to the transcript of the Company's 2018 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 311:** Defendants deny the allegations contained in the first sentence of Paragraph No. 311, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Plank during a conference call for analysts and investors on April 27, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents. Defendants deny the allegations contained in the second sentence of Paragraph No. 311, except admit that (i) during FY17, Under Armour recorded approximately $5.1 million in inventory write offs; and (ii) during FY18, Under Armour recorded approximately $20.801 million in inventory write offs. Defendants deny the allegations contained in the third and fourth sentences of Paragraph No. 311. Defendants deny the allegations contained in the fifth sentence of Paragraph No. 311, except admit that Plaintiffs purport to characterize and selectively quote a statement by Patrik Frisk during a conference call for analysts and investors on May 2, 2019 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 312:** Defendants deny the allegations contained in the first sentence of Paragraph No. 312 and footnote 78 thereto, except admit that Plaintiffs purport to characterize and selectively quote allegations from the Andersen Complaint. Defendants deny the allegations contained in the second sentence of Paragraph No. 312, except admit that Brock Andersen worked at Under Armour from September 2015 through November 2016, including as a Merchandising Manager. Defendants deny the allegations contained in the third sentence of Paragraph No. 312, except admit that Plaintiffs purport to characterize and selectively quote an unknown source regarding Mr. Andersen's responsibilities at Under Armour and respectfully refer the Court to that source for a complete and accurate statement of its contents.

**RESPONSE NO. 313:** Defendants deny the allegations contained in Paragraph No. 313 and footnotes 79 through 82 thereto, except admit that Plaintiffs purport to characterize and selectively quote allegations from the Andersen Complaint.

**RESPONSE NO. 314:**  Defendants deny the allegations contained in Paragraph No. 314 and footnotes 83 and 84 thereto, except admit that Plaintiffs purport to characterize and selectively quote allegations from the Andersen Complaint.

**RESPONSE NO. 315:** Defendants deny the allegations contained in Paragraph No. 315, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Plank during 2018 Investor Day and respectfully refer the Court to the transcript of the Company's 2018 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 316:** Defendants deny the allegations contained in Paragraph No. 316, except admit that (i) on April 18, 2019, Under Armour announced that Jason LaRose, the president of its North America division, would be leaving the Company in April 2019; and (ii) on May 1, 2019, Under Armour reported that Andrew Page, a senior vice president and principal accounting officer, would be leaving the Company in May 2019.

**RESPONSE NO. 317:** Defendants deny the allegations contained in the first sentence of Paragraph No. 317, except admit that on October 22, 2019, Under Armour announced that, effective January 1, 2020, Mr. Plank would assume the role of Executive Chairman and Brand Chief.  Defendants deny the allegations contained in the second, third and fourth sentences of Paragraph No. 317, except admit that Plaintiffs purport to characterize and selectively quote various news articles, including an October 22, 2019 *New York Times* article and an October 24, 2019 *Forbes* article, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the fifth and

sixth sentences of Paragraph No. 317, except admit that Plaintiffs purport to characterize and selectively quote the Company's 2019 Proxy and refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 318:** Defendants deny the allegations contained in Paragraph No. 318 and footnotes 85 through 88 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/3/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 319:** Defendants deny the allegations contained in Paragraph No. 319 and footnote 89 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/3/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 320:** Defendants deny the allegations contained in Paragraph No. 320, except admit that Plaintiffs purport to characterize and selectively quote the Company's November 4, 2019 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 321:** Defendants deny the allegations contained in Paragraph No. 321, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Bergman during a conference call for analysts and investors on November 4, 2019 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 322:** Defendants deny the allegations contained in Paragraph No. 322, except that, insofar as Paragraph No. 322 purports to characterize trading prices for Under

Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 323:** Defendants deny the allegations contained in Paragraph No. 323 (including subparts (a)-(n)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and articles and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 324:** Defendants deny the allegations contained in Paragraph No. 324. Defendants deny the allegations contained in the first sentence of footnote 90 of Paragraph No. 324, except admit that Plaintiffs purport to define GAAP. The second and third sentences of footnote 90 to Paragraph No. 324 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the second and third sentences of footnote 90 to Paragraph No. 324, except admit that Plaintiffs purport to characterize provisions of SEC Regulation S-X, including 17 C.F.R. § 210.4-01(a)(1) and 17 C.F.R. § 210.10-01(a)(1), and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 325:** Defendants deny the allegations contained in Paragraph No. 325.

**RESPONSE NO. 326:** Defendants deny the allegations contained in Paragraph No. 326.

**RESPONSE NO. 327:** Defendants deny the allegations contained in Paragraph No. 327.

**RESPONSE NO. 328:** Defendants deny the allegations contained in the first sentence of Paragraph No. 328 and footnote 91 thereto, except admit that Plaintiffs purport to characterize the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents. The allegations contained in the second sentence of Paragraph No. 328 are legal conclusions to which no response is required. To the extent a response is

required, Defendants deny the allegations contained in the second sentence of Paragraph No. 328, except admit that Plaintiffs purport to characterize "channel stuffing." Defendants deny the allegations contained in the third sentence of Paragraph No. 328 and footnote 92 thereto, except admit that Plaintiffs purport to characterize and selectively quote *In re Sunbeam Corp*., SEC Release No. 7976, Exchange Act Release No. 44305, SEC Order Instituting Public Administrative Proceedings (May 15, 2001) (the "Sunbeam Order"), and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 329:** Defendants deny the allegations contained in Paragraph No. 329 and footnotes 93, 94, and 95 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 330:** The allegations contained in Paragraph No. 330 and footnote 96 thereto are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 330 and footnote 96 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Sunbeam Order and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 331:** The allegations contained in Paragraph No. 331 and footnote 97 thereto are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 331 and footnote 97 thereto, except admit that Plaintiffs purport to characterize and selectively quote a May 31, 2001 speech by Lynn Turner and respectfully refer the Court to the transcript of Mr. Turner's remarks for a complete and accurate statement of its contents.

**RESPONSE NO. 332:** The allegations contained in Paragraph No. 332 and footnote 98 thereto are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 332 and footnote 98 thereto, except admit that Plaintiffs purport to characterize and selectively quote Item 303, 17 C.F.R. § 229.303, and SAB 114 Topic 13 and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 333:** The allegations contained in Paragraph No. 333 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 333, except admit that Plaintiffs purport to characterize and selectively quote Item 303, 17 C.F.R. § 229.303, and respectfully refer the Court to the cited provision for a complete and accurate statement of its contents.

**RESPONSE NO. 334:** Defendants deny the allegations contained in the first sentence of Paragraph No. 334. Defendants deny the allegations contained in the second through fifth sentences of Paragraph No. 334 and footnotes 99 and 100 thereto, except admit that Plaintiffs purport to characterize various Financial Accounting Standards Board ("FASB") Accounting Standards Codification ("ASC") provisions, including ASC 275 and ASC 605, and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 335:** The allegations contained in Paragraph No. 335 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 335.

**RESPONSE NO. 336:** Defendants deny the allegations contained in Paragraph No. 336, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr.

Plank during 2015 Investor Day and respectfully refer the Court to the transcript of the Company's 2015 Investor Day presentation for a complete and accurate statement of its contents.

**RESPONSE NO. 337:** Defendants deny the allegations contained in Paragraph No. 337, except admit that Plaintiffs purport to characterize and cite a statement by Mr. Plank during a conference call for analysts and investors on July 26, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 338:** Defendants deny the allegations contained in the first sentence of Paragraph No. 338 and footnote 101 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second sentence of Paragraph No. 338.

**RESPONSE NO. 339:** The allegations contained in Paragraph No. 339 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 339.

**RESPONSE NO. 340:** The allegations contained in Paragraph No. 340 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 340 and footnotes 102 and 103 thereto, except admit that Plaintiffs purport to characterize and selectively cite to SEC Release Nos. 33-6835, 34-26831, IC-16961, FR-36 (dated May 18, 1989) and SEC Release Nos. 33-8350, 34-48960, FR-72 (effective December 23, 2003), and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 341:** Defendants deny the allegations contained in the first sentence of Paragraph No. 341, except admit that Plaintiffs purport to characterize and selectively cite SAB

114, Topic 13.B and respectfully refer the Court to that provision for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second sentence of Paragraph No. 341 and footnote 104 thereto.  Defendants deny the allegations contained in footnote 105 to Paragraph No. 341, except admit that (i) Under Armour reported net revenues of approximately $1.308 billion in 4Q16, representing approximately 11.5% growth year-over-year as compared to 4Q15; and (ii) between the first quarter of FY17 and the filing of the TAC in October 2020, Under Armour reported quarterly net revenue growth rates, measured on a year-over-year basis, of approximately 8.7% or lower and reported negative net revenue growth on a year-over-year basis in 3Q17, the third quarter of FY19 ("3Q19"), the first quarter of fiscal 2020 ("FY20"), and the second quarter of FY20.

**RESPONSE NO. 342:** Defendants deny the allegations contained in the first sentence of Paragraph No. 342.  The allegations contained in the second sentence of Paragraph No. 342 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the second sentence of Paragraph No. 342.

**RESPONSE NO. 343:** Defendants deny the allegations contained in Paragraph No. 343.

**RESPONSE NO. 344:** Defendants deny the allegations contained in the first sentence of Paragraph No. 344 and footnote 106 thereto.  Defendants deny the allegations contained in the second through fifth sentences of Paragraph No. 344 and footnotes 107 and 108 thereto, except admit that Plaintiffs purport to define contingent sales and purport to characterize and selectively quote FASB ASC 605-15-25-1 and respectfully refer the Court to FASB ASC 605-15-25-1 for a complete and accurate statement of its contents.

**RESPONSE NO. 345:** Defendants deny the allegations contained in the first sentence of Paragraph No. 345.  Defendants deny the allegations contained in the second sentence of

Paragraph No. 345, except admit that Plaintiffs purport to characterize and selectively quote undated Under Armour Forms 10-Q and respectfully refer the Court to those documents for a complete and accurate statement of their contents.  Defendants deny the allegations contained in footnote 109 to Paragraph No. 345, except admit that Plaintiffs purport to characterize and selectively quote undated Under Armour Forms 10-K and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

 **RESPONSE NO. 346:** Defendants deny the allegations contained in Paragraph No. 346 and footnote 110 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Company's FY15 Form 10-K, FY16 Form 10-K, the Company's annual report for FY17, which was filed publicly with the SEC on Form 10-K on February 28, 2018 (the "FY17 Form 10-K"), the Company's annual report for FY18, which was filed publicly with the SEC on Form 10-K on February 25, 2019 (the "FY18 Form 10-K"), the Company's quarterly report for the second quarter of FY19, filed publicly with the SEC on Form 10-Q on August 1, 2019 (the "2Q19 Form 10-Q"), and the Company's quarterly report for the third quarter of FY19, filed publicly with the SEC on Form 10-Q on November 8, 2019 (the "3Q19 Form 10-Q"), and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

 **RESPONSE NO. 347:** Defendants deny the allegations contained in Paragraph No. 347.

 **RESPONSE NO. 348:** Defendants deny the allegations contained in Paragraph No. 348.

 **RESPONSE NO. 349:** Defendants deny the allegations contained in the first sentence of Paragraph No. 349.  Defendants deny the allegations contained in the second sentence of Paragraph No. 349 and footnote 111 thereto, except admit that (i) for each quarterly period between 4Q15 and 3Q17, the Company's net revenue growth rate percentage on a year-over-year

basis was lower than the percentage by which the Company's net accounts receivable balance increased on a year-over-year basis; (ii) in 2018, the Company entered into agreements with two financial institutions to sell selected accounts receivable on a recurring, non-recourse basis, and the Company was able to sell up to approximately $150.0 million and approximately $140.0 million accounts receivable under the agreements, respectively; and (iii) for each quarterly period in FY18, the Company's quarterly net revenue growth rate percentage on a year-over-year basis was lower than the percentage by which the Company's net accounts receivable balance increased on a year-over-year basis.  Defendants deny the allegations contained in the third sentence of Paragraph No. 349 and footnote 112 thereto, except admit that Plaintiffs purport to define the term "days sales outstanding" ("DSO").  Defendants deny the allegations contained in the fourth and fifth sentences of Paragraph No. 349 and footnotes 113 and 114 thereto, except admit that Plaintiffs purport to characterize the 2017 US Working Capital Survey by the Hackett Group and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth, seventh, and eighth sentences of Paragraph No. 349 and footnote 115.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 350:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences of Paragraph No. 350 and footnote 116 thereto, except admit that (i) Plaintiffs purport to characterize the 2017 US Working Capital Survey by the Hackett Group and respectfully refer the Court to that document for a complete and accurate statement of its contents; (ii) during the first quarter of fiscal year 2018, the Company sold total accounts receivable of approximately $55.6 million to a financial institution and, as of March 31, 2018, approximately $55.6 million

remained outstanding.  To the extent a response is required to the remaining allegations contained in the first, second, and third sentences, Defendants deny those allegations. Defendants deny the allegations contained in the fourth through seventh sentences of Paragraph No. 350 and footnotes 117 and 118 thereto, except admit that (i) Plaintiffs purport to characterize the implications of an increase in DSO and aging of accounts receivable; and (ii) Plaintiffs purport to characterize and selectively quote various sources, including a July 1, 2015 article by David C. Hammer, a Winter 1979 article by Michael S. Carpenter & Jack E. Miller, a November 2002 article by Scott Blakely, a complaint filed by the SEC in *SEC v. Korkuk*, and SEC Accounting and Auditing Enforcement Release No. 1673A (dated November 25, 2002), and respectfully refer the Court to those documents for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the eighth sentence of Paragraph No. 350.

**RESPONSE NO. 351:** The allegations contained in Paragraph No. 351 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 351.  The allegations contained in the first and fourth sentences of footnote 119 to Paragraph No. 351 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first and fourth sentences of footnote 119 to Paragraph No. 351.  Defendants deny the allegations contained in the second and third sentences of footnote 119 to Paragraph No. 351, except admit that (i) Plaintiffs purport to characterize and define FASB ASC 235-10-50 and respectfully refer the Court to that provision for a complete and accurate statement of its contents; and (ii) Plaintiffs purport to characterize GAAP revenue recognition principles.

**RESPONSE NO. 352:** Defendants deny the allegations contained in Paragraph No. 352.

**RESPONSE NO. 353:** The allegations contained in Paragraph No. 353 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 353, except admit that Plaintiffs purport to characterize and selectively quote Regulation S-X Rule 5-03, 17 C.F.R. § 210.5-03, and respectfully refer the Court to that provision for a complete and accurate statement of its contents.

**RESPONSE NO. 354:** Defendants deny the allegations contained in Paragraph No. 354, except admit that Plaintiffs purport to characterize and selectively quote ASC 605-50-45-1 and respectfully refer the Court to that provision for a complete and accurate statement of its contents.

**RESPONSE NO. 355:** Defendants deny the allegations contained in Paragraph No. 355 and footnotes 120 and 121 thereto, except admit that Plaintiffs purport to characterize and selectively quote FASB ASC-605-15-25-1, FASB Statement No. 48, and FASB ASC 605-15-25-2 and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 356:** Defendants deny the allegations contained in the first sentence of Paragraph No. 356.  Defendants deny the allegations contained in the second sentence of Paragraph No. 356 and footnote 122 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Company's FY15 Form 10-K, FY16 Form 10-K, FY17 Form 10-K, FY18 Form 10-K, 2Q19 Form 10-Q, and 3Q19 Form 10-Q, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 357:** Defendants deny the allegations contained in Paragraph No. 357.

**RESPONSE NO. 358:** Defendants deny the allegations contained in Paragraph No. 358.

**RESPONSE NO. 359:** Defendants deny the allegations contained in Paragraph No. 359.

**RESPONSE NO. 360:** Defendants deny the allegations contained in Paragraph No. 360 and footnote 123 thereto, except admit that (i) as of December 31, 2015, the Company had reserved approximately $94.5 million (approximately 2.4% of FY15 net revenues) for customer returns, allowances, markdowns and discounts; and (ii) as of December 31, 2017, the Company had reserved approximately $246.6 million (approximately 4.9% of FY17 net revenues) for customer returns, allowances, markdowns and discounts.

**RESPONSE NO. 361:** Defendants deny the allegations contained in Paragraph No. 361.

**RESPONSE NO. 362:** Defendants deny the allegations contained in Paragraph No. 362 and footnotes 124 and 125 thereto, except admit that Plaintiffs purport to characterize and selectively quote FASB ASC 330-10-35-1B and FASB ASC 330-10-20 and, respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 363:** Defendants deny the allegations contained in Paragraph No. 363 and footnote 127 thereto, except admit that Plaintiffs purport to characterize and selectively quote the Company's FY15 Form 10-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in footnote 126 to Paragraph No. 363, except admit that Plaintiffs purport to characterize and selectively quote FASB ASC 330-10-20 and respectfully refer the Court to that provision for a complete and accurate statement of its contents.

**RESPONSE NO. 364:** Defendants deny the allegations contained in Paragraph No. 364.

**RESPONSE NO. 365:** Defendants deny the allegations contained in Paragraph No. 365.

**RESPONSE NO. 366:** Defendants deny the allegations contained in Paragraph No. 366, except admit that for each quarterly period between 3Q15 and 2Q16, the Company's net revenue

growth rate percentage on a year-over-year basis was lower than the percentage by which the Company's inventory levels increased on a year-over-year basis.

**RESPONSE NO. 367:** Defendants deny the allegations contained in the first sentence of Paragraph No. 367, except admit that Plaintiffs purport to characterize and selectively quote a statement by Mr. Molloy during a conference call for analysts and investors on October 25, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second sentence of Paragraph No. 367, except admit that Plaintiffs purport to characterize and selectively quote statements by Mr. Molloy during a conference call for analysts and investors on January 31, 2017 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 368:** Defendants deny the allegations contained in Paragraph No. 368.

**RESPONSE NO. 369:** Defendants deny the allegations contained in Paragraph No. 369, except admit that (i) during FY17, Under Armour recorded approximately $5.1 million in inventory write offs; and (ii) during FY18, Under Armour recorded approximately $20.801 million in inventory write offs.

**RESPONSE NO. 370:** Defendants deny the allegations contained in Paragraph No. 370 and footnotes 128 through 131 thereto, except admit that Plaintiffs purport to characterize and selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 371:** Defendants deny the allegations contained in Paragraph No. 371 and footnotes 132 through 137 thereto, except admit that Plaintiffs purport to characterize and

selectively quote the 11/14/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 372:** Defendants deny the allegations contained in Paragraph No. 372, except admit that Plaintiffs purport to characterize and selectively quote a November 15, 2019 *Baltimore Business Journal* article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 373:** Defendants deny the allegations contained in Paragraph No. 373, except admit that Plaintiffs purport to characterize and selectively quote a January 6, 2020 *Baltimore Business Journal* article and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 374:** Defendants deny the allegations contained in Paragraph No. 374, except admit that Plaintiffs purport to characterize the Company's July 27, 2020 Form 8-K and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 375:** Defendants deny the allegations contained in Paragraph No. 375, except admit that Plaintiffs purport to characterize and selectively quote the Company's 2Q20 Form 10-Q and respectfully refer the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 376:** Defendants deny the allegations contained in Paragraph No. 376 (including subparts (a)-(f)), except admit that Plaintiffs purport to characterize and selectively quote various analyst reports and articles and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 377:** Defendants deny the allegations contained in Paragraph No. 377.

**RESPONSE NO. 378:** Defendants deny the allegations contained in the first sentence of Paragraph No. 378, except admit that Plaintiffs purport to characterize the Morgan Stanley Report and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the second sentence of Paragraph No. 378, except that, insofar as Paragraph No. 378 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the third sentence of Paragraph No. 378, except admit that Plaintiffs purport to characterize statements made during a conference call for analysts and investors on January 28, 2016 and respectfully refer the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 379:** Defendants deny the allegations contained in the first sentence of Paragraph No. 379, except admit that Plaintiffs purport to characterize the Company's May 3, 2016 press release, filed publicly with the SEC on Form 8-K, announcing that Mr. Stafford and Mr. Thurston would be leaving Under Armour in July 2016.  Defendants deny the allegations contained in the second and sixth sentences of Paragraph No. 379.  Defendants deny the allegations contained in the third, fourth, and fifth sentences of Paragraph No. 379, except that, insofar as the third, fourth, and fifth sentences of Paragraph No. 379 purport to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 380:** Defendants deny the allegations contained in the first and fourth sentences of Paragraph No. 380, except admit that Plaintiffs purport to characterize the Company's May 31, 2016 press release, filed publicly with the SEC on Form 8-K, and

respectfully refer the Court to that document for a complete and accurate statement of its contents. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 380, except that, insofar as the second and third sentences of Paragraph No. 380 purport to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 381:** Defendants deny the allegations contained in the first sentence of Paragraph No. 381, except admit that Plaintiffs purport to characterize the Company's statements regarding its 2Q16 results and respectfully refer the Court to the Company's filings with the SEC regarding those results, including the Form 8-K filed on July 26, 2016, for a complete and accurate statement of their contents. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 381, except that, insofar as the second and third sentences of Paragraph No. 381 purport to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 382:** Defendants deny the allegations contained in the first and fourth sentences of Paragraph No. 382, except admit that Plaintiffs purport to characterize the Company's statements regarding its 3Q16 results and respectfully refer the Court to the Company's filings with the SEC regarding those results, including a Form 8-K filed on October 25, 2016, for a complete and accurate statement of their contents. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 382, except that, insofar as the second and third sentences of Paragraph No. 382 purport to characterize trading prices for

Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 383:** Defendants deny the allegations contained in the first and fourth sentences of Paragraph No. 383, except admit that Plaintiffs purport to characterize the Company's statements regarding its FY16 and 4Q16 results and respectfully refer the Court to the Company's filings with the SEC regarding those results, including the Form 8-K filed on January 31, 2017 and the Company's annual report for FY16, filed on Form 10-K on February 23, 2017 (the "FY16 Form 10-K"), for a complete and accurate statement of their contents. Defendants deny the allegations contained in the second and third sentences of Paragraph No. 383, except that, insofar as the second and third sentences of Paragraph No. 383 purport to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 384:** Defendants deny the allegations contained in the first sentence of Paragraph No. 384, except admit that Plaintiffs purport to characterize the Company's statements regarding its financial results for the second quarter of FY17 ("2Q17") and its planned restructuring, and respectfully refer the Court to the Company's filings with the SEC regarding its 2Q17 results and the restructuring, including a Form 8-K filed on August 1, 2017 and its 2Q17 quarterly report, filed on Form-10Q on August 8, 2017, for a complete and accurate statement of their contents. Defendants deny the allegations contained in the second sentence of Paragraph No. 384, except that, insofar as the second sentence of Paragraph No. 384 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to

the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 385:** Defendants deny the allegations contained in the first and second sentences of Paragraph No. 385, except admit that Plaintiffs purport to characterize the 11/3/19 WSJ Article and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the third sentence of Paragraph No. 385, except that, insofar as the third sentence of Paragraph No. 385 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 386:** The allegations contained in Paragraph No. 386 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 386.

**RESPONSE NO. 387:** Defendants deny the allegations contained in Paragraph No. 387, except that, insofar as Paragraph No. 387 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 388:** The allegations contained in the first and second sentences of Paragraph No. 388 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first and second sentences of Paragraph No. 388.  Defendants deny the allegations contained in the third sentence of Paragraph No. 388 and the chart referenced therein, except that, insofar as the third sentence of Paragraph No. 388 and the chart referenced therein purport to characterize trading prices for

Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.  Defendants deny the allegations contained in footnote 138 to Paragraph No. 388, except admit that Under Amour's Forms 10-K for FY15 through FY19 include graphics comparing cumulative total return on Under Armour's Class A common stock to the cumulative total return of the S&P 500 Index and S&P 500 Apparel, Accessories and Luxury Goods Index.

**RESPONSE NO. 389:** Defendants deny the allegations contained in Paragraph No. 389.

**RESPONSE NO. 390:** The allegations contained in Paragraph No. 390 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first, second, and fourth sentences of Paragraph No. 390. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph No. 390.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 391:** The allegations contained in Paragraph No. 391 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 391.

**RESPONSE NO. 392:** The allegations contained in Paragraph No. 392 (including subparts (a)-(d)) are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 392 (including subparts (a)-(d)), except admit that (i) Under Armour submits periodic reports to the SEC; (ii) Under Armour communicates with investors through press releases and related methods; (iii) securities analysts employed by brokerage firms wrote research reports regarding Under Armour; and

(iv) Under Armour Class A common stock and Under Armour Class C common stock are traded on the New York Stock Exchange.

**RESPONSE NO. 393:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 393.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 394:** Defendants deny the allegations contained in Paragraph No. 394.

**RESPONSE NO. 395:** Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 395 pertaining to Plaintiffs' knowledge. To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations contained in Paragraph No. 395.

**RESPONSE NO. 396:** The allegations contained in Paragraph No. 396 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 396.

**RESPONSE NO. 397:** Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 397 pertaining to the theories upon which Plaintiffs plan to rely.  To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations contained in Paragraph No. 397 (including subparts (a)-(e)), except admit that Plaintiffs purport to describe the allegations in the TAC.

**RESPONSE NO. 398:** The allegations contained in Paragraph No. 398 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 398.

**RESPONSE NO. 399:** Defendants deny the allegations contained in Paragraph No. 399, except admit that Plaintiffs purport to selectively quote the Company's annual report for fiscal

year 2014, which was filed publicly with the SEC on Form 10-K on February 20, 2015 (the

"FY14 Form 10-K"), and respectfully refer the Court to that document for a complete and

accurate statement of its contents.

**RESPONSE NO. 400:** Defendants deny the allegations contained in Paragraph No. 400,

except admit that Plaintiffs purport to characterize and selectively quote Under Armour's annual

report for fiscal year 2013, which was filed publicly with the SEC on Form 10-K on February 21,

2014 (the "FY13 Form 10-K"), FY15 Form 10-K, FY16 Form 10-K, the FY17 Form 10-K, the

FY18 Form 10-K, and the Company's FY19 annual report, which was filed publicly with the

SEC on Form 10-K on February 26, 2020 (the "FY19 Form 10-K"), and respectfully refer the

Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 401:** Defendants deny the allegations contained in Paragraph No. 401,

except admit that Plaintiffs purport to characterize and selectively quote the Company's FY13

Form 10-K and FY14 Form 10-K and respectfully refer the Court to those documents for a

complete and accurate statement of their contents.

**RESPONSE NO. 402:** Defendants deny the allegations contained in Paragraph No. 402,

except admit that Plaintiffs purport to characterize and selectively quote the Company's FY15

Form 10-K and FY16 Form 10-K and respectfully refer the Court to those documents for a

complete and accurate statement of their contents.

**RESPONSE NO. 403:** Defendants deny the allegations contained in Paragraph No. 403,

except admit that Plaintiffs purport to characterize and selectively quote the Company's FY17

Form 10-K, FY18 Form 10-K and FY19 Form 10-K and respectfully refer the Court to those

documents for a complete and accurate statement of their contents.

**RESPONSE NO. 404:** The allegations contained in Paragraph No. 404 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 404.

**RESPONSE NO. 405:** The allegations contained in Paragraph No. 405 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 405.

**RESPONSE NO. 406:** Defendants deny the allegations contained in Paragraph No. 406, except admit that Plaintiffs purport to describe the nature of this action and purport to bring this action as a class action.

**RESPONSE NO. 407:** The allegations contained in the first sentence of Paragraph No. 407 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph No. 407. Defendants admit the allegations contained in the second sentence of Paragraph No. 407. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph No. 407.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 408:** The allegations contained in Paragraph No. 408 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 408.

**RESPONSE NO. 409:** The allegations contained in Paragraph No. 409 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph No. 409.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

the second sentence of Paragraph No. 409.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 410:** The allegations contained in Paragraph No. 410 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 410.

**RESPONSE NO. 411:** The allegations contained in Paragraph No. 411 (including subparts (a)-(g)) are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 411 (including subparts (a)-(g)).

**RESPONSE NO. 412:** Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.  Defendants deny the allegations contained in Paragraph No. 412, except admit that Plaintiffs purport to assert Count I against Under Armour and Mr. Plank.

**RESPONSE NO. 413:** Defendants deny the allegations contained in Paragraph No. 413.

**RESPONSE NO. 414:** Defendants deny the allegations contained in the first sentence of Paragraph No. 414.  Defendants deny the allegations contained in the second and third sentences of Paragraph No. 414, except admit that Plaintiffs purport to assert Count I against Defendants and also purport to assert claims in Count III against Mr. Plank as a controlling person of Under Armour.

**RESPONSE NO. 415:** The allegations contained in Paragraph No. 415 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 415.

**RESPONSE NO. 416:** Defendants deny the allegations contained in Paragraph No. 416.

**RESPONSE NO. 417:** The allegations contained in Paragraph No. 417 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 417.

**RESPONSE NO. 418:** The allegations contained in Paragraph No. 418 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 418, except admit that Plaintiffs purport to characterize their theories of primary and control person liability against Mr. Plank.

**RESPONSE NO. 419:** Defendants deny the allegations contained in Paragraph No. 419.

**RESPONSE NO. 420:** Defendants deny the allegations contained in Paragraph No. 420, except that, insofar as Paragraph No. 420 purports to characterize trading prices for Under Armour stock, Defendants respectfully refer the Court to the actual trading records for Under Armour stock for a complete and accurate statement of their contents.

**RESPONSE NO. 421:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 421 regarding Plaintiffs' knowledge, beliefs, and hypothetical actions.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations contained in Paragraph No. 421.

**RESPONSE NO. 422:** The allegations contained in Paragraph No. 422 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 422.

**RESPONSE NO. 423:** Defendants deny the allegations contained in Paragraph No. 423.

**RESPONSE NO. 424:** Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.  Defendants deny the allegations contained in

Paragraph No. 424, except admit that Plaintiffs purport to assert Count II against Under Armour and Mr. Plank.

**RESPONSE NO. 425:** The allegations contained in the first sentence of Paragraph No. 425 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph No. 425. Defendants deny the allegations contained in the second through fifth sentences in Paragraph No. 425, except admit that Plaintiffs purport to characterize their theories of control person liability against Mr. Plank.

**RESPONSE NO. 426:** The allegations contained in the first sentence of Paragraph No. 426 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 426.  Defendants deny the allegations contained in the second sentence of Paragraph No. 426.

**RESPONSE NO. 427:** Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.  Defendants deny the allegations contained in Paragraph No. 427, except admit that Plaintiffs purport to assert Count III against Mr. Plank.

**RESPONSE NO. 428:** Defendants deny the allegations contained in Paragraph No. 428.

**RESPONSE NO. 429:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 429.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 430:** Defendants deny the allegations contained in Paragraph No. 430, except admit that, pursuant to the October 2015 10b5-1 Plan, in a series of transactions between November 17 and 23, 2015, Mr. Plank converted 1,125,000 shares of Under Armour Class B

common stock to Class A common stock and sold those shares for total proceeds of approximately $100 million.

**RESPONSE NO. 431:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 431.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 432:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 432.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 433:** Defendants deny the allegations contained in Paragraph No. 433, except admit that pursuant to the Amended October 2015 10b5-1 Plan, between April 26 and 29, 2016, Mr. Plank sold 900,000 shares of Under Armour Class C common stock for total proceeds of approximately $38.2 million.

**RESPONSE NO. 434:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 434.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 435:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 435.  To the extent a response is required, Defendants deny those allegations.

**RESPONSE NO. 436:** The allegations contained in Paragraph No. 436 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 436.

<u>**DENIAL OF PLAINTIFFS' PRAYER FOR RELIEF**</u>

Defendants deny that Plaintiffs are entitled to relief, seek all equitable or other relief against Plaintiffs as a consequence of defending this action, including but not limited to,

attorneys' fees and costs if warranted, and seek such further relief as the Court deems just and proper. Defendants further deny that this action is appropriate for class action treatment.

## RESPONSE TO JURY DEMAND

Defendants deny the allegation of Plaintiffs' demand for jury trial, except admit that Plaintiffs purport to demand a jury trial.

## DEFENSES

Defendants assert the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs, and reserve the right to assert other defenses and claims (including, but not limited to, counterclaims) not asserted herein if and when they become appropriate and/or available. Defendants incorporate herein all of the factual averments set forth in their Answer.

## FIRST DEFENSE

The TAC fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The TAC fails to plead fraud with particularity.

## THIRD DEFENSE

Plaintiffs lack standing to bring the claims they purport to assert and/or are not proper class representatives under Federal Rule of Civil Procedure 23(a), and this action may not be maintained as a class action under the requirements of Federal Rule of Civil Procedure 23.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the misstatements or omissions alleged in the TAC were not material to the investment decisions of a reasonable investor in view of the total mix of information available to investors. Without limiting the foregoing, Plaintiffs are not entitled to any recovery from Defendants because they would have purchased any

relevant Under Armour security even with full knowledge of the facts that they now allege were misrepresented or omitted; Plaintiffs did not act, or chose not to act, based upon any alleged act or omission of Defendants; and the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decision of a reasonable investor.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements are non-actionable forward-looking statements that are accompanied by meaningful cautionary language and protected by the bespeaks caution doctrine and/or the Safe Harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995, including without limitation 15 U.S.C. §§ 78u-4 and 78u-5.

## SIXTH DEFENSE

Defendants are not liable to Plaintiffs because Defendants made no false or misleading statements of material fact nor did they omit to state a material fact that was required to be stated.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are predicated on statements of opinion or belief, which were neither objectively false when made nor misrepresented the speaker's subjective opinion or belief.

## EIGHTH DEFENSE

Plaintiffs are not entitled to any recovery from Defendants because Defendants had no reasonable ground to believe and did not believe that the statements challenged in the TAC were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the challenged statements not misleading.

**NINTH DEFENSE**

Plaintiffs are not entitled to any recovery from Defendants because Defendants acted at all times in good faith and in conformity with the rules and regulations of the SEC, and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading, and Defendants acted in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Defendants were entitled to rely.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the TAC to have been misrepresented in or misleadingly omitted from any relevant public disclosures.

**ELEVENTH DEFENSE**

The claims asserted in the TAC are barred because Mr. Plank relied, in good faith, and was entitled to rely, on advice and information provided by the Company's accountants, auditors, consultants and other professional advisors.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiffs will be otherwise unable to establish actual and/or justifiable reliance on the purported misstatements and omissions alleged in the TAC.

**THIRTEENTH DEFENSE**

Certain purportedly material information alleged in the TAC to have been omitted by Defendants was a matter of public knowledge and therefore was not required to be disclosed. Plaintiffs' claims with respect to such information therefore are barred. Moreover, no person or

entity may recover from Defendants to the extent such person or entity had actual or constructive knowledge of the facts alleged in the TAC to have been concealed or misrepresented.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for lack of loss causation. Without limiting the foregoing, Defendants are not liable to Plaintiffs because factors other than the alleged misrepresentations and omissions in the relevant public disclosures influenced the price of Under Armour's securities when Plaintiffs allegedly acquired such securities, factors other than the alleged misrepresentations and omissions in the relevant public disclosures caused all or some of the alleged decline in the value of any Under Armour securities that Plaintiffs allegedly purchased, and/or an insufficient number of traders in those securities relied on the allegedly false and misleading statements or omissions to affect the value of the securities.

## FIFTEENTH DEFENSE

No act or omission attributed to Defendants in the TAC was the actual or proximate cause of any alleged injury suffered by Plaintiffs, and no act or omission attributed to Defendants caused the alleged loss for which the Plaintiffs seek to recover damages. Moreover, Defendants are not liable for any alleged damages suffered by Plaintiffs to the extent that the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, relieving Under Armour of any liability, or to the extent that Plaintiffs' purported injuries and damages, if any, were proximately caused or contributed to, in whole or in part, by Plaintiffs themselves.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs relied exclusively upon their own reasonable judgment and decisions, independent investigations, and the advice of

their professional investment advisors in making their alleged purchase or sale of Under Armour securities during the Class Period.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased Under Armour common stock with actual or constructive knowledge of the risks involved in an investment in Under Armour common stock and thus voluntarily assumed the risk of the losses alleged in the TAC.

## EIGHTEENTH DEFENSE

Plaintiffs' claims against Defendants under Section 20(a) of the Exchange Act are barred, in whole or in part, to the extent that Plaintiffs cannot establish primary liability under the Exchange Act.

## NINETEENTH DEFENSE

Defendants are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and had no knowledge of or reasonable ground to believe in the existence of facts by reason of which the liability of Defendants is alleged to exist.

## TWENTIETH DEFENSE

Plaintiffs have failed to mitigate any damage they allege to have suffered and are therefore barred from recovering any damages.

## TWENTY-FIRST DEFENSE

Plaintiffs are not entitled to recover attorneys' fees.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in any relevant public disclosure, and were under no duty to revise, update, or correct any previously made statements.

## TWENTY-THIRD DEFENSE

The damages alleged in the TAC are too speculative to be recoverable at law.

## TWENTY-FOURTH DEFENSE

Persons who acquired any Under Armour security after Under Armour made generally available to its security holders information that was allegedly omitted from any relevant public disclosure, or after Under Armour made generally available to its security holders information that otherwise corrected any of the challenged statements alleged in the TAC, cannot recover because they cannot prove that they acquired the security relying upon the alleged untrue statements in, or not knowing of the alleged omissions from, any such public disclosure or statement.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by SEC Rule 10b5-1.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not trade contemporaneously with Mr. Plank.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' trading occurred at times when Mr. Plank did not possess material nonpublic information.

## TWENTY-EIGHTH DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the TAC by

reason of their compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the TAC.

## TWENTY-NINTH DEFENSE

Insofar as any injuries to Plaintiffs were caused by any action on the part of Defendants, which Defendants expressly deny, such action was not intentional, willful, or reckless.

## THIRTIETH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

## THIRTY-FIRST DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is limited by Section 20A(b)(1) of the Exchange Act.

**WHEREFORE,** having fully answered the allegations in the TAC, Defendants respectfully request that this Court grant the following relief:

A. Deny all claims for relief asserted by Plaintiffs against Defendants in the TAC;

B. Grant Defendants all equitable or other relief against Plaintiffs as a consequence of defending this action, including but not limited to attorneys' fees and costs if warranted; and

C. Grant Defendants such other and further relief as this Court may deem just and proper.

*[signatures appear on following pages]*

110

DATED:  July 23, 2021                  Respectfully submitted,


                                       By:   *G. Stewart Webb, Jr.*
                                              G. Stewart Webb, Jr. (Bar No. 00828)

                                       VENABLE LLP
                                       Michael J. Wilson (Bar No. 18970)
                                       750 E. Pratt Street, Suite 900
                                       Baltimore, MD 21202
                                       Telephone:  410/244-7400
                                       410/244-7742 (fax)
                                       gswebb@venable.com
                                       mjwilson@venable.com

                                       -and-

                                       FRIED, FRANK, HARRIS,
                                          SHRIVER & JACOBSON LLP
                                       James D. Wareham (Bar No. 22890)
                                       801 17th Street, NW
                                       Washington, DC 20006
                                       Telephone:  202/639-7000
                                       202/639-7003 (fax)
                                       james.wareham@friedfrank.com

                                       FRIED, FRANK, HARRIS,
                                          SHRIVER & JACOBSON LLP
                                       Samuel P. Groner (*pro hac vice*)
                                       Michael P. Sternheim (*pro hac vice*)
                                       One New York Plaza
                                       New York, NY  10004
                                       Telephone:  212/859-8000
                                       212/859-4000 (fax)
                                       samuel.groner@friedfrank.com
                                       michael.sternheim@friedfrank.com

                                       *Counsel for Defendant Under Armour, Inc.*

Dated:  July 23, 2021

By:  *Scott R. Haiber*  
   (signed with permission of Scott R. Haiber)  
    Scott R. Haiber (Bar No. 25947)

HOGAN LOVELLS US LLP  
100 International Drive, Suite 2000  
Baltimore, MD 21202  
Telephone:  410/659-2700  
410/659-2701 (fax)  
scott.haiber@hoganlovells.com

HOGAN LOVELLS US LLP  
Jon M. Talotta (*pro hac vice*)  
8350 Broad St. 17th Floor  
Tysons, VA 22102  
Telephone: 703/610-6100  
703/610-6200 (fax)  
jon.talotta@hoganlovells.com

*Counsel for Defendant Kevin A. Plank*

PAUL, WEISS, RIFKIND, WHARTON &  
GARRISON LLP  
Theodore V. Wells, Jr. (*pro hac vice*)  
Lorin L. Reisner (*pro hac vice*)  
Harris Fischman (*pro hac vice*)  
1285 Avenue of Americas  
New York, NY 10019  
Telephone: 212/373-3000  
212/757-3990 (fax)  
twells@paulweiss.com  
lreisner@paulweiss.com  
hfischman@paulweiss.com

*Of Counsel*

25293711

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2021, I caused the foregoing Answer and Defenses to the Consolidated Third Amended Complaint for Violations of the Federal Securities Laws to be electronically filed with the Clerk of the Court and served on all counsel of record via the CM/ECF filing system.   Courtesy copies of this filing will be delivered to the Clerk's office within 48 business hours of filing.


                                                            *Michael J. Wilson*
                                                            Michael J. Wilson