## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) | Civil No. RDB-17-388 |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

## <u>PLAINTIFFS' SECOND MOTION TO COMPEL</u>

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Lead Plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund, Monroe County Employees' Retirement System, and KBC Asset Management NV (collectively, "Plaintiffs") respectfully request that the Court issue an order compelling Defendants Under Armour, Inc. and Kevin A. Plank (collectively, "Defendants") to produce documents responsive to Plaintiffs' document requests served on Defendants on June 9, 2021.

This motion is based upon the accompanying memorandum of law, the exhibits thereto, the pleadings and records on file in this case, and such other matters and argument as the Court may consider. Prior to filing this motion, Plaintiffs and Defendants conferred in good faith via telephone and email to resolve this discovery dispute but were unable to do so. *See* Certificate Pursuant to Local Rules 104.7 and 104.8, attached hereto.

WHEREFORE, Plaintiffs respectfully request that this motion be granted.

DATED:  December 22, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
ANDREW T. REES
MATTHEW A. RICHARD
MASON G. ROTH

                    /s/ Stephen R. Astley
_____
          STEPHEN R. ASTLEY

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
arees@rgrdlaw.com
mrichard@rgrdlaw.com
mroth@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
X. JAY ALVAREZ
ROBERT R. HENSSLER JR.
MATTHEW I. ALPERT
JUAN CARLOS SANCHEZ
CHRISTOPHER R. KINNON
T. ALEX B. FOLKERTH
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jaya@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
jsanchez@rgrdlaw.com
ckinnon@rgrdlaw.com
afolkerth@rgrdlaw.com

*Lead Counsel for Plaintiffs*

- 2 -

MOTLEY RICE LLC
JOSHUA C. LITTLEJOHN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for KBC Asset Management NV*

VANOVERBEKE, MICHAUD
 & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel for Monroe County
Employees' Retirement System*

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
ANDREW C. WHITE, Bar No. 0821
WILLIAM SINCLAIR, Bar No. 28833
PIERCE C. MURPHY, Bar No. 30030
400 E. Pratt Street, Suite 900
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com
pmurphy@mdattorney.com

*Local Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

In re Under Armour Securities Litigation          *

    **Plaintiff,**          *

    **v.**          *          **Case No.**   RDB-17-388

          *

    **Defendant.**          *

<u>**NOTICE OF FILING OF DOCUMENT UNDER SEAL**</u>

**Check one.**

☐      Exhibit _____ which is an attachment to _____

_____

will be electronically filed under seal within 24 hours of the filing of this Notice.

☒      Plaintiffs' Memorandum of Law in Support of Second Motion to Compel

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

     I certify that at the same time I am filing this Notice, I will serve copies of the document

identified above by email to all parties._____.

04/06/2023
_____
Date

Signature _____

Stephen R. Astley (admitted pro hac vice)
_____
Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
_____
Address

sastley@rgrdlaw.com
_____
Email Address

561/750-3000
_____
Telephone Number

561/750-3364
_____
Fax Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

In re Under Armour Securities Litigation    *

     **Plaintiff,**    *

     **v.**    *    **Case No.**   RDB-17-388

   *

     **Defendant.**    *

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☐    Exhibit _____ which is an attachment to _____

_____

will be electronically filed under seal within 24 hours of the filing of this Notice.

☒    Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

     I certify that at the same time I am filing this Notice, I will serve copies of the document
identified above by email to all parties.

04/06/2023
_____

Date

_____
Signature

Stephen R. Astley (admitted pro hac vice)
_____
Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
_____
Address

sastley@rgrdlaw.com
_____
Email Address

561/750-3000
_____
Telephone Number

561/750-3364
_____
Fax Number

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) | Civil No. RDB-17-388 |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
DEFENDANT KEVIN A. PLANK**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 104 for the United States District Court for the District of Maryland, and Appendix A to the local rules ("Discovery Guidelines"), Plaintiffs Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund, Monroe County Employees' Retirement System, and KBC Asset Management NV (collectively, "Plaintiffs"), by and through their undersigned attorneys, propound these Interrogatories, to which Defendant Kevin A. Plank shall respond separately and fully, in writing and under oath, within 30 days of service of these Interrogatories, and serve those answers at the offices of Robbins Geller Rudman & Dowd LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432, or at such other time and place as may be agreed upon by all counsel, in accordance with the Instructions and Definitions set forth herein.

## I.     INSTRUCTIONS

1.      The Uniform Instructions and Definitions for Use in Interrogatories for the District of Maryland are incorporated herein.

2.      These Instructions and Definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party, as well as, its agents, representatives, and, unless privileged, attorneys.  It is intended that the following Interrogatories will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by counsel for the responding party after the date on which this litigation was commenced.  If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such information.

- 1 -

3.      These Interrogatories are continuing in character, so as to require supplemental answers to be filed seasonally if further or different information is obtained with respect to any Interrogatory.

4.      Pursuant to Discovery Guideline 10(b), no part of an Interrogatory should be left unanswered merely because an objection is interposed to another part of the Interrogatory. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

5.      Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(6), where a claim of privilege is asserted in objecting to any Interrogatory, or part thereof, and information is not provided on the basis of such assertion:

(a)      In asserting the privilege, the responding party shall, in the objection to the Interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

(b)      The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

For oral communications:

(i)      the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

(ii)      the date and place of the communication; and

(iii)      the general subject matter of the communication.

- 2 -

For documents:

    (i)       the type of document;

    (ii)      the general subject matter of the document;

    (iii)    the date of the document; and

    (iv)     such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6.       If the responding party elects to specify and produce business records in answer to any Interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained or, if produced electronically, produced in accordance with any discovery and/or electronically stored information ("ESI") protocol that the parties may agree upon.

7.       If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## II.    DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.       "Action" refers to the above-captioned lawsuit.

2.       "Answer" refers to Defendants' Answer and Defenses to the Consolidated Third Amended Complaint for Violations of the Federal Securities Laws, filed in this Action on July 23,

2021, ECF No. 185.

3.      "Communication(s)" means the transmittal of information by any means.

4.       "Document(s)" is intended to have the broadest possible meaning under Fed. R. Civ. P. 34(a), and includes, but is not limited to, electronically stored information, electronic or computerized data compilations, electronic file backup tapes, hard drives and images of hard drives, all drafts, Communications (as defined above), contracts, correspondence, memoranda, invoices, records, presentations, books, reports, summaries of personal conversations or interviews, diaries, graphs, charts, diagrams, tables, photographs, records, tapes, microfilms, minutes, summaries of meetings or conferences, records and reports of consultants, press releases, stenographic, handwritten or any other notes, work papers, checks and check vouchers, check stubs or receipts, and any paper or writing of whatever description, including any computer database or information contained in any computer, although not yet printed out.  A draft of non-identical copy of any Document is a separate Document within the meaning of this term.

5.      "Identify," with respect to Documents, means to state the: (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the Document.

6.      "Identify," with respect to persons, means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone number shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

- 4 -

7.      "Person" means any natural person or any business, legal or governmental entity, or association.

8.      "You" and "your" refers to the Person or entity responding to these Interrogatories.

9.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all." "Including" means "including, but not limited to."  "And" and "or" encompasses both "and" and "or."  Words in the masculine, feminine, or neuter form shall include each of the other genders.

## III.      RELEVANT TIME PERIOD

Unless otherwise stated in a specific Interrogatory, these Interrogatories refer to the period of September 16, 2015 through November 3, 2019 (the "Relevant Period").

## IV.      INTERROGATORIES

INTERROGATORY NO. 1:

Identify the "others" whose "work, opinions, information, representations, and advice" you "acted in reasonable reliance upon," as stated in your Ninth Defense.

INTERROGATORY NO. 2:

Identify the "Company's accountants, auditors, consultants and other professional advisors" that you assert You "relied, in good faith, and w[ere] entitled to rely" on, as stated in your Eleventh Defense.

INTERROGATORY NO. 3:

State the basis for Defenses 9-11 set forth in your Answer, including the names of any Persons and/or identification of Documents that will provide support for such defenses.

DATED:  May 6, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
ANDREW T. REES
SAMUEL C. FELDMAN
MATTHEW A. RICHARD
MASON G. ROTH

STEPHEN R. ASTLEY

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
arees@rgrdlaw.com
sfeldman@rgrdlaw.com
mrichard@rgrdlaw.com
mroth@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
ROBERT R. HENSSLER JR.
MATTHEW I. ALPERT
JUAN CARLOS SANCHEZ
CHRISTOPHER R. KINNON
T. ALEX B. FOLKERTH
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
jsanchez@rgrdlaw.com
ckinnon@rgrdlaw.com
afolkerth@rgrdlaw.com

*Lead Counsel for Plaintiffs*

MOTLEY RICE LLC
JOSHUA C. LITTLEJOHN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for KBC Asset Management NV*

VANOVERBEKE, MICHAUD
 & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel for Monroe County*
*Employees' Retirement System*

SILVERMAN THOMPSON SLUTKIN
 & WHITE LLC
ANDREW C. WHITE, Bar No. 0821
WILLIAM SINCLAIR, Bar No. 28833
PIERCE C. MURPHY, Bar No. 30030
201 North Charles Street, 26th Floor
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com
pmurphy@mdattorney.com

*Local Counsel*

<u>**CERTIFICATE OF SERVICE BY EMAIL**</u>

I, Stephen R. Astley, not a party to the within action, hereby declare that on May 6, 2021, the attached Plaintiffs' First Set of Interrogatories to Defendant Kevin A. Plank were served on the parties in the within action by email addressed as follows:

<u>**COUNSEL FOR PLAINTIFFS:**</u>

| NAME | FIRM | EMAIL |
|---|---|---|
| Joshua C. Littlejohn<br>Christopher F. Moriarty | Motley Rice LLC<br>28 Bridgeside Boulevard<br>Mt. Pleasant, SC  29464<br>Telephone:  843/216-9000 | jlittlejohn@motleyrice.com<br>cmoriarty@motleyrice.com |
| Mark Solomon<br>Robert Henssler Jr.<br>Matthew I. Alpert<br>Juan Carlos Sanchez<br>Christopher R. Kinnon<br>T. Alexander B. Folkerth | Robbins Geller Rudman<br>  & Dowd LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058 | marks@rgrdlaw.com<br>bhenssler@rgrdlaw.com<br>malpert@rgrdlaw.com<br>jsanchez@rgrdlaw.com<br>ckinnon@rgrdlaw.com<br>afolkerth@rgrdlaw.com |
| Jack Reise<br>Stephen R. Astley<br>Elizabeth A. Shonson<br>Andrew T. Rees<br>Samuel C. Feldman<br>Matthew A. Richard<br>Mason G. Roth | Robbins Geller Rudman<br>  & Dowd LLP<br>120 East Palmetto Park Road<br>Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000 | jreise@rgrdlaw.com<br>sastley@rgrdlaw.com<br>eshonson@rgrdlaw.com<br>arees@rgrdlaw.com<br>sfeldman@rgrdlaw.com<br>mrichard@rgrdlaw.com<br>mroth@rgrdlaw.com |
| Andrew C. White<br>William Sinclair<br>Pierce C. Murphy | Silverman Thompson Slutkin<br>White LLC<br>201 North Charles Street<br>26th Floor<br>Baltimore, MD  21201<br>Telephone:  410/547-2225 | awhite@mdattorney.com<br>bsinclair@mdattorney.com<br>pmurphy@mdattorney.com |

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
|---|---|---|
| James D. Wareham | Fried, Frank, Harris, Shriver & Jacobson LLP<br>801 17th Street, NW<br>Washington, DC  20006<br>Telephone:  202/639-7000 | james.wareham@friedfrank.com |
| Samuel P. Groner<br>Michael P. Sternheim<br>Anne Aufhauser<br>Ashley A. Czechowski | Fried, Frank, Harris, Shriver & Jacobson LLP<br>One New York Plaza<br>New York, NY  10004-1980<br>Telephone:  212/859-8000 | samuel.groner@friedfrank.com<br>michael.sternheim@friedfrank.com<br>anne.aufhauser@friedfrank.com<br>ashley.czechowski@friedfrank.com |
| Scott R. Haiber | Hogan Lovells US LLP<br>100 International Drive, Suite 2000<br>Baltimore, MD  21202<br>Telephone:  410/659-2700 | scott.haiber@hoganlovells.com |
| Jon M. Talotta | Hogan Lovells US LLP<br>Park Place II Ninth Floor<br>7930 Jones Branch Drive<br>McLean, VA  22102-3302<br>Telephone:  703/610-6100 | jon.talotta@hoganlovells.com |
| G. Stewart Webb, Jr. | Venable LLP<br>750 East Pratt Street, Suite 900<br>Baltimore, MD  21202<br>Telephone:  410/244-7400 | gswebb@venable.com |
| Harris Fischman<br>Lorin L. Reisner<br>Theodore V. Well, Jr. | Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY  10019 | hfischman@paulweiss.com<br>lreisner@paulweiss.com<br>twells@paulweiss.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 6, 2022, at Boca Raton, Florida.

_____
STEPHEN R. ASTLEY

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) |
| ———————————————— | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |
| ———————————————— | ) |

Civil No. 1:17-00388-RDB

**KEVIN A. PLANK'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

Defendant Kevin Plank, by and through his undersigned counsel, hereby provides the following responses and objections to Plaintiffs' First Set of Interrogatories (the "Interrogatories" and each an "Interrogatory"):

**<u>GENERAL OBJECTIONS</u>**

The following general objections ("General Objections") apply to and are incorporated in each individual response, whether or not expressly incorporated by reference in such response. The inclusion of any specific objection to an Interrogatory is neither intended as, nor shall in any way be deemed, a waiver of any General Objection or of any other specific objection that may be asserted at a later date. In addition, the failure to include at this time any general or specific objection to an interrogatory is neither intended as, nor shall in any way be deemed, a waiver of Mr. Plank's right to assert that or any other objection at a later date.

1.     Mr. Plank objects to the Interrogatories (including the "Definitions" and "Instructions") to the extent that they seek to impose obligations on him that are greater than or inconsistent with the Federal Rules of Civil Procedure (the

1

"Federal Rules") or the Local Rules of the United States District Court for the District of Maryland (the "Local Rules").

        2.     Mr. Plank objects to the Interrogatories to the extent that they call for information that is publicly available or that is obtainable from another source, including but not limited to Under Armour, that is more convenient, less burdensome, or less expensive than obtaining the information from Mr. Plank.

        3.     Mr. Plank objects to the Interrogatories to the extent they call for information that is duplicative of information sought from Under Armour.

        4.     Mr. Plank objects to the Interrogatories to the extent that they request information that is not relevant to any party's claim or defense in the above-captioned action (the "Action") and/or is not proportional to the needs of the case.

        5.     Mr. Plank objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, inconvenient, disruptive, expensive or harassing.  Mr. Plank objects to the Interrogatories to the extent they require Mr. Plank to perform anything more than a reasonable and diligent search for information from reasonably accessible sources, where the information reasonably can be expected to be found.

        6.     Mr. Plank objects to the Interrogatories to the extent they require production of information already in the possession of or available to Plaintiffs or Plaintiffs' counsel.  Mr. Plank also objects to these Interrogatories to the extent a response to the Interrogatories can be ascertained or derived from documents or information in Plaintiffs' possession, custody, or control, or the development of that

2

response would be significantly more convenient and less burdensome for another party than would be for Mr. Plank.

       7.    Mr. Plank objects to the Interrogatories to the extent they seek disclosure of information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, any joint defense or common interest privilege, or any other applicable privilege, doctrine, immunity, statute, regulation, rule, restriction, or limitation on discovery, and Mr. Plank will not disclose any such information. Mr. Plank will not disclose privileged or otherwise protected information, and nothing contained in Mr. Plank's responses to the Interrogatories should be interpreted as a waiver of any such privilege or doctrine. The inadvertent disclosure of any privileged or otherwise protected communication shall not constitute a waiver of any of those privileges as to any information contained in the communication, or Mr. Plank's right to assert any of those privileges as to any other matter that arises during the course of this litigation, any related litigation, or any subsequent proceeding.

       8.    Any information provided in response to any of the Interrogatories is not an admission that any such information is relevant or admissible or as to the truth of any allegation or assumption contained in the Interrogatories. All rights under the Federal Rules of Civil Procedure, the Local Rules, and the Federal Rules of Evidence are expressly reserved.

       9.    Mr. Plank objects to the Interrogatories to the extent they require the production of confidential information, including information that is prohibited from disclosure by the confidentiality requirements of any court, arbitral forum, or similar authority; information reflecting trade secrets and/or proprietary

business information; or information that would impinge on privacy rights of non-parties. All information provided Mr. Plank in response to the Interrogatories is being provided subject to and in accordance with the terms of the Joint Stipulation and Protective Order approved by the Court on July 7, 2021 (ECF No. 184).

10. Mr. Plank objects to the Interrogatories to the extent they seek disclosure of information that is not in Mr. Plank's possession, custody, or control.

11. Mr. Plank objects to the definition of the term "Document(s)" to the extent that it encompasses and requires Mr. Plank to search for communications that cannot be located through a reasonably diligent and good faith search in accordance with the ESI protocols. Mr. Plank will construe the term "Document(s)" as referring only to documents within the parties' agreed-upon parameters for Mr. Plank's document production.

12. Mr. Plank objects to the definitions of "Identify" (Definitions 5 and 6) to the extent it imposes obligations on Mr. Plank that are beyond what is required by the Federal Rules or the Local Rules. Mr. Plank will construe the term "Identify" as to persons to mean either identify either by name or by functional role within the company. Mr. Plank will construe the term identify as to documents to mean identify so as to enable Plaintiffs to understand what the document is.

13. Mr. Plank provides these Responses and Objections to the Interrogatories based upon his good faith understanding of the information sought. Accordingly, if Plaintiffs subsequently assert a different interpretation than presently understood by Mr. Plank, Mr. Plank reserves the right to supplement these Responses and Objections.

14.     Mr. Plank expressly reserves, and this response to the Interrogatories shall not constitute a waiver of, Mr. Plank's rights to (i) object on any grounds (including but not limited to competence, relevance, materiality, privilege, or admissibility) to the use of the Responses and Objections as evidence for any purpose, or to the use of the documents and information that are produced at any point in any proceeding; or (ii) object on any ground to any other discovery requests that involve or relate to the subject matter of the Interrogatories.

15.     Mr. Plank's Responses and Objections to the Interrogatories are based upon information presently available and known to Mr. Plank.  Discovery in the matter is still ongoing.  Accordingly, these responses are made without prejudice to Mr. Plank's right to present additional evidence or contentions at trial based upon information or documents subsequently obtained or evaluated.  Mr. Plank also reserves the right to revise, correct, supplement, amend, or clarify his responses or to present additional evidence or contentions at a later date in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Federal Rules of Evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Identify the "others" whose "work, opinions, information, representations, and advice" you "acted in reasonable reliance upon," as stated in your Ninth Defense.

### RESPONSE TO INTERROGATORY NO. 1:

Mr. Plank objects to this Interrogatory as overbroad and unduly burdensome to the extent that it calls for the disclosure of information that is not proportional to the needs of this case.  Mr. Plank further objects to this Interrogatory on the ground that it seeks information that is subject to the attorney-client privilege,

constitutes attorney work product, or is otherwise privileged or exempt from discovery.

Mr. Plank also objects to this interrogatory as unnecessarily cumulative and duplicative

of other Interrogatories herein, including Interrogatory Nos. 2 and 3.  Mr. Plank objects to

this Interrogatory to the extent it calls for information more appropriately addressed by

way of deposition.  Mr. Plank objects to this Interrogatory to the extent it calls for

information that is cumulative or duplicative of information Plaintiffs have requested

from Defendant Under Armour.  Mr. Plank additionally objects that this Interrogatory is

premature because discovery is ongoing and the deadline has not yet passed.  As such,

Mr. Plank reserves the right to supplement his response.  Finally, Mr. Plank objects that

the deadline for expert testimony has not yet occurred and declines to provide expert

disclosures through these interrogatories in advance of that deadline.

        Subject to and without waiving any of the foregoing General and Specific

Objections, Mr. Plank incorporates by reference Under Armour's response to

Interrogatory No. 6.  Mr. Plank also states that he acted in reasonable reliance upon the

work, opinions, information, representations, and advice of the following individuals and

groups during the Relevant Period:  Under Armour's Chief Financial Officers; Under

Armour's Legal Department; Under Armour's Sales Organization including its Chief

Revenue Officer; Under Armour's Accounting Department including its Corporate

Controller and Director of Credit and Accounts Receivable; Under Armour's Investor

Relations Department including its Vice President of Investor Relations and its Director

of Investor Relations; Under Armour's Financial Planning and Analysis Department;

Under Armour's Disclosure Committee; Under Armour's Audit Committee; Under

Armour's Root Cause Analysis Phase III Steering Committee; and Under Armour's

independent outside auditor PricewaterhouseCoopers LLP (PwC).  Mr. Plank also

incorporates the individuals and groups listed in Under Armour's response to

Interrogatory No. 6 in Plaintiffs' Third Set of Interrogatories issued to Defendant Under

Armour.

**INTERROGATORY NO. 2:**

            Identify the "Company's accountants, auditors, consultants and other

professional advisors" that you assert You "relied, in good faith, and w[ere] entitled to

rely" on, as stated in your Eleventh Defense.

**RESPONSE TO INTERROGATORY NO. 2:**

            Mr. Plank objects to this Interrogatory as overbroad and unduly

burdensome to the extent that it calls for the disclosure of information that is not

proportional to the needs of this case.  Mr. Plank further objects to this Interrogatory on

the ground that it seeks information that is subject to the attorney-client privilege,

constitutes attorney work product, or is otherwise privileged or exempt from discovery.

Mr. Plank also objects to this interrogatory as unnecessarily cumulative and duplicative

of other Interrogatories herein, including Interrogatory Nos. 1 and 3.  Mr. Plank objects to

this Interrogatory to the extent it calls for information more appropriately addressed by

way of deposition.  Mr. Plank objects to this Interrogatory to the extent it calls for

information that is cumulative or duplicative of information Plaintiffs have requested

from Defendant Under Armour.  Mr. Plank additionally objects that this Interrogatory is

premature because discovery is ongoing and the deadline has not yet occurred.  As such,

Mr. Plank reserves the right to supplement his responses.  Finally, Mr. Plank objects that

the deadline for expert testimony has not yet occurred and declines to provide expert

disclosures through these interrogatories in advance of that deadline.

Subject to and without waiving any of the foregoing General and Specific Objections, Mr. Plank states that he relied in good faith upon, and was entitled to rely upon, the accountants, auditors, consultants, and other professional advisors for Under Armour named in response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

State the basis for Defenses 9-11 set forth in your Answer, including the names of any Persons and/or identification of Documents that will provide support for such defenses.

**RESPONSE TO INTERROGATORY NO. 3**

Mr. Plank objects to this Interrogatory as overbroad and unduly burdensome to the extent that it calls for the disclosure of information that is not proportional to the needs of this case.  Mr. Plank further objects to this Interrogatory on the ground that it seeks information that is subject to the attorney-client privilege, constitutes attorney work product, or is otherwise privileged or exempt from discovery. Mr. Plank also objects to this interrogatory as unnecessarily cumulative and duplicative of other Interrogatories herein, including Interrogatory Nos. 1 and 2.  Mr. Plank objects to this Interrogatory to the extent it calls for information more appropriately addressed by way of deposition.  Mr. Plank objects to this Interrogatory to the extent it calls for information that is cumulative or duplicative of information Plaintiffs have requested from Defendant Under Armour.  Mr. Plank additionally objects that this Interrogatory is premature because discovery is ongoing and the deadline has not yet occurred.  As such, Mr. Plank reserves the right to supplement his responses.  Mr. Plank objects that the deadline for expert testimony has not yet occurred and declines to provide expert disclosures through these interrogatories in advance of that deadline.  Mr. Plank objects

8

to this Interrogatory as vague and ambiguous, including to the extent it requests the individuals that will provide "support" for Defenses 9-11 generally.  Finally, Mr. Plank further objects to this Interrogatory to the extent that it seeks information already in Plaintiffs' possession, custody, or control.

Subject to and without waiving any of the foregoing General and Specific Objections, in response to this Interrogatory, Mr. Plank responds as follows:

Defendants' Ninth Defense reads:  "Plaintiffs are not entitled to any recovery from Defendants because Defendants acted at all times in good faith and in conformity with the rules and regulations of the SEC, and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading, and Defendants acted in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Defendants were entitled to rely."  The basis for this defense is that those facts are true as to Mr. Plank.  He acted at all times in good faith.  He believed the company's financial disclosures were accurate and appropriate in all respects.  Mr. Plank is not a trained accountant or a lawyer, and as such, he properly and reasonably relied on Under Armour's finance, accounting, legal and other professionals and consultants and advisors listed in response to Interrogatory No. 1 with respect to the applicable accounting and legal requirements.

Defendants' Tenth Defense reads:  "Plaintiffs' claims are barred, in whole or in part, because Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the TAC to have been misrepresented in or misleadingly omitted from any relevant public disclosures."  The basis for this defense is that those facts are true as to Mr. Plank.  He acted at all times in good faith.  He believed

the company's financial disclosures were accurate and appropriate in all respects.  Mr. Plank is not a trained accountant or a lawyer, and as such, he properly and reasonably relied on Under Armour's finance, accounting, legal and other professionals and consultants and advisors listed in response to Interrogatory No. 1 with respect to the applicable accounting and legal requirements.

Defendants' Eleventh Defense reads:  "The claims asserted in the TAC are barred because Mr. Plank relied, in good faith, and was entitled to rely, on advice and information provided by the Company's accountants, auditors, consultants and other professional advisors."  The basis for this defense is that those facts are true as to Mr. Plank.  He acted at all times in good faith.  He believed the company's financial disclosures were accurate and appropriate in all respects.  Mr. Plank is not a trained accountant or a lawyer, and as such, he properly and reasonably relied on Under Armour's finance, accounting, legal and other professionals and consultants and advisors listed in response to Interrogatory No. 1 with respect to the applicable accounting and legal requirements.

Mr. Plank refers to his response to Interrogatory No. 1 for a list of individuals who may provide support for Defenses 9-11 in Defendants' Answer.  In addition, Mr. Plank can provide support for defenses 9-11 in Defendants' Answer.

Mr. Plank also refers to the following documents or categories of documents:

1. Representations in certifications and sub-certifications signed by Under Armour employees including Chief Financial Officers and the General Counsel during the Relevant Period.

2. Representations in Under Armour's public filings by the Chief Financial Officers and others.

3. The "Root Cause Analysis" prepared by the Phase III Steering Committee.

Mr. Plank reserves the right to rely on documents not listed in support of Defenses 9-11 or to supplement this list with additional documents as appropriate.

As to Objections:

SCOTT R. HAIBER (Bar No. 25947)

HOGAN LOVELLS US LLP
100 International Drive
Suite 2000
Baltimore, MD 21202
Telephone: 410/659-2700
410/659-2701 (fax)
scott.haiber@hoganlovells.com

*Counsel for Defendant Kevin A. Plank*

HOGAN LOVELLS US LLP
JON M. TALOTTA
Park Place II Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102-3302
Telephone: 703/610-6100
703/610-6200 (fax)
jon.talotta@hoganlovells.com


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
THEODORE V. WELLS, JR. (*pro hac
vice*)
LORIN L. REISNER (*pro hac vice*)
HARRIS FISCHMAN (*pro hac vice*)
1285 Avenue of Americas
New York, NY 10019
Telephone: 212/373-3000
212/757-3990 (fax)
twells@paulweiss.com
lreisner@paulweiss.com
hfischman@paulweiss.com

*Of Counsel*

## <u>VERIFICATION</u>

I, Kevin A. Plank, have read PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO KEVIN A. PLANK and my responses thereto. To the best of
my knowledge, information and belief, the factual material included in the responses is
true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Kevin A. Plank
DATED: June 17, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

In re Under Armour Securities Litigation     *

_____

**Plaintiff,**     *

**v.**     *     **Case No.**   RDB-17-388 _____

    *

_____

**Defendant.**     *

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒    Exhibit __C__ which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐    _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

    I certify that at the same time I am filing this Notice, I will serve copies of the document identified above by email to all parties. _____.

04/06/2023 _____

Date

Signature

Stephen R. Astley (admitted pro hac vice) _____

Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432

Address

sastley@rgrdlaw.com

Email Address

561/750-3000

Telephone Number

561/750-3364

Fax Number

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

In re Under Armour Securities Litigation            *

   **Plaintiff,**                                         *

   **v.**                                                      *            **Case No.**   RDB-17-388

                                                        *

   **Defendant.**                                      *

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒    Exhibit   D    which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐    _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

    I certify that at the same time I am filing this Notice, I will serve copies of the document

identified above by email to all parties.

_____.

04/06/2023
_____
Date

Signature
_____

Stephen R. Astley (admitted pro hac vice)
_____
Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
_____
Address

sastley@rgrdlaw.com
_____
Email Address

561/750-3000
_____
Telephone Number

561/750-3364
_____
Fax Number

# EXHIBIT E

**Yolanda Sherman**

| | |
|---|---|
| **From:** | Carol Reynolds |
| **Sent:** | Thursday, October 6, 2022 4:49 PM |
| **To:** | RGRD Electronic Filing |
| **Subject:** | FW: In re Under Armour |

**From:** Fischman, Harris <hfischman@paulweiss.com>
**Sent:** Thursday, October 6, 2022 4:48 PM
**To:** Stephen Astley <sastley@rgrdlaw.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds <creynolds@rgrdlaw.com>; Ariana Bloom <abloom@paulweiss.com>
**Subject:** RE: In re Under Armour

EXTERNAL SENDER
Hi Stephen,

Following up on our phone call from a couple weeks back.  Please see our below responses.  Let me know if helpful to talk through further.

Best,

Harris

\*\*\*

1.  In our responses to interrogatories 1 and 3 we mention that Mr. Plank relied on "Under Armour's Legal Department" and on "legal and other professionals and consultants and advisors," respectively.  You asked whether we are relying on any specific advice from individuals within the legal department.

    a.  We are not relying on specific advice from specific individuals in the legal department.  Rather, Mr. Plank relied on processes in place whereby the legal department and other professionals at Under Armour were involved in reviewing and advising on the Company's disclosures (as well as outside counsel and the company's outside auditor).

2.  In our response to interrogatory 3 we say that Mr. Plank relied upon Under Armour's finance, accounting, legal and other professionals and consultants and advisors listed in response to Interrogatory 1."  You asked which other professionals we are referring to.

    a.  The professionals (other than finance, accounting, legal and others) listed in response to Interrogatory 1 are UA's Sales Organization, including the Chief Revenue Officer, UA's Investor Relations Department including the VP and Director of Investor Relations, UA's disclosure and Audit Committees, UA's Root Cause Analysis Committee, and PwC.  These are the people and groups we were referring to.

3.  Finally, you asked what we mean by the final part of interrogatory 3, which says, "In addition, Mr. Plank can provide support for defenses 9-11 in Defendants' Answer."

    a.  Defenses 9-11 have to do with scienter and acting in good faith.  What we meant is that in addition to other evidence, Mr. Plank's own testimony will demonstrate that, at all times, he acted in good faith.

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3306 (Direct Phone)
212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Sent:** Friday, September 16, 2022 4:03 PM
**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds <creynolds@rgrdlaw.com>; Bloom, Ariana L. <abloom@paulweiss.com>
**Subject:** Re: In re Under Armour

Call in at 10:30

> On Sep 16, 2022, at 3:40 PM, Fischman, Harris <hfischman@paulweiss.com> wrote:
>
>  EXTERNAL SENDER
> No worries at all. How does Tuesday am look for you?  I'm wide open before 11.
>
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> 1285 Avenue of the Americas | New York, NY 10019-6064
> +1 212 373 3306 (Direct Phone)
> +1 212 492 0306 (Direct Fax)
> hfischman@paulweiss.com | www.paulweiss.com
>
> ---
>
> **From:** Stephen Astley <sastley@rgrdlaw.com>
> **Date:** Friday, Sep 16, 2022, 3:34 PM
> **To:** Fischman, Harris <hfischman@paulweiss.com>
> **Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol Reynolds <creynolds@rgrdlaw.com>, Bloom, Ariana L. <abloom@paulweiss.com>
> **Subject:** Re: In re Under Armour
>
> My apologies. Let me know what days and times work
>
> > On Sep 16, 2022, at 3:19 PM, Fischman, Harris <hfischman@paulweiss.com> wrote:
> >
> >  EXTERNAL SENDER
> > No worries.  Let's reschedule for next week.  I'm booked from 4-6 on something else.
> >
> > **Harris Fischman** | Partner
> > **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> > 1285 Avenue of the Americas | New York, NY 10019-6064
> > 212 373 3306 (Direct Phone)

212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Sent:** Friday, September 16, 2022 3:18 PM
**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds
<creynolds@rgrdlaw.com>; Bloom, Ariana L. <abloom@paulweiss.com>
**Subject:** Re: In re Under Armour

Sorry all. I'm having technical problems and can dial in at 4 (hopefully) or need to
reschedule until next week.

> On Sep 13, 2022, at 1:07 PM, Fischman, Harris
> <hfischman@paulweiss.com> wrote:
>
>  EXTERNAL SENDER
> 330 ok for you Ariana?
>
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> 1285 Avenue of the Americas | New York, NY 10019-6064
> +1 212 373 3306 (Direct Phone)
> +1 212 492 0306 (Direct Fax)
> hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Date:** Tuesday, Sep 13, 2022, 1:04 PM
**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol Reynolds
<creynolds@rgrdlaw.com>, Bloom, Ariana L. <abloom@paulweiss.com>
**Subject:** Re: In re Under Armour

I'm good 2:30 - 4:30

> On Sep 13, 2022, at 1:02 PM, Fischman, Harris
> <hfischman@paulweiss.com> wrote:
>
>  EXTERNAL SENDER
> I have lengthy oral argument tomorrow and all day
> mediation on Thursday with some of your colleagues on
> another matter.  How does Friday look for you?
>
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> 1285 Avenue of the Americas | New York, NY 10019-6064
> +1 212 373 3306 (Direct Phone)

+1 212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Date:** Tuesday, Sep 13, 2022, 12:57 PM
**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol
Reynolds <creynolds@rgrdlaw.com>, Bloom, Ariana L.
<abloom@paulweiss.com>
**Subject:** Re: In re Under Armour

What does the remainder of your week look like?


> On Sep 9, 2022, at 11:32 AM, Fischman,
> Harris <hfischman@paulweiss.com>
> wrote:
>
>  EXTERNAL SENDER
> Thank you, Stephen.  How does 11-2
> work for you all?  Ariana, ok for you?
>
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison
> LLP**
> 1285 Avenue of the Americas | New York,
> NY 10019-6064
> +1 212 373 3306 (Direct Phone)
> +1 212 492 0306 (Direct Fax)
> hfischman@paulweiss.com | www.paulweis
> s.com
>
>
> ---
>
> **From:** Stephen Astley
> <sastley@rgrdlaw.com>
> **Date:** Friday, Sep 09, 2022, 10:51 AM
> **To:** Fischman, Harris
> <hfischman@paulweiss.com>
> **Cc:** Elizabeth Shonson
> <eshonson@rgrdlaw.com>, Carol
> Reynolds <creynolds@rgrdlaw.com>,
> Bloom, Ariana L.
> <abloom@paulweiss.com>
> **Subject:** Re: In re Under Armour
>
> Ok. What times work?
>
>
> > On Sep 9, 2022, at
> > 10:32 AM, Fischman,

4

Harris <hfischman@paulweiss.com> wrote:

 EXTERNAL SENDER
Stephen, with apologies can we push to Monday?  I have a client dealing with a total fire drill and i need to be in emergency board meetings this afternoon.  Sorry about this.

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3306 (Direct Phone)
+1 212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Fischman, Harris <hfischman@paulweiss.com>
**Date:** Wednesday, Sep 07, 2022, 1:45 PM
**To:** Stephen Astley <sastley@rgrdlaw.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol Reynolds <creynolds@rgrdlaw.com>, Bloom, Ariana L. <ABloom@paulweiss.com>
**Subject:** RE: In re Under Armour

OK for me if OK for Ariana

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind,**
**Wharton & Garrison LLP**
1285 Avenue of the
Americas | New York, NY
10019-6064
212 373 3306 (Direct
Phone)
212 492 0306 (Direct Fax)
[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com) | [www.paulweiss.com](http://www.paulweiss.com)

---

**From:** Stephen Astley <[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Sent:** Wednesday, September 7, 2022 1:44 PM
**To:** Fischman, Harris <[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)>
**Cc:** Elizabeth Shonson <[eshonson@rgrdlaw.com](mailto:eshonson@rgrdlaw.com)>; Carol Reynolds <[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>; Bloom, Ariana L. <[abloom@paulweiss.com](mailto:abloom@paulweiss.com)>
**Subject:** RE: In re Under Armour

2pm?

---

**From:** Fischman, Harris <[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)>
**Sent:** Wednesday, September 7, 2022 1:42 PM
**To:** Stephen Astley <[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Cc:** Elizabeth Shonson <[eshonson@rgrdlaw.com](mailto:eshonson@rgrdlaw.com)>; Carol Reynolds <[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>; Ariana Bloom <[abloom@paulweiss.com](mailto:abloom@paulweiss.com)>
**Subject:** RE: In re Under Armour

EXTERNAL SENDER

How about Friday
midday eastern?

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind,**
**Wharton & Garrison LLP**
1285 Avenue of the
Americas | New York, NY
10019-6064
212 373 3306 (Direct
Phone)
212 492 0306 (Direct Fax)
[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com) | [www.paulweiss.com](http://www.paulweiss.com)

---

**From:** Stephen Astley
<[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Sent:** Wednesday,
September 7, 2022 1:41
PM
**To:** Fischman, Harris
<[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)>
**Cc:** Elizabeth Shonson
<[eshonson@rgrdlaw.com](mailto:eshonson@rgrdlaw.com)>; Carol Reynolds
<[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>
**Subject:** RE: In re Under
Armour

Did we set a time?

---

**From:** Fischman, Harris
<[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)>
**Sent:** Thursday, August
25, 2022 3:12 PM
**To:** Stephen Astley
<[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Cc:** Elizabeth Shonson
<[eshonson@rgrdlaw.com](mailto:eshonson@rgrdlaw.com)>; Carol Reynolds
<[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>
**Subject:** RE: In re Under
Armour

EXTERNAL
SENDER
Hi Stephen,

7

I'm on vacation next
week and the rest of
this week is
crazy.  How does
Labor Day week look
for you?

Harris

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind,**
**Wharton & Garrison LLP**
1285 Avenue of the
Americas | New York, NY
10019-6064
+1 212 373 3306 (Direct
Phone)
+1 212 492 0306 (Direct
Fax)
hfischman@paulweiss.co
m | www.paulweiss.com

---

**From:** Stephen Astley
<sastley@rgrdlaw.com>
**Date:** Thursday, Aug 25,
2022, 2:30 PM
**To:** Fischman, Harris
<hfischman@paulweiss.
com>
**Cc:** Elizabeth Shonson
<eshonson@rgrdlaw.co
m>, Carol Reynolds
<creynolds@rgrdlaw.co
m>
**Subject:** In re Under
Armour

Harris-

We'd like to meet and
confer over Plank's
interrogatory responses
if you will please let us
know an agreeable
day/time.

Kindest regards,

Stephen

**Stephen R. Astley**
Partner

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any**

unauthorized review, use,
disclosure or distribution is
prohibited.
If you are not the intended
recipient, please contact the
sender
by reply email and destroy all
copies of the original
message.

NOTICE: This email message
is for the sole use of the
intended
recipient(s) and may contain
information that is
confidential and
protected from disclosure by
the attorney-client privilege,
as
attorney work product, or by
other applicable
privileges.  Any
unauthorized review, use,
disclosure or distribution is
prohibited.
If you are not the intended
recipient, please contact the
sender
by reply email and destroy all
copies of the original
message.

NOTICE: This email message is for the sole use of
the intended
recipient(s) and may contain information that is
confidential and
protected from disclosure by the attorney-client
privilege, as
attorney work product, or by other applicable
privileges.  Any
unauthorized review, use, disclosure or
distribution is prohibited.
If you are not the intended recipient, please
contact the sender
by reply email and destroy all copies of the
original message.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

# EXHIBIT F

**Yolanda Sherman**

---

| | |
|---|---|
| **From:** | Carol Reynolds |
| **Sent:** | Sunday, November 27, 2022 8:08 PM |
| **To:** | RGRD Electronic Filing |
| **Subject:** | Fwd: In Under Armour Securities Litigation |
| **Attachments:** | RE: In re Under Armour |

**From:** "Fischman, Harris" <hfischman@paulweiss.com>
**Date:** November 27, 2022 at 8:03:55 PM EST
**To:** Stephen Astley <sastley@rgrdlaw.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol Reynolds <creynolds@rgrdlaw.com>, "Sucher, Charles P" <csucher@paulweiss.com>, Ariana Bloom <abloom@paulweiss.com>
**Subject: In Under Armour Securities Litigation**

 EXTERNAL SENDER
Stephen,

I hope you and yours had a happy Thanksgiving.  We have added responses to your questions below.  We note at the outset, and as we explained in the attached October 6 email and during our meet and confer on October 17, with respect to Interrogatories 1 and 3, Mr. Plank is not asserting an advice of counsel defense or relying on specific legal advice from members of the UA legal department.  Rather, Mr. Plank relied on processes in place whereby the legal department and other professionals were involved in reviewing and advising on the company's disclosures.  The involvement of counsel and other professionals in these processes tends to negate any inference of scienter.  Our understanding is that, in connection with its response to Interrogatory 6, Under Armour is similarly relying on the existence of its legal department and other relevant functions, not on any legal advice or any work product.  See UA's June 17, 2022 Rog Responses at 23 (stating that the company "relied on *the fact that it had* an in-house legal department during the Relevant Period")(emphasis added).

With that in mind, we respectfully submit that, contrary to what you said during our October 17 meet and confer, the interrogatory responses submitted on behalf of Mr. Plank and the company have not waived any applicable attorney-client privilege or attorney work product protection concerning disclosure advice from Under Armour's legal department.  To the contrary, both Mr. Plank and the company have made clear that they are not asserting an advice of counsel defense or relying on any such legal advice or work product.

Below are our responses to your questions.

1. Does Mr. Plank have any documents in his possession, custody, or control related to "work, opinions, information, representations, reviews and/or advice"  for the Company's disclosures, or from the Under Armour Legal Department?

   Answer:  We object to this question insofar as you are seeking to impose obligations on us to search for documents beyond those materials reviewed pursuant to your document requests and as narrowed by our responses and objections to those requests, the meet and confers we held, and the agreed upon search terms and any other limitations to our review that were agreed upon.  Subject to those caveats, we can represent that no responsive documents fitting

the above description were withheld on the basis of attorney client privilege or as attorney work product.

2.  Does Mr. Plank object to UA's production of any documents related to "work, opinions, information, representations, reviews and/or advice" for the Company's disclosures, or from the Under Armour Legal Department?

    <u>Answer:</u> It is UA's determination whether or not to produce documents in its custody, control or possession—not Mr. Plank. That said, to the extent that you are representing that the company is withholding such documents on the basis of attorney client privilege or as attorney work product, there is nothing you have shared with us that leads us to believe that the company has waived that attorney client privilege or work product protection. To the contrary, the company's interrogatory response you have identified appears to confirm that the company did not waive any such privilege or protection insofar as the company is not basing any defense on legal advice or attorney work product.

1.  Is Mr. Plank asserting AC/WP protection over any documents related to "work, opinions, information, representations, reviews and/or advice" for the Company's disclosures, or from the Under Armour Legal Department?

    <u>Answer:</u> As noted earlier, with respect to Interrogatories 1 and 3, Mr. Plank is not relying on any legal advice from the legal department. And as represented in response to question No. 1, Mr. Plank is not withholding any such documents from production on the basis of attorney client privilege or work product privilege.

2.  Does Mr. Plank maintain that any documents related to "work, opinions, information, representations, reviews and/or advice" for the Company's disclosures, or from the Under Armour Legal Department are protected from disclosure by way of the attorney/client privilege or the work product doctrine?

    <u>Answer:</u> As noted earlier, the interrogatory responses you have pointed us to on behalf of Mr. Plank and the company, do not suggest that the company or Mr. Plank has waived any applicable attorney-client privilege or work product protection that would otherwise be applicable. In any event, and as represented in response to question No. 1, Mr. Plank is not withholding any such documents from production on the basis of attorney client privilege or work product privilege.

3.  Is Mr. Plank willing to identify any Under Armour legal department "professionals" who provided or contributed to "work, opinions, information, representations, reviews and/or advice" for the Company's disclosures?

    <u>Answer:</u> As we previously told you during our meet and confer and in our October 6 email, Mr. Plank is not relying on specific legal advice from any particular individuals in the legal department. Rather, Mr. Plank relied on processes in place whereby the legal department and other professionals were involved in reviewing and advising on the Company's disclosures.

Best,

Harris

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3306 (Direct Phone)
212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

**Yolanda Sherman**

| | |
|---|---|
| **From:** | Harris Fischman |
| **Sent:** | Thursday, October 6, 2022 4:48 PM |
| **To:** | Stephen Astley |
| **Cc:** | Elizabeth Shonson; Carol Reynolds; Ariana Bloom |
| **Subject:** | RE: In re Under Armour |

Hi Stephen,

Following up on our phone call from a couple weeks back.  Please see our below responses.  Let me know if helpful to talk through further.

Best,

Harris

\*\*\*

1.  In our responses to interrogatories 1 and 3 we mention that Mr. Plank relied on "Under Armour's Legal Department" and on "legal and other professionals and consultants and advisors," respectively.  You asked whether we are relying on any specific advice from individuals within the legal department.

    a.  We are not relying on specific advice from specific individuals in the legal department.  Rather, Mr. Plank relied on processes in place whereby the legal department and other professionals at Under Armour were involved in reviewing and advising on the Company's disclosures (as well as outside counsel and the company's outside auditor).

2.  In our response to interrogatory 3 we say that Mr. Plank relied upon Under Armour's finance, accounting, legal and other professionals and consultants and advisors listed in response to Interrogatory 1."  You asked which other professionals we are referring to.

    a.  The professionals (other than finance, accounting, legal and others) listed in response to Interrogatory 1 are UA's Sales Organization, including the Chief Revenue Officer, UA's Investor Relations Department including the VP and Director of Investor Relations, UA's disclosure and Audit Committees, UA's Root Cause Analysis Committee, and PwC.  These are the people and groups we were referring to.

3.  Finally, you asked what we mean by the final part of interrogatory 3, which says, "In addition, Mr. Plank can provide support for defenses 9-11 in Defendants' Answer."

    a.  Defenses 9-11 have to do with scienter and acting in good faith.  What we meant is that in addition to other evidence, Mr. Plank's own testimony will demonstrate that, at all times, he acted in good faith.

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3306 (Direct Phone)
212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Sent:** Friday, September 16, 2022 4:03 PM
**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds <creynolds@rgrdlaw.com>; Bloom, Ariana L. <abloom@paulweiss.com>
**Subject:** Re: In re Under Armour

Call in at 10:30

> On Sep 16, 2022, at 3:40 PM, Fischman, Harris <hfischman@paulweiss.com> wrote:
>
> EXTERNAL SENDER
> No worries at all. How does Tuesday am look for you?  I'm wide open before 11.
>
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> 1285 Avenue of the Americas | New York, NY 10019-6064
> +1 212 373 3306 (Direct Phone)
> +1 212 492 0306 (Direct Fax)
> hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Date:** Friday, Sep 16, 2022, 3:34 PM
**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol Reynolds <creynolds@rgrdlaw.com>, Bloom, Ariana L. <abloom@paulweiss.com>
**Subject:** Re: In re Under Armour

My apologies. Let me know what days and times work

> On Sep 16, 2022, at 3:19 PM, Fischman, Harris <hfischman@paulweiss.com> wrote:
>
> EXTERNAL SENDER
> No worries.  Let's reschedule for next week.  I'm booked from 4-6 on something else.
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> 1285 Avenue of the Americas | New York, NY 10019-6064
> 212 373 3306 (Direct Phone)
> 212 492 0306 (Direct Fax)
> hfischman@paulweiss.com | www.paulweiss.com

---

> **From:** Stephen Astley <sastley@rgrdlaw.com>
> **Sent:** Friday, September 16, 2022 3:18 PM
> **To:** Fischman, Harris <hfischman@paulweiss.com>
> **Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds

<[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>; Bloom, Ariana L. <[abloom@paulweiss.com](mailto:abloom@paulweiss.com)>
**Subject:** Re: In re Under Armour

Sorry all. I'm having technical problems and can dial in at 4 (hopefully) or need to reschedule until next week.

> On Sep 13, 2022, at 1:07 PM, Fischman, Harris <[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)> wrote:
>
> EXTERNAL SENDER
> 330 ok for you Ariana?
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> 1285 Avenue of the Americas | New York, NY 10019-6064
> [+1 212 373 3306](tel:+12123733306) (Direct Phone)
> [+1 212 492 0306](tel:+12124920306) (Direct Fax)
> [hfischman@paulweiss.com](mailto:hfischman@paulweiss.com) | [www.paulweiss.com](http://www.paulweiss.com)

---

**From:** Stephen Astley <[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Date:** Tuesday, Sep 13, 2022, 1:04 PM
**To:** Fischman, Harris <[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)>
**Cc:** Elizabeth Shonson <[eshonson@rgrdlaw.com](mailto:eshonson@rgrdlaw.com)>, Carol Reynolds <[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>, Bloom, Ariana L. <[abloom@paulweiss.com](mailto:abloom@paulweiss.com)>
**Subject:** Re: In re Under Armour

I'm good 2:30 - 4:30

> On Sep 13, 2022, at 1:02 PM, Fischman, Harris <[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)> wrote:
>
> EXTERNAL SENDER
> I have lengthy oral argument tomorrow and all day mediation on Thursday with some of your colleagues on another matter.  How does Friday look for you?
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison LLP**
> 1285 Avenue of the Americas | New York, NY 10019-6064
> [+1 212 373 3306](tel:+12123733306) (Direct Phone)
> [+1 212 492 0306](tel:+12124920306) (Direct Fax)
> [hfischman@paulweiss.com](mailto:hfischman@paulweiss.com) | [www.paulweiss.com](http://www.paulweiss.com)

---

**From:** Stephen Astley <[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Date:** Tuesday, Sep 13, 2022, 12:57 PM

3

**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol
Reynolds <creynolds@rgrdlaw.com>, Bloom, Ariana L.
<abloom@paulweiss.com>
**Subject:** Re: In re Under Armour

What does the remainder of your week look like?

> On Sep 9, 2022, at 11:32 AM, Fischman,
> Harris <hfischman@paulweiss.com>
> wrote:
>
> EXTERNAL SENDER
> Thank you, Stephen.  How does 11-2
> work for you all?  Ariana, ok for you?
>
>
> **Harris Fischman** | Partner
> **Paul, Weiss, Rifkind, Wharton & Garrison
> LLP**
> 1285 Avenue of the Americas | New York,
> NY 10019-6064
> +1 212 373 3306 (Direct Phone)
> +1 212 492 0306 (Direct Fax)
> hfischman@paulweiss.com | www.paulweis
> s.com
>
>
> ---
>
> **From:** Stephen Astley
> <sastley@rgrdlaw.com>
> **Date:** Friday, Sep 09, 2022, 10:51 AM
> **To:** Fischman, Harris
> <hfischman@paulweiss.com>
> **Cc:** Elizabeth Shonson
> <eshonson@rgrdlaw.com>, Carol
> Reynolds <creynolds@rgrdlaw.com>,
> Bloom, Ariana L.
> <abloom@paulweiss.com>
> **Subject:** Re: In re Under Armour
>
> Ok. What times work?
>
> > On Sep 9, 2022, at
> > 10:32 AM, Fischman,
> > Harris
> > <hfischman@paulweiss
> > .com> wrote:
> >
> > EXTERNAL
> > SENDER

Stephen, with apologies can we push to Monday?  I have a client dealing with a total fire drill and i need to be in emergency board meetings this afternoon.  Sorry about this.

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3306 (Direct Phone)
+1 212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Fischman, Harris <hfischman@paulweiss.com>
**Date:** Wednesday, Sep 07, 2022, 1:45 PM
**To:** Stephen Astley <sastley@rgrdlaw.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>, Carol Reynolds <creynolds@rgrdlaw.com>, Bloom, Ariana L. <ABloom@paulweiss.com>
**Subject:** RE: In re Under Armour

OK for me if OK for Ariana

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3306 (Direct Phone)

5

212 492 0306 (Direct Fax)
hfischman@paulweiss.com | www.paulweiss.com

---

**From:** Stephen Astley <sastley@rgrdlaw.com>
**Sent:** Wednesday, September 7, 2022 1:44 PM
**To:** Fischman, Harris <hfischman@paulweiss.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds <creynolds@rgrdlaw.com>; Bloom, Ariana L. <abloom@paulweiss.com>
**Subject:** RE: In re Under Armour

2pm?

---

**From:** Fischman, Harris <hfischman@paulweiss.com>
**Sent:** Wednesday, September 7, 2022 1:42 PM
**To:** Stephen Astley <sastley@rgrdlaw.com>
**Cc:** Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds <creynolds@rgrdlaw.com>; Ariana Bloom <abloom@paulweiss.com>
**Subject:** RE: In re Under Armour

EXTERNAL SENDER

How about Friday midday eastern?

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY

6

10019-6064
212 373 3306 (Direct
Phone)
212 492 0306 (Direct Fax)
[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com) | [www.paulweiss.com](http://www.paulweiss.com)

---

**From:** Stephen Astley
<[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Sent:** Wednesday,
September 7, 2022 1:41
PM
**To:** Fischman, Harris
<[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)>
**Cc:** Elizabeth Shonson
<[eshonson@rgrdlaw.com](mailto:eshonson@rgrdlaw.com)>; Carol Reynolds
<[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>
**Subject:** RE: In re Under
Armour

Did we set a time?

---

**From:** Fischman, Harris
<[hfischman@paulweiss.com](mailto:hfischman@paulweiss.com)>
**Sent:** Thursday, August
25, 2022 3:12 PM
**To:** Stephen Astley
<[sastley@rgrdlaw.com](mailto:sastley@rgrdlaw.com)>
**Cc:** Elizabeth Shonson
<[eshonson@rgrdlaw.com](mailto:eshonson@rgrdlaw.com)>; Carol Reynolds
<[creynolds@rgrdlaw.com](mailto:creynolds@rgrdlaw.com)>
**Subject:** RE: In re Under
Armour

EXTERNAL
SENDER
Hi Stephen,

I'm on vacation next
week and the rest of
this week is
crazy.  How does
Labor Day week look
for you?

Harris

7

**Harris Fischman** | Partner
**Paul, Weiss, Rifkind,**
**Wharton & Garrison LLP**
1285 Avenue of the
Americas | New York, NY
10019-6064
+1 212 373 3306 (Direct
Phone)
+1 212 492 0306 (Direct
Fax)
hfischman@paulweiss.co
m | www.paulweiss.com

---

**From:** Stephen Astley
<sastley@rgrdlaw.com>
**Date:** Thursday, Aug 25,
2022, 2:30 PM
**To:** Fischman, Harris
<hfischman@paulweiss.
com>
**Cc:** Elizabeth Shonson
<eshonson@rgrdlaw.co
m>, Carol Reynolds
<creynolds@rgrdlaw.co
m>
**Subject:** In re Under
Armour

Harris-

We'd like to meet and
confer over Plank's
interrogatory responses
if you will please let us
know an agreeable
day/time.

Kindest regards,

Stephen


**Stephen R. Astley**
Partner

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000



**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended**

**recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re Under Armour Securities Litigation | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.** RDB-17-388 |
| | * | |
| **Defendant.** | * | |

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒   Exhibit __G__ which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐   _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

I certify that at the same time I am filing this Notice, I will serve copies of the document

identified above by __email to all parties.__ .

| | |
|---|---|
| 04/06/2023 | _[signature]_ |
| Date | Signature |
| | Stephen R. Astley (admitted pro hac vice) |
| | Printed Name and Bar Number |
| | 225 NE Mizner Boulevard, Suite 720 Boca Raton, FL  33432 |
| | Address |
| | sastley@rgrdlaw.com |
| | Email Address |
| | 561/750-3000 |
| | Telephone Number |
| | 561/750-3364 |
| | Fax Number |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re Under Armour Securities Litigation | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.** RDB-17-388 |
| | * | |
| | * | |
| **Defendant.** | * | |

### NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒    Exhibit    H    which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐    _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

I certify that at the same time I am filing this Notice, I will serve copies of the document identified above by email to all parties.

04/06/2023
_____
Date

Signature

Stephen R. Astley (admitted pro hac vice)
_____
Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
_____
Address

sastley@rgrdlaw.com
_____
Email Address

561/750-3000
_____
Telephone Number

561/750-3364
_____
Fax Number

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

In re Under Armour Securities Litigation     *

**Plaintiff,**     *

    **v.**     *     **Case No.**   RDB-17-388

    *

**Defendant.**     *

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒    Exhibit _____ which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐    _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

I certify that at the same time I am filing this Notice, I will serve copies of the document identified above by email to all parties.

04/06/2023
_____
Date

Signature

Stephen R. Astley (admitted pro hac vice)
_____
Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
_____
Address

sastley@rgrdlaw.com
_____
Email Address

561/750-3000
_____
Telephone Number

561/750-3364
_____
Fax Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

In re Under Armour Securities Litigation          *

    **Plaintiff,**          *

    **v.**          *          **Case No.**  RDB-17-388

              *

    **Defendant.**          *

## NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒     Exhibit  J          which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐     _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

    I certify that at the same time I am filing this Notice, I will serve copies of the document identified above by email to all parties.

04/06/2023
_____
Date

_____
Signature

Stephen R. Astley (admitted pro hac vice)
_____
Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
_____
Address

sastley@rgrdlaw.com
_____
Email Address

561/750-3000
_____
Telephone Number

561/750-3364
_____
Fax Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

In re Under Armour Securities Litigation    *

**Plaintiff,**    *

**v.**    *    **Case No.**    RDB-17-388

   *

**Defendant.**    *

### NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒    Exhibit   K   which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐    _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

I certify that at the same time I am filing this Notice, I will serve copies of the document identified above by email to all parties. _____.

04/06/2023
_____
Date

Signature
_____

Stephen R. Astley (admitted pro hac vice)
_____
Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
_____
Address

sastley@rgrdlaw.com
_____
Email Address

561/750-3000
_____
Telephone Number

561/750-3364
_____
Fax Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

In re Under Armour Securities Litigation    *

    **Plaintiff,**    *

    **v.**    *     **Case No.**   RDB-17-388

   *

    **Defendant.**    *

### NOTICE OF FILING OF DOCUMENT UNDER SEAL

**Check one.**

☒    Exhibit   L    which is an attachment to _____

Declaration of Stephen R. Astley in Support of Plaintiffs' Second Motion to Compel

will be electronically filed under seal within 24 hours of the filing of this Notice.

☐    _____

(title of document)

will be electronically filed under seal within 24 hours of the filing of this Notice.

    I certify that at the same time I am filing this Notice, I will serve copies of the document

identified above by _____email to all parties._____.

04/06/2023

Date

Signature

Stephen R. Astley (admitted pro hac vice)

Printed Name and Bar Number

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432

Address

sastley@rgrdlaw.com

Email Address

561/750-3000

Telephone Number

561/750-3364

Fax Number

# EXHIBIT M

## Yolanda Sherman

| | |
|---|---|
| **From:** | Carol Reynolds |
| **Sent:** | Wednesday, November 16, 2022 1:13 PM |
| **To:** | RGRD Electronic Filing |
| **Subject:** | FW: draft stip modifying case schedule |

**From:** Groner, Samuel <Samuel.Groner@friedfrank.com>
**Sent:** Wednesday, November 16, 2022 12:06 PM
**To:** Stephen Astley <sastley@rgrdlaw.com>; Alex Folkerth <AFolkerth@rgrdlaw.com>; Bobby Henssler
<BHenssler@rgrdlaw.com>; Elizabeth Shonson <eshonson@rgrdlaw.com>; Carol Reynolds <creynolds@rgrdlaw.com>;
Matthew Richard <MRichard@rgrdlaw.com>
**Cc:** Anne Aufhauser <Anne.aufhauser@friedfrank.com>; Michael Sternheim <Michael.sternheim@friedfrank.com>
**Subject:** RE: draft stip modifying case schedule

EXTERNAL SENDER
Bobby/ Stephen:

Now that we've served our opposition to the motion to compel, we'd like to revisit our October 19 request to meet and
confer to see whether there is an opportunity to resolve (or at least narrow) the dispute. Does early in the week of
November 28 work? We can do November 28 from 2-3p ET or 3:30-4:30p ET. If not, please feel free to propose other
times that week.

Also, with regard to Stephen's email regarding a conference on UA's privilege log, we think it makes sense to have that
call after the meet and confer about the motion to compel, as there may be documents on the log that are addressed by
the motion to compel issues. We could do that call later in the week of November 28. How about November 30 at 12:30-
1:30p ET or 4:30-5:30p ET?

Finally, you asked about a redaction log. As is common in these type of cases, we do not plan to serve one because,
among other reasons, the information typically contained in such a log is plain from the face of the documents and it
would be unnecessary and unduly burdensome to prepare one. To the extent you have questions about the redactions
in particular documents, we would be happy to discuss.

Best,
Sam

**Samuel Groner**
**Partner**
Samuel.Groner@friedfrank.com | Tel:  +1 212 859 8565 | Mobile: +1 607 351 1828

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: he/him/his

**From:** Groner, Samuel <Samuel.Groner@friedfrank.com>
**Sent:** Thursday, October 20, 2022 10:49 AM

**To:** Stephen Astley <sastley@rgrdlaw.com>; Alex Folkerth <AFolkerth@rgrdlaw.com>; Bobby Henssler <BHenssler@rgrdlaw.com>
**Cc:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Radecki, Glenn <Glenn.Radecki@friedfrank.com>; Casamassima, Alexis <Alexis.Casamassima@friedfrank.com>
**Subject:** draft stip modifying case schedule

Bobby,

Attached is a proposed stipulation modifying the case schedule.  Please let us know if you have any comments or questions.

As discussed yesterday, assuming that Judge Bennett so orders this stipulation, the parties would agree that Under Armour's deadline to respond to the motion to compel (which plaintiffs served last Friday) shall be November 15.

As also discussed yesterday, in the meantime, plaintiffs have agreed, as a professional courtesy, to give Under Armour a few days of additional time to respond to the motion to compel, as we await word from you and Judge Bennett about the proposed stipulation.

I will be in the Maurath deposition today but happy to jump on the phone afterward to discuss if helpful.

Best,
Sam

**Samuel Groner**
**Partner**
Samuel.Groner@friedfrank.com |  Tel:  +1 212 859 8565 | Mobile: +1 607 351 1828

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: he/him/his

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.