IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Civil No. RDB-17-388<br><br><u>CLASS ACTION</u><br><br>CLASS REPRESENTATIVES' UNCONTESTED MOTION FOR ENTRY OF AN ORDER APPROVING NOTICE OF PENDENCY OF CLASS ACTION, NOTICE PROCEDURES, AND APPOINTMENT OF NOTICE ADMINISTRATOR |

Comes now Class Representatives Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund, Monroe County Employees' Retirement System, and KBC Asset Management NV (collectively, "Plaintiffs"), acting by and through their undersigned Class Counsel, who respectfully request that the Court approve giving Notice to the Class of the pendency of this action, approve the Notice procedures to be used, and appoint Gilardi & Co. LLC ("Gilardi") as Notice Administrator, all for the reasons set forth below:

1. Pursuant to the Court's Order dated September 29, 2022, the Court certified this securities case as a class action to proceed on behalf of the following Class:

> ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CLASS A AND CLASS C COMMON STOCK OF UNDER ARMOUR, INC. ("UNDER ARMOUR") BETWEEN SEPTEMBER 16, 2015, AND NOVEMBER 1, 2019, INCLUSIVE ("CLASS PERIOD"). EXCLUDED FROM THE CLASS ARE DEFENDANTS, PRESENT OR FORMER EXECUTIVE OFFICERS AND DIRECTORS OF UNDER ARMOUR AND THEIR IMMEDIATE FAMILY MEMBERS (AS DEFINED IN 17 C.F.R. §229.404, INSTRUCTIONS (1)(a)(iii) AND (1)(b)(ii)).

2. Plaintiffs have been appointed Class Representatives and Robbins Geller Rudman & Dowd LLP has been appointed Class Counsel.

3. Plaintiffs respectfully request that, pursuant to Fed. R. Civ. P. 23(c)(2)(B), the Court approve the Print Notice, the Summary Publication Notice, the Press Release Announcement of Class Pendency, and the Postcard Notice, attached hereto as Exhibits "A," "B," "C," and "D," respectively, for dissemination to all Class members, as well as the proposed instruction letter to Broker-Dealers regarding omnibus and nominee accounts, attached hereto as Exhibit "E." Plaintiffs submit that all absent Class members should receive notice of the status of this certified action, and be provided with the right and opportunity to opt-out of this action, prior to the commencement of trial, and be informed of the implications of exercising that right.

4. As is customary in similar securities class actions, Plaintiffs submit that the Notice of Class Pendency should be given by: (a) mailing a Postcard Notice directly to all Class members who can be reasonably identified, based on shareholder information received from Defendant Under Armour, Inc. ("Under Armour") and through mailings to brokers, banks, and other nominees who hold securities on behalf of their clients; (b) publishing a Summary Publication Notice in the newspapers *Investor's Business Daily* and *The Wall Street Journal*; (c) issuing a Press Release announcing the pendency of the certified class action via a national newswire service, providing information similar to the published Summary Notice; and (d) establishing a website and toll-free phone number for the litigation. The [Proposed] Order provides for each of these forms of Notice to the Class.

5. The proposed procedure for giving notice to the Class complies with the requirements of due process and with Rule 23 of the Federal Rules of Civil Procedure and constitutes the best notice practicable under the circumstances. *See In re Lumber Liquidators*

*Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 1:15-MD-2627 (AJT/TRJ), 2019 WL 10749716, at *1 (E.D. Va. Aug. 23, 2019) (noting approval of notice program of settlement terms that included mass mailing, publication, a website, and toll-free hotline was "the best notice practicable under the circumstances as well as valid, due, and sufficient notice"); *Brunson v. Louisiana-Pac. Corp.*, 818 F. Supp. 2d 922, 925-26 (D.S.C. 2011) (approving notice program that included direct mail and publication, which constituted "the best notice practicable . . . meeting or exceeding all applicable requirements of Federal Rule of Civil Procedure 23"); *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 231 (S.D. W. Va. 2005) (approving notice plan that established a notice and claims information website, a toll-free number to take questions, and included nationwide publication and individual mailings); *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 669–70 (E.D. Va. 2001) (finding notice program consisting of direct mail, publication of summary notice in several national publications, and posting on websites maintained by counsel constitutes "the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort") (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974)).

6.   Under Armour has agreed that within twenty-one (21) calendar days of entry of an order approving the class notice procedures, it will make reasonable efforts to provide the Notice Administrator the most recent mailing list, to the extent one exists, of shareholders of record of Under Armour, Inc. Class A or Class C common stock during the period between September 16, 2015 and November 1, 2019, inclusive, in electronic form for the purposes of effectuating class-wide notice.  The Notice Administrator will submit this list to the National Change of Address registry maintained by the United States Postal Service requesting updated address information.

Any updated address information will be included in the data file used to complete the mailing of the Notice.

7. Under Armour's provision of the aforementioned list shall not waive or otherwise limit the right or ability of defendants Under Armour and Kevin A. Plank (collectively, "Defendants") to challenge or object to the inclusion of any specific individual or entity in the Class.

8. Plaintiffs request that Class members be given 60 days from the time of mailing of the Notice to opt-out of this action. If mailed and published in accordance with the proposed schedule, Class members will be afforded a reasonable amount of time prior to trial to opt-out of the Class if they so desire.

9. Class Counsel have conferred with counsel for Defendants regarding the Notice content and methods of dissemination requested herein. Without waiving their objections to the Court's grant of class certification (and expressly reserving their rights with respect to such objections), Defendants do not oppose the forms of Notice attached hereto as Exhibits "A," "B," "C," "D," and "E," or the methods of dissemination.

10. Class Counsel recommend and request that Gilardi be appointed Notice Administrator. Gilardi is a prominent and nationally recognized leader in the claims and notice administration field, and is able and willing to take on the responsibilities of serving as the Notice Administrator. *See* www.gilardi.com. Defendants do not have any objection to the appointment of Gilardi as the Notice Administrator.

WHEREFORE, Plaintiffs respectfully request that this Court approve the Notices attached hereto as Exhibits "A," "B," "C," "D," and "E," approve the manner of dissemination specified

herein as being the best notice practicable under the circumstances, and approve Class Counsel's engagement of Gilardi as Notice Administrator.  A [Proposed] Order is submitted herewith.

DATED:  August 22, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
JACK REISE
ANDREW T. REES
MASON G. ROTH

*s/ Stephen R. Astley*
STEPHEN R. ASTLEY

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
jreise@rgrdlaw.com
arees@rgrdlaw.com
mroth@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
X. JAY ALVAREZ
ROBERT R. HENSSLER, JR.
MATTHEW I. ALPERT
JUAN CARLOS SANCHEZ
CHRISTOPHER R. KINNON
T. ALEXANDER B. FOLKERTH
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
jaya@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
jsanchez@rgrdlaw.com
ckinnon@rgrdlaw.com
afolkerth@rgrdlaw.com

*Lead Counsel for Plaintiffs*

MOTLEY RICE LLC
JOSHUA C. LITTLEJOHN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mt. Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for KBC Asset Management NV*

VANOVERBEKE, MICHAUD
& TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel for Monroe County Employees' Retirement System*

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
ANDREW C. WHITE, Bar No. 0821
WILLIAM SINCLAIR, Bar No. 28833
PIERCE C. MURPHY, Bar No. 30030
201 North Charles Street, 26th Floor
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com
pmurphy@mdattorney.com

*Local Counsel*

## CERTIFICATE OF SERVICE

I, Stephen R. Astley, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and papers copies will be sent to those indicated as non-registered participants on August 22, 2023.

*s/ Stephen R. Astley*
STEPHEN R. ASTLEY

4857-1239-4346.v4