IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) ) | Civil No. RDB-17-388 <br> <u>CLASS ACTION</u> |
| This Document Relates To: <br> ALL ACTIONS. | ) ) ) ) ) | |

[~~PROPOSED~~] ORDER GRANTING CLASS REPRESENTATIVES' UNCONTESTED MOTION FOR ENTRY OF AN ORDER APPROVING NOTICE OF PENDENCY OF CLASS ACTION, NOTICE PROCEDURES, AND APPOINTMENT OF NOTICE ADMINISTRATOR

And now this 24TH day of AUGUST, 2023, upon consideration of the Class Representatives' Uncontested Motion for Entry of an Order Approving Notice of Pendency of Class Action, Notice Procedures, and Appointment of Notice Administrator (the "Motion") relating to giving notice of pendency of this class action and Class members' rights of exclusion, and there being no objection by defendants Under Armour, Inc. ("Under Armour") and Kevin A. Plank (collectively, "Defendants") to the Court's entry of this Order, IT IS HEREBY DETERMINED AND ORDERED THAT the Motion is GRANTED as follows:

1. The proposed Notice of Pendency of Class Action (the "Printed Notice"), the proposed Summary Publication Notice (the "Summary Notice"), the proposed Press Release ("Press Release"), and the Postcard Notice, all of which are attached to this Order as Exhibits "A," "B," "C," and "D," respectively (collectively, the "Notice"), are found to comport with the mandates of Rule

23(c)(2)(B) of the Federal Rules of Civil Procedure in that the Notice plainly states the nature of the action, the definition of the Class certified, and the Class claims, and, advises each member of the Class that:

  (a)  the Court will exclude from the Class any member who requests exclusion by a specified date;

  (b)  the time and manner for requesting exclusion;

  (c)  any judgment in this litigation, whether favorable or not, will include all members who do not request exclusion and is binding; and

  (d)  any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

2.  Counsel for the Class Representatives shall cause the Postcard Notice to be mailed to all potential members of the Class who can be identified through reasonable effort, cause the Summary Notice to be published once in the national editions of *Investor's Business Daily* and *The Wall Street Journal*, and cause the Press Release to be issued once over a national newswire service. The Printed Notice and the Summary Notice shall also be posted on a website established for this class action by Gilardi & Co. LLC ("Gilardi") (which will serve as the Notice Administrator, *see infra*). The Court finds that the foregoing meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereof.

3.  Under Armour, through its counsel, has agreed that within twenty-one (21) calendar days of entry of this Order, Under Armour will make reasonable efforts to provide Class Counsel with an electronic copy of the most recent mailing list in Under Armour's possession and control, to the

extent one exists, of shareholders of record of Under Armour, Inc. Class A or Class C common stock during the period between September 16, 2015 and November 1, 2019, inclusive (the "Class Period"), which list shall be provided to the Notice Administrator solely to facilitate prompt and efficient mailing or emailing of the Postcard Notice. The Notice Administrator will submit this list to the National Change of Address registry maintained by the United States Postal Service requesting updated address information. Any updated address information will be included in the data file used to complete the mailing of the Postcard Notice. Under Armour's provision of the aforementioned list shall not waive or otherwise limit the right or ability of Defendants to challenge or object to the inclusion of any specific individual or entity in the Class.

4. Class Counsel is hereby authorized to retain Gilardi as the Notice Administrator. The Notice Administrator shall supervise and administer the Notice procedure as more fully set forth below:

(a) Not later than thirty-five (35) days after entry of this Order, Class Counsel, through the Notice Administrator, shall cause a copy of the Postcard Notice, substantially in the form submitted to the Court and conformed as needed to comport with this Order, to be emailed or mailed by first class mail to all Class members who can be identified with reasonable effort appearing on the mailing list (the "Notice Date");

(b) Contemporaneously with the mailing and emailing of the Postcard Notice, the Notice Administrator shall establish a dedicated website, to make available to Class members the full-length Printed Notice and other case information and filings, including: (1) the Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Class Certification (ECF 245, 246); (2) the Consolidated Third Amended Complaint for Violations of the Federal Securities Laws (ECF 153); (3) the Court's Memorandum Opinion denying Defendants' Motion to Dismiss (ECF 173); (4) Defendants' Answer (ECF 185), as well as such other documents as the parties may agree or the

Court shall require. The website shall provide an address for the purpose of receiving requests for exclusion from the Class and requests for copies of the Printed Notice. The website will be available until at least one year after any settlement, other resolution, or the conclusion of trial and exhaustion of all possible appeals in this action. The Notice Administrator shall establish a toll-free telephone number for Class members to call if they have questions or to request copies of the Class notices or other documents; and

(c)  Within seven (7) calendar days of mailing of the Postcard Notice, Class Counsel, through the Notice Administrator, shall cause the Summary Notice, substantially in the form submitted to the Court, to be published once in the national editions of *Investor's Business Daily* and *The Wall Street Journal* and as a press release substantially in the form submitted to the Court, over a national newswire service. The Summary Notice shall also be posted on the website for the class action established and maintained by Gilardi.

5. The Notice Administrator shall use reasonable efforts to give notice to omnibus account or nominee owners such as brokerage firms and other persons or entities who purchased Under Armour, Inc. shares as record owners but not as beneficial owners. To the extent the beneficial account holders are not known or readily available, nominee owners who purchased, acquired, or held stock for the benefit of another person during the Class Period shall be requested to send the Postcard Notice to all such beneficial owners within seven days after receipt thereof, or to send a list of names and addresses of such beneficial owners to the Notice Administrator within seven days of receipt thereof, in which event the Notice Administrator shall promptly mail the Postcard Notice to such beneficial owners and update the electronic mailing list. Nominee owners who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice shall be

made available to any record holder requesting the Postcard Notice for the purpose of distribution to beneficial owners. Such record holders shall be reimbursed by Class Counsel, upon receipt by the Notice Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Notice Administrator per record; up to a maximum of $0.03 per Postcard Notice. The Notice Administrator will, contemporaneously with the mailing of the Postcard Notice, send a letter in the form set out in Exhibit "E" attached to this Order specifically requesting the brokerage firms, banks, and other nominees to, within seven days of receipt of the letter and Postcard Notice: (a) supply an Excel file, text file, or other compatible data format containing the names, email addresses if available, and mailing addresses of Class members; (b) indicate that they will email or mail the Postcard Notices themselves and identify how many Postcard Notices they require to complete the mailing; or (c) indicate they have no records of Class members as described in the Postcard Notice in this litigation. Copies of the Postcard Notice and the Printed Notice shall also be posted on the website established and maintained for the class action by the Notice Administrator.

6. The Notice Administrator shall also cause the Postcard Notice and the Printed Notice to be published by the Depository Trust Corporation ("DTC") on the DTC Legal Notice System.

7. Any person falling within the definition of the Class shall be bound by all determinations and judgments in the above-captioned action, whether favorable or unfavorable to the Class, unless such person requests exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class member wishing to make such a request for exclusion shall mail the request by first class mail postmarked no later than 60 days following the initial mailing described in Paragraph 4(a) above to the address designated in the Printed Notice and the case website. Such request for exclusion shall

clearly identify the name and address of the person seeking exclusion, the number of shares of Under Armour Class A or Class C common stock purchased or otherwise acquired during the Class Period, be signed, and clearly state that the person requests to be excluded from the Class. Class members requesting exclusion from the Class shall not be entitled to any recovery that might be obtained in the above-captioned action, or bound by any Court orders or judgments in the above-captioned action.

8. The Notice Administrator shall identify and number all exclusion requests received and create images of those requests for Class Counsel and counsel for Defendants. The Notice Administrator shall maintain original requests in its files. The Notice Administrator shall promptly provide via email copies of any exclusion requests received to Class Counsel and counsel for Defendants.

9. Within seven (7) calendar days following the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Postcard Notice, proof of publication of the Summary Notice and issuance of the Press Release, and an affidavit or declaration setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class, as well as a list of persons and entities who requested exclusion from the Class that were not deemed to be valid or timely.

10. Any member of the Class may enter an appearance in the above-captioned action, at their own expense, individually or through counsel of their own choice; such appearances must be entered no later than sixty (60) days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

11. Subject to potential reimbursement, the costs of notice shall be borne by Class Counsel.

12. This Order may be modified by the Court upon motion by any party, for good cause shown.

IT IS SO ORDERED.

DATED: *August 24, 2023*  _____
THE HONORABLE RICHARD D. BENNETT
UNITED STATES SENIOR DISTRICT JUDGE

- 7 -