IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) ) Civil No. RDB-17-388 ) ) ) ) ) ) |
| This Document Relates To: ALL ACTIONS. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO ANY GOVERNMENT INVESTIGATION OF UNDER ARMOUR, INC.**

Defendants Under Armour, Inc. ("Under Armour" or the "Company") and Kevin A. Plank (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion *in limine* to exclude at trial evidence related to Securities and Exchange Commission ("SEC") and Department of Justice ("DOJ") investigations involving Under Armour, including references to these investigations in a November 3, 2019 *Wall Street Journal* article (the "WSJ Article").[1]

**PRELIMINARY STATEMENT**

Introducing references to the SEC and DOJ investigations at trial will unfairly prejudice Defendants and serves no legitimate purpose and, therefore, should not be permitted. This Court already has ruled that Under Armour's settlement with the SEC and the May 3, 2021 SEC Order

---

[1] *See* Declaration of Harris M. Fischman in support of Defendants' motions *in limine*, dated May 24, 2024 ("Fischman Decl."), Ex. 2, Aruna Viswanatha & Khadeeja Safdar, *Under Armour Is Subject of Federal Accounting Probes*, WALL ST. J. (Nov. 3, 2019), available at https://www.wsj.com/articles/under-armour-is-subject-of-federal-accounting-probe-11572819835 (the "WSJ Article"). The WSJ Article is identified on Plaintiffs' preliminary exhibit list in unredacted form.

Instituting Cease-and-Desist Proceedings against Under Armour (the "SEC Order") are inadmissible at trial. (*See* Fischman Decl. Ex. 4, April 9, 2024 *Daubert* Hearing Tr. at 218:12–14 ("I've clearly said that the disposition of the SEC matter isn't before the jury, facts that they found [aren't] before the jury"); Fischman Decl. Ex. 5, February 9, 2024 Motions Hearing Tr. at 167:13–15 ("[Federal Rule of Evidence] 408 precludes any introduction of the SEC [O]rder, be it the Statement of Facts, Findings of Fact, Conclusions of Law.").) This Court similarly has confirmed that the SEC investigation and its findings are "out of this case" and are not "going to come before the jury." (*See* Fischman Decl. Ex. 1, May 16, 2024 Telephonic Hearing Tr. at 17:4–6; 18:23–19:2.) Consistent with the Court's prior ruling and guidance to the parties, this motion seeks to preclude any reference at trial to the SEC or DOJ investigations, including references to those investigations in the WSJ Article, which Plaintiffs allege is a partial corrective disclosure.

Plaintiffs do *not* allege that references to the SEC and DOJ investigations in the WSJ Article are in and of themselves corrective disclosures or otherwise relevant to the claims and defenses in this case. (*See* Pls.' Opp. to Defs.' Mot. to Dismiss, dated January 29, 2021, ECF No. 162, at 4 ("Plaintiffs do not allege (nor have they ever alleged) that Under Armour was under a duty to disclose the investigations.").) Instead, Plaintiffs allege that the WSJ Article partially revealed to the market that Under Armour had "'shifted sales from quarter to quarter' during the Class Period in order to make its financial results appear healthier than they actually were." (Third Am. Compl., dated October 14, 2020, ECF No. 153 ("TAC") ¶ 318; *see also* Pls' Opp. to Mot. for Summ. J., dated November 6, 2023, ECF No. 336, at 52–53 ("[T]he November 3, 2019 disclosure 'revealed additional information to the market about the historical steps taken by Company executives to hide Under Armour's declining customer demand and

revenue growth by ***engaging in (undisclosed) suspect sales and accounting practices to make the Company appear healthier financially***.'") (quoting Expert Report of Matthew D. Cain, dated April 3, 2023, ECF No. 303-18, ("Cain Expert Report") ¶ 90) (emphases in original).)

In other words, the discussion of the SEC and DOJ investigations in the WSJ Article forms no part of the alleged corrective disclosures that Plaintiffs claim were made in that article. There is simply no reason to refer to the investigations or to allow the jury to see the discussion of the investigations in the WSJ Article.

At the April 9, 2024 *Daubert* hearing, the Court asked the parties to discuss addressing the WSJ Article to "present the chronology of [Plaintiffs'] case" while excluding prejudicial references to the investigations. (*See* Fischman Decl. Ex. 4, Apr. 9. 2024 *Daubert* Hearing Tr. at 220:3–10; 218:8–21.) Accordingly, Defendants proposed to Plaintiffs a modified version of the WSJ Article to introduce into evidence by stipulation. (*See* Fischman Decl. Ex. 3, WSJ Article with Defs.' Proposed Modifications.)[2] Defendants' proposed modifications retain the alleged corrective information from the WSJ Article—specifically, that questions had been raised regarding Under Armour's "accounting practices and disclosures" and whether the Company "shifted sales from quarter to quarter to appear healthier"—while redacting the irrelevant and prejudicial language regarding the SEC and DOJ investigations, and replacing it with language drawn from other parts of the WSJ Article. (*See id.*) Defendants' proposed modifications otherwise substantially retain the quoted portions of the article from Plaintiffs' TAC, including a full block quote in Paragraph 318, which allegedly attributed the "26 straight quarters of at least

---

[2] The highlighting represents Defendants' proposed redactions; the red boxes indicate proposed modifications to the text drawn from other parts of the article.

3

20% year-over-year revenue growth" to the revenue-recognition practices described in the article.  (*See id.*; *see also* TAC ¶ 318.)

Plaintiffs have rejected Defendants' proposed modifications to the article and instead suggested that the inadmissible references to the investigations be addressed with a jury instruction.  Plaintiffs' counterproposal misses the mark; any reference to the SEC or DOJ investigations should be excluded from this case, including from the WSJ Article.[3]

## ARGUMENT

I. **ANY MENTION OF THE SEC OR DOJ INVESTIGATIONS WOULD BE UNDULY PREJUDICIAL AND HAS NO PROBATIVE VALUE.**

Under Federal Rule of Evidence 403 ("Rule 403"), evidence may be excluded if its probative value is substantially outweighed by, among other things, a danger of "unfair prejudice, confusing the issues, [or] misleading the jury."  *See* Fed. R. Evid. 403.  Pursuant to Rule 403, any reference to the SEC or DOJ investigations should be precluded, whether in the WSJ Article or otherwise, for multiple reasons.

***First***, the fact that the SEC and DOJ conducted investigations is not relevant and not being offered for any proper purpose.  These investigations prove nothing about Defendants'

---

[3]  Defendants have attempted to eliminate this dispute over redactions to the WSJ Article by proposing that the parties stipulate to the relevant facts from the article without needing to introduce into evidence the article itself.  Defendants proposed the following:

> 74. On November 3, 2019, the Wall Street Journal ("WSJ") published an article stating that UA faced scrutiny regarding "whether the sportswear maker shifted sales from quarter to quarter to appear healthier."

> 75. The WSJ reported that UA "had been among the fastest-growing apparel makers, riding 26 straight quarters of at least 20% year-over-year revenue growth," but that "[t]hat streak ended abruptly when Under Armour missed its sales targets in the final quarter of 2016," and "the company's shares plunged after it reported sales growth of 12% in the holiday quarter and cut its growth forecasts for the next year."

4

conduct. Rather, referencing these investigations is merely a backdoor to suggest that the jury should believe that Defendants engaged in the misconduct alleged by Plaintiffs because the SEC and DOJ conducted investigations into aspects of the conduct at issue. That is not a proper purpose. Additionally, allowing such evidence to be presented will create confusion amongst the jurors. It is an invitation to jurors to speculate as to what happened in those investigations and what weight they should put on the fact that an investigation occurred. For all these reasons, courts regularly preclude evidence of government investigations where, as is the case here, the results of those investigations are not admissible at trial. *See Metrix Warehouse, Inc.* v. *Daimler-Benz Aktiengesellschaft*, 555 F. Supp. 824, 825–27 (D. Md. 1983) (excluding "any reference to and mention of" a prior DOJ suit brought against the defendant where it was not relevant to the pending dispute); *City of Farmington Hills Emps. Ret. Sys.* v. *Wells Fargo Bank, N.A.*, 2014 WL 12610207, at *2 (D. Minn. Apr. 3, 2014) (granting motion to exclude, among other things, evidence of an SEC and criminal investigation of certain employees because it did "not survive a Rule 403 analysis"); *In re Bankatlantic Bancorp, Inc. Sec. Litig,* 2010 WL 11426137, at *3 (S.D. Fla. Aug. 20, 2010) (excluding all evidence and testimony concerning an SEC investigation under Federal Rules of Evidence 401, 402, and 403); *In re Safety-Kleen Bondholders Litig.*, 2005 WL 6075368, at *6 (D.S.C. Feb. 4, 2005) (excluding all evidence related to government investigations).

Further, as the Court has acknowledged, referencing the SEC investigation at trial would be especially prejudicial as to Mr. Plank because the SEC did *not bring any claim* against him. *See Carpenters Health & Welfare Fund* v. *Coca-Cola Co.*, 2008 WL 9358563, at *4–5 (N.D. Ga. Apr. 23, 2008) at *6 (admission of SEC settlement would be "especially" prejudicial to defendants "who were not parties to the SEC proceedings"); *see also* (Fischman Decl. Ex. 1,

May 16, 2024 Telephonic Hearing Tr. at 26:8–12 ("[T]he record should reflect that I'm very concerned as to Mr. Plank as an individual being caught up in the backwash here with respect to prejudicial evidence as to an inquiry and investigation by [the] SEC[.]").)

Introduction of references to a criminal investigation by the DOJ would raise similar fairness concerns as to both Defendants, as that investigation concluded with no charges against Under Armour, Mr. Plank or any other officer, director or employee of the Company.

***Second***, it is not disputed by either party that the SEC and DOJ investigations are not relevant to the case. Plaintiffs concede that the Company had no obligation to disclose those investigations and that the corrective disclosures contained in the WSJ Article—the relevant information—is *not* the references to those investigations. (*See* Pls.' Opp. to Defs.' Mot. to Dismiss at 4 ("Plaintiffs do not allege (nor have they ever alleged) that [UA] was under a duty to disclose the investigations.").) Instead, any relevance of the WSJ Article is limited to its alleged partial corrective disclosure of—in Plaintiffs' own words—the alleged "historical steps taken by Company executives to hide Under Armour's declining customer demand and revenue growth by engaging in (undisclosed) suspect sales and accounting practices to make the Company appear healthier financially." (Pls' Opp. to Mot. for Summ. J. at 53 (emphasis omitted) (quoting Cain Expert Report.) Any mention of the SEC and DOJ investigations is thus unnecessary for Plaintiffs to present their case and should be excluded.

II.   **THE WSJ ARTICLE CAN BE MODIFIED TO EXCLUDE REFERENCES TO THE SEC INVESTIGATION WHILE RETAINING THE ALLEGEDLY CORRECTIVE INFORMATION.**

Defendants' proposed modifications to the WSJ Article retain the allegedly corrective information at issue in this case while eliminating the prejudicial and irrelevant references to both the SEC investigation and the DOJ investigation. Courts routinely allow redaction of

inadmissible portions from trial exhibits.[4]  *See. e.g.*, *Pearlstein* v. *BlackBerry Ltd.*, 2022 WL 831675, at *2 (S.D.N.Y. Mar. 21, 2022) (allowing admission of document subject to redaction of inadmissible references to SEC investigation); *Powers* v. *Mem'l Sloan Kettering Cancer Ctr.*, 2023 WL 2663571, at *1 (S.D.N.Y. Mar. 28, 2023) (allowing exhibit to be introduced with redactions to remove inadmissible evidence); *Bridgewater* v. *City of Indianapolis*, 2016 WL 5371841, at *4 (S.D. Ind. Sept. 26, 2016) (same); *Petersen* v. *Cordes*, 2003 WL 22533664, at *3 (N.D. Ill. Nov. 6, 2003) (same).

Plaintiffs have not proposed any alternative to Fischman Declaration Exhibit 3, except suggesting, as noted above, that references to the investigations in the WSJ Article could be cured with a jury instruction.  The Court, however, has already recognized the inadequacy of that proposal with respect to the SEC settlement and findings therein, noting that "any evidence with respect to any resolution of the SEC matter" is not sufficiently "covered by a cautionary instruction."  (Fischman Decl. Ex. 5, February 9, 2024 Motions Hearing Tr. at 157:14–17.)

The same outcome should be reached as to references to the SEC and DOJ investigations.  There simply is no need to introduce references to irrelevant government investigations that will distract and confuse the jury and pose serious risks of unfairly prejudicing the Defendants.  Especially here, where the WSJ article can be modified (or an agreed-upon stipulation can be reached),[5] with no prejudice whatsoever to the Plaintiffs' ability to present their alleged corrective disclosures and try their case.

---

[4]  To the extent that Plaintiffs intend to admit other exhibits that reference the SEC or DOJ investigations, these documents should be similarly modified or redacted prior to introduction at trial.

[5]  As noted above, in the parties' pre-trial exchanges, Defendants have also proposed stipulations of fact regarding the WSJ Article that obviate the need to introduce the WSJ Article as a trial exhibit.

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court order that any evidence and argument related to the SEC or DOJ investigations—including in the WSJ Article—is inadmissible and excluded from trial.

DATED: May 24, 2024                     Respectfully submitted,


By:   */s/ G. Stewart Webb, Jr.*
         G. STEWART WEBB, JR. (Bar No. 00828)

WILLIAM B. KING (Bar No. 19643)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: 410/244-7565
410/244-7742 (fax)
gswebb@venable.com
wbking@venable.com

FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP
JAMES D. WAREHAM (Bar No. 22890)
801 17th Street, NW
Washington, DC 20006
Telephone: 202/639-7000
202/639-7003 (fax)
james.wareham@friedfrank.com

FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP
SAMUEL P. GRONER (*pro hac vice*)
MICHAEL P. STERNHEIM (*pro hac vice*)
ANNE S. AUFHAUSER (*pro hac vice*)
One New York Plaza
New York, NY  10004
Telephone: 212/859-8000
212/859-4000 (fax)
samuel.groner@friedfrank.com
michael.sternheim@friedfrank.com
anne.aufhauser@friedfrank.com

        KRAMER LEVIN NAFTALIS & FRANKEL LLP
BARRY H. BERKE (*pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212/715-7560
212/715-5660 (fax)
BBerke@kramerlevin.com

KRAMER LEVIN NAFTALIS & FRANKEL LLP
WILLIAM J. TRUNK (*pro hac vice*)
2000 K Street NW, 4th Floor
Washington, DC 20006
Telephone:  202/775-4517
202/775-4510 (fax)
WTrunk@kramerlevin.com

*Counsel for Defendant Under Armour, Inc.*

Dated:  May 24, 2024        By: ___*/s/ Scott R. Haiber*_____
        (signed with permission of Scott R. Haiber)
        SCOTT R. HAIBER (Bar No. 25947)

PETER J. MARTINEZ (Bar No. 28672)
HOGAN LOVELLS US LLP
100 International Drive
Suite 2000
Baltimore, MD 21202
Telephone: 410/659-2700
410/659-2701 (fax)
scott.haiber@hoganlovells.com
peter.martinez@hoganlovells.com

*Counsel for Defendant Kevin A. Plank*

9

        PAUL, WEISS, RIFKIND, WHARTON
        & GARRISON LLP
        THEODORE V. WELLS, JR. (*pro hac vice*)
        LORIN L. REISNER (*pro hac vice*)
        HARRIS M. FISCHMAN (*pro hac vice*)
        1285 Avenue of the Americas
        New York, NY  10019
        Telephone:  212/373-3306
        212/492-0306 (fax)
        twells@paulweiss.com
        lreisner@paulweiss.com
        hfischman@paulweiss.com

        *Of Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 24, 2024, I caused the foregoing Defendants' Memorandum of Law in Support of Defendants' Motion *In Limine* to Exclude Evidence Related to Any Government Investigation of Under Armour, Inc. to be electronically filed with the Clerk of the Court and served on all counsel of record via the CM/ECF filing system.

                                                          /s/     William B. King____
                                                          William B. King