# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) )  ) | Civil No. RDB-17-388 |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of July 12, 2024 (the "Stipulation" or the "Settlement Agreement"), embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) lead plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Pension Fund" or "Lead Plaintiff" and, together with the members of the Class, "Plaintiffs"), on behalf of itself and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) defendants Under Armour, Inc. ("Under Armour" or the "Company") and Kevin A. Plank ("Plank") (together, "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation (the "Action") pending in the United States District Court for the District of Maryland (the "Court").[1] The Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, dismiss

---

[1] Plaintiffs Monroe County Employees' Retirement System and KBC Asset Management assent to the Stipulation (collectively "Class Representatives").

- 1 -

with prejudice, release, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in §IV.1, *infra*.

## I.    THE LITIGATION

The Action is currently pending before the Honorable Richard D. Bennett in the United States District Court for the District of Maryland and is brought on behalf of a proposed class of all persons and entities who purchased or otherwise acquired Class A and Class C common stock of Under Armour between September 16, 2015, and November 1, 2019, inclusive (the "Class Period").

The initial complaint was filed on February 10, 2017.  On April 26, 2017, the Court appointed the Pension Fund as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.  On August 9, 2017, Lead Plaintiff filed its Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and violations of §§11 and 15 of the Securities Act of 1933 (the "Securities Act").  The named defendants in the Amended Complaint were Under Armour; Plank; Lawrence P. Molloy; Brad Dickerson; Byron K. Adams, Jr.; George W. Bodenheimer; Douglas E. Coltharp; Anthony W. Deering; Karen W. Katz; A.B. Krongard; William R. McDermott; Eric T. Olson; Harvey L. Sanders; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Wells Fargo Securities, LLC; HSBC Securities (USA) Inc.; PNC Capital Markets, LLC; BB&T Capital Markets, a division of BB&T Securities, LLC; SunTrust Robinson Humphrey, Inc.; Citigroup Global Markets Inc.; Goldman Sachs & Co. LLC; Regions Securities LLC; and SMBC Nikko Securities America, Inc. (collectively, the "Original Defendants").

- 2 -

On November 9, 2017, the Original Defendants filed motions to dismiss the Amended Complaint.  Lead Plaintiff filed its oppositions to the Original Defendants' motion to dismiss on January 22, 2018.  On March 22, 2018 and March 23, 2018, the Original Defendants filed their replies in further support of their motions to dismiss, and by order dated September 19, 2018, the Court granted the Original Defendants' motions and dismissed the claims under §§11 and 15 of the Securities Act with prejudice and the claims under §§10(b) and 20(a) of the Exchange Act without prejudice.

On November 16, 2018, Lead Plaintiff filed its Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint") against Defendants Under Armour and Plank.  On January 17, 2019, Defendants filed motions to strike and to dismiss the Second Amended Complaint.  Lead Plaintiff filed its opposition to the motions and its own motion to strike on March 18, 2019.  On May 2, 2019, Defendants filed their replies in further support of their motions to dismiss and to strike, respectively, and their opposition to Lead Plaintiff's motion to strike.  On May 31, 2019, Lead Plaintiff filed its reply in further support of its motion to strike.  On August 19, 2019, the Court granted the motions and dismissed the Second Amended Complaint with prejudice.  The Court entered judgment in favor of Defendants on September 9, 2019.

Lead Plaintiff noticed its appeal of the judgment to the United States Court of Appeals for the Fourth Circuit on September 17, 2019.  On November 3, 2019, while the appeal was pending, *The Wall Street Journal* published an article (the "11/3/19 WSJ article").  Based on information in the 11/3/19 WSJ article, Lead Plaintiff moved for relief from judgment under Federal Rule of Civil Procedure 60(b) and for an indicative ruling under Federal Rule of Civil Procedure 62.1 on November 18, 2019.  Because other putative class actions, *Patel v. Under Armour, Inc.*, No. 1:19-cv-

- 3 -

03209-RDB (D. Md.) ("*Patel*") and *Waronker v. Under Armour, Inc.*, No. 1:19-cv-03581-RDB (D. Md.) ("*Waronker*"), were filed based on these new allegations, Lead Plaintiff also moved to consolidate these actions into the instant proceedings on November 18, 2019.  Defendants filed responses in opposition to these motions on December 2, 2019 and December 9, 2019.  Lead Plaintiff filed replies in support of these motions on December 23, 2019.

The Court held a hearing on these motions on January 14, 2020.  On January 22, 2020, the Court granted Lead Plaintiff's motion for indicative ruling and ordered Lead Plaintiff to submit notice of this order to the Fourth Circuit.  On August 13, 2020, the Fourth Circuit remanded for the limited purpose of allowing the district court to rule on Appellants' Fed. R. Civ. P. 60(b) motion.  On September 14, 2020, the Court held a hearing on Lead Plaintiff's motions for relief from judgment and for consolidation of the *Patel* and *Waronker* actions.  The Court granted these motions by written order on the same day and ordered Lead Plaintiff to file an additional amended complaint.  On October 14, 2020, Lead Plaintiff filed its Consolidated Third Amended Complaint for Violations of the Federal Securities Laws (the "Third Amended Complaint").  The claims in the Third Amended Complaint allege misrepresentations and omissions by the Company and officers of the Company in reports filed with the SEC, Under Armour press releases, and investor conference calls during the Class Period.  Defendants maintain that the statements in the SEC filings, Under Armour press releases, and investor calls were not materially false or misleading and were issued in the regular course of business as part of the Company's and the Company's officers' duty to report regularly to shareholders.  Defendants again moved to dismiss on December 4, 2020, and following briefing, on May 18, 2021, the Court denied Defendants' motion to dismiss.

Thereafter, the parties proceeded through discovery, including producing hundreds of thousands of documents, conducting over 40 depositions, and preparing 10 expert reports.  On

July 23, 2021, Defendants filed an answer to the Third Amended Complaint and therein asserted affirmative and other defenses to Plaintiffs' claims.

Plaintiffs moved for class certification on December 1, 2021, and, after briefing, the motion was granted on September 29, 2022.  The Class Members are Persons who purchased or otherwise acquired Class A and Class C common stock of Under Armour.  On August 22, 2023, Lead Plaintiff (together with the Class Representatives) filed Class Representatives' Uncontested Motion for Entry of an Order Approving Notice of Pendency of Class Action, Notice Procedures, and Appointment of Notice Administrator, which the Court granted on August 24, 2023.  Thereafter, Gilardi & Co. LLC, the court-appointed notice administrator, provided notice (the "Notice of Pendency of Class Action") to the Class, by mail, publication, and posting to a website established by the notice administrator, of the claims in this Action.  The deadline for members of the Class to request exclusion from the Class was November 27, 2023.  The notice administrator made reports to the Court on December 4, 2023 and December 11, 2023 regarding 68 requests for exclusion from the Class received by the notice administrator.

On October 2, 2023, Defendants moved for summary judgment, and also filed motions to exclude certain testimony from Plaintiffs' experts; on the same day, Plaintiffs filed motions to exclude certain testimony from Defendants' experts, as well.  These motions were fully briefed on December 18, 2023.  On January 9, 2024, Plaintiffs filed a motion for leave to file a sur-reply to Defendants' motion for summary judgment.  The Court held a hearing on Defendants' motion for summary judgment on February 9, 2024, and, on February 26, 2024, denied both that motion and Plaintiffs' motion for leave to file a sur-reply.  On April 9, 2024, the Court held a hearing on the parties' motions to exclude expert testimony, and the Court issued an order denying the motions on April 16, 2024.

- 5 -

4867-7830-6250.v3

The Court entered a pretrial schedule on March 12, 2024, including deadlines for exchanging witness and exhibit lists, briefing motions *in limine*, and other pre-trial obligations. The parties adhered to this schedule, frequently meeting and conferring and raising certain pretrial disputes or requests to the Court as needed, up until three weeks before the scheduled trial date of July 15, 2024.

In August 2022, the Settling Parties engaged the services of the Hon. Layn R. Phillips (ret.) of Phillips ADR, who has extensive experience mediating complex class action litigations such as this Action. The Settling Parties engaged in several all-day mediation sessions with Judge Phillips, held between September 2022 and June 2024. The Settling Parties also exchanged briefs and reply briefs setting forth their respective arguments concerning liability and damages, and the Settling Parties had ongoing communications with the mediator regarding their respective views of the merits of the Action before, during, and after the mediations. None of the mediation sessions resulted in an agreement. Accordingly, the Settling Parties continued to have numerous telephonic exchanges with Judge Phillips regarding a potential resolution of the Action. On June 15, 2024, Judge Phillips issued a mediator's proposal, which the Settling Parties accepted on June 20, 2024, agreeing to settle the Action in the amount of Four Hundred Thirty-Four Million Dollars ($434,000,000.00), and additional non-monetary terms, subject to approval by the Court.

## II.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial. Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome, inherent risk, and the expense associated with a jury trial, especially in complex matters such as this Action, as well as the risks posed by the difficulties and delays relating to post-trial motions and potential appeals. Lead

Plaintiff and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants expressly have denied and continue to deny that they violated the federal securities laws and maintain that their conduct was at all times proper and in compliance with all applicable laws.  Defendants have denied and continue to deny specifically each and all of the claims alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that Defendants acted negligently, recklessly, or with culpable intent; that any member of the Class has suffered any damages; that the price of Under Armour Class A and Class C common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, Defendants have agreed to enter into this Settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Action.  Taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex

4867-7830-6250.v3

cases such as this Action, Defendants have determined that it is desirable to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims and the Released Defendants' Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, with each party to bear its own fees, costs, and expenses (except as expressly provided herein or by the Court), as to Plaintiffs and the Defendants, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2   "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3   "Class" means all persons and entities who purchased or otherwise acquired Class A and Class C common stock of Under Armour between September 16, 2015, and November 1, 2019, inclusive (the "Class Period"). Excluded from the Class are Defendants, present or former executive officers and directors of Under Armour and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)). Also excluded from the Class are the

- 8 -

persons and entities who submitted valid requests for exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action.

1.4     "Class Member" or "Class Members" means any Person(s) who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

1.6     "Escrow Account" means the account controlled by the Escrow Agent.

1.7     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.8     "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review without action.  Without limitation, an order or Judgment becomes Final when: (i) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (ii) an appeal has been filed and either: (a) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (b) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or rehearing or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses or an award to Lead Plaintiff; (ii)

- 9 -

the Plan of Allocation (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.9     "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B. The Judgment shall provide that the terms of 15 U.S.C. §78u-4(f)(7) apply to this Settlement, including that each Defendant shall be discharged from all claims for contribution brought by other persons.  The Judgment shall include a bar order constituting the final discharge of all obligations to any Class Member of each of the Defendants arising out of the Action and shall bar all future claims for contribution arising out of the Action by any person against any Defendant.

1.10    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.11    "Lead Plaintiff" means Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund.

1.12    "Liaison Counsel" means Silverman Thompson Slutkin & White LLC.

1.13    "Memorandum of Understanding" means the Memorandum of Understanding executed by the Settling Parties on June 20, 2024.

1.14    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶5.3(a)-(c) of this Stipulation.

1.15    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association,

- 10 -

government or any political subdivision or agency thereof, and any business or legal entity and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.16    "Plaintiffs' Counsel" means Lead Counsel, Liaison Counsel, Motley Rice LLC, and VanOverbeke, Michaud & Timmony, P.C.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, expenses, and interest and Lead Plaintiff's expenses as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

1.18    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.  A Class Member must complete and submit the Proof of Claim and Release should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.19    "Related Persons" means, with respect to the Defendants, each and all of their current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, immediate family members, underwriters, insurers, and reinsurers, and each of their respective heirs, executors, administrators, successors and assigns, including, but not limited to, Under Armour and any of its subsidiaries.

1.20    "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiff or any other member of the Class: (i) asserted in any complaint filed in the Action, or could have asserted or

4867-7830-6250.v3

could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Action; and (ii) that arise out of or relate to, directly or indirectly, the purchase or acquisition of Class A or Class C common stock of Under Armour during the Class Period or the purchase or acquisition of Under Armour's 3.250% Senior Notes due 2026, offered in June 2016.  This release does not cover, include, or release: (i) any previously filed shareholder derivative claims;[2] (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submitted an effective request for exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action.  "Released Claims" includes "Unknown Claims" as defined in ¶1.29 hereof.

1.21   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of all claims brought in the Action, except for claims relating to the enforcement of the Settlement.

1.22   "Released Persons" means each and all of Defendants and each and all of their Related Persons.

1.23   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Counsel, Plaintiffs' Counsel, Lead Plaintiff and each and every plaintiff, Class Member (who have not validly

---

[2]   Including, for the avoidance of doubt, derivative claims asserted in the following actions: (i) *Kenney v. Plank, et al.*, No. 24-C-1803939 (Md. Cir. Ct., Baltimore City); (ii) *Luger v. Plank, et al.*, No. 24-C-18- 004314 (Md. Cir. Ct., Baltimore City); (iii) *Paul, et al. v. Plank, et al.*, No. 18-cv-2239 (D. Md.); (iv) *Cordell v. Plank, et al.*, No. 24-C-20-003481 (Md. Cir. Ct., Baltimore City); (v) *Olin v. Plank, et al.*, No. RDB-20- 2523 (D. Md.); (vi) *Smith v. Plank, et al.*, No. 1:20-cv-2589 (D. Md.); (vii) *Salo v. Plank, et al.*, No. 24-C-20- 3 004394 (Md. Cir. Ct., Baltimore City); (viii) *Klein v. Plank, et al.*, No. 24-C-20-004144 (Md. Cir. Ct., Baltimore City); (ix) *Viskovich v. Plank, et al.*, No. 20-cv-03390-RDB (D. Md.); and (x) *Viskovich, et al. v. Plank, et al.*, No. 24-C-23-004641 (Md. Cir. Ct., Baltimore City).

4867-7830-6250.v3

opted out of the Class), and counsel to any plaintiff, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, accountants, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action, or any purchaser or acquirer of Under Armour Class A and Class C common stock which settled, compromised, or otherwise resolved any claims against any Released Persons related to such purchaser's or acquirer's acquisition of Under Armour Class A and Class C common stock.

1.24    "Settlement Amount" means the principal amount of Four Hundred Thirty-Four Million Dollars ($434,000,000.00), to be paid pursuant to ¶2.1 of this Stipulation.

1.25    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent, and which may be reduced by payments or deductions as provided for herein or by Court order.

1.26    "Settling Parties" means Defendants and Lead Plaintiff on behalf of itself and each of the Class Members.

1.27    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.10.

4867-7830-6250.v3

1.28    "Taxes" means all taxes of any kind (including any estimated taxes, interest, or penalties) arising with respect to any income earned by the Settlement Fund as described in ¶2.10.

1.29    "Unknown Claims" means: (i) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (ii) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel.  With respect to (i) any and all Released Claims against the Released Persons; and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or

- 14 -

believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (i) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (ii) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the

Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

> **2.**     **The Settlement**
>
> **a.**     **The Settlement Fund**

2.1     Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent no later than fourteen (14) calendar days following entry of the Order Preliminarily Approving Settlement and Providing for Notice in the form of Exhibit A attached hereto (the "Notice Order"), provided that Lead Counsel has (i) submitted to Defendants' counsel an IRS Form W-9 for the Escrow Account and complete wire or check written instructions for payment to the Escrow Account, and (ii) provided verbal confirmation of the written instructions. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.  Defendant Plank shall have no liability to pay any portion of the Settlement Amount.  The Settlement Amount represents the entirety of Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorney's fees and expenses, Notice and Administration Costs (as defined in ¶2.9, *infra*), Taxes and Tax Expenses, and costs of any kind whatsoever associated with the Settlement.  The full payment of the entire Settlement Amount into the Escrow Account in accordance with this paragraph fully discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement, meaning that none of the Defendants shall have any other obligation to make any payment into the Escrow Account or to the Class or any Class Member, or any other Person, under this Stipulation or as part of the Settlement once the payment described in this paragraph has been made.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account in accordance with ¶2.1, Lead Counsel may terminate the Settlement but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement;

and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

<strong>b.      Non-Monetary Settlement Benefits</strong>

2.3     <u>**Separation of Chair and CEO Roles**</u>.  The Company's Board of Directors first elected to separate the roles of Chair and Chief Executive Officer as of January 1, 2020, and the Company has operated with a separate Chair and Chief Executive Officer since that time.  The Company shall continue the separation of these roles for at least three years from when the Judgment becomes Final.

2.4     <u>**Compensation**</u>.  All restricted stock or restricted stock units granted by the Company to its Chief Executive Officer, Chief Financial Officer, and Chief Legal Officer during the period beginning when the Judgment becomes Final and ending on the three-year anniversary thereof will include a performance-based vesting condition requiring performance based on achievement of specific financial, stock price (relative or otherwise) or business or strategic performance measures to be set by the Human Capital and Compensation Committee of the Company's Board of Directors. For the avoidance of doubt, the Human Capital and Compensation Committee retains discretion and authority to also make such performance-based awards subject to additional vesting conditions, including time-based vesting triggers.

<strong>c.      The Escrow Agent</strong>

2.5     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund shall be borne entirely by the Settlement Fund and shall not be borne in any way by any of the Released Persons.

- 17 -

2.6     The Escrow Agent shall not disburse the Settlement Fund except: (i) as provided in the Stipulation; or (ii) by an order of the Court.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.9     Prior to the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund reasonable costs of notice and settlement administration ("Notice and Administration Costs") associated with the administration of the Settlement, which costs shall not exceed $750,000.  Such Notice and Administration Costs include, without limitation: the cost of identifying and locating members of the Class, mailing the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners of the reasonable costs of identifying and forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying bank fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

- 18 -

### d. Taxes

2.10   (a)   The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1 and the Settlement Fund shall be subject to the continuing jurisdiction of the Court pursuant to Treasury Regulation §1.468B-1(c)(1).   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.10, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.   The Settlement Fund shall be a calendar year taxpayer and all tax returns shall be prepared under the accrual method of accounting in accordance with Treasury Regulation §1.468B-2(j).   Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.   The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).   Such returns (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

(c)   All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

- 19 -

may be imposed upon the Released Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.10), shall be paid out of the Settlement Fund.  In no event shall the Released Persons or their counsel have any liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.  All Settling Parties shall be entitled to copies of all elections and all tax returns filed for the Settlement Fund upon request to the Escrow Agent.

### e. Termination of Settlement

2.11    In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or the Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including the interest earned thereon), less expenses actually incurred or due and owing for Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶2.9 or 2.10, shall be refunded pursuant to ¶¶6.2 and 7.4 and written instructions from Defendants' counsel to the party, parties, or insurers that paid the Settlement within twenty-one (21) calendar days from the date of the notice from counsel for Defendants pursuant to ¶7.4.

### 3. Notice Order and Settlement Hearing

3.1    Except as the Settling Parties otherwise mutually agree, Lead Plaintiff will file the Settlement Agreement and a motion for preliminary approval of the Settlement by July 15, 2024. Lead Plaintiff's motion for preliminary approval of the Settlement shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.  In connection with the motion for preliminary approval of the Settlement, Lead Plaintiff shall request (and shall represent in the motion that Defendants support the request) that the Court not permit an additional opportunity for Class Members to request exclusion from the Class (insofar as the Class Members already received the Court-approved Notice of Pendency of Class Action and had a full and fair opportunity to request

- 21 -

exclusion from the Class, and the deadline for Class Members to request exclusion from the Class was November 27, 2023).

3.2     Lead Counsel shall request that, after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and finally approve the Settlement of the Action as set forth herein, as well as the proposed Plan of Allocation and the Fee and Expense Application.

**4.     Releases**

4.1     Upon the Effective Date, Lead Plaintiff and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons any and all Released Claims (including, without limitation, Unknown Claims), whether or not the Class Member executes and delivers the Proof of Claim and Release.

4.2     Upon the Effective Date, each Releasing Plaintiff Party shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims).  The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.  The Settling Parties agree and covenant not to file or pursue any claim against each other between the date of this Stipulation and the Effective Date.

4.3     The Proof of Claim and Release to be executed by Lead Plaintiff and Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.  Provided, however, that the failure of a Class Member to submit such Proof of Claim and Release shall have no effect on the provisions of the foregoing ¶¶4.1 through 4.2, inclusive, which shall remain in full force and effect as to each of the Class Members

- 22 -

(who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim and Release.

4.4     Upon the Effective Date, the Released Persons will release as against Lead Plaintiff, the Class, and Plaintiffs' Counsel all Released Defendants' Claims.   Claims relating to the enforcement of the Settlement are not released.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Notice, substantially in the form of Exhibit A-1 attached hereto, and the Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, to be mailed by the Claims Administrator to all shareholders of record, or nominees.   The Notice and Proof of Claim and Release shall also be posted on the Claims Administrator's website.   In accordance with the schedule set forth in the Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire*.   The costs of providing such notice shall be paid out of the Settlement Fund, and in no event shall the Released Persons have any responsibility for such costs other than as provided herein.

5.3     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Costs;

(b)     to pay all Taxes and Tax Expenses described in ¶2.10 hereof;

- 23 -

(c)     to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award") and Lead Plaintiff's expenses, if and to the extent allowed by the Court; and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.4     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.5-5.8 below.

5.5     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, received by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.6     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Unless otherwise ordered by the Court, Class Members, having already been provided the Notice of Pendency of Class

- 24 -

Action and a full and fair opportunity to timely exclude themselves from the Class prior to the November 27, 2023 deadline, shall not be afforded further opportunity to exclude themselves from the Class.

5.7     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.8     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel and which has no affiliation with Lead Counsel.

5.9     The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination, administration, or calculation of any claims, the distribution of the Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.10     Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Lead Plaintiff, Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.12    No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

**6.      Lead Counsel's Attorneys' Fees and Expenses**

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (i) an award of attorneys' fees; plus (ii) expenses or charges in connection with prosecuting the Action; plus (iii) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses, and costs awarded by the Court (whether payable to Lead Counsel or Lead Plaintiff) shall be payable solely out of the Settlement Fund.  In addition, Lead Plaintiff or the Class Representatives may submit an application for an award from the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

- 26 -

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses.  This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action.  Any such awards shall be paid solely by the Settlement Fund.  Defendants and their related parties shall have no responsibility for, and no liability with respect to, the allocation of any attorneys' fees or expenses among Lead Plaintiff and other Plaintiffs' Counsel.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund pursuant to ¶2.11, plus the interest earned thereon at the same rate as earned on the Settlement Fund, within fourteen (14) calendar days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.  Any refunds required pursuant to this paragraph shall be the several obligation of Plaintiffs' Counsel to make appropriate refunds or repayments to the Settlement Fund.  Plaintiffs' Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The Court's consideration of the Fee and Expense Application shall be independent of its consideration of the fairness, reasonableness, and adequacy of the Settlement.  The Settlement is not conditioned upon any award of attorneys' fees, expenses, and/or costs, and the effectiveness of

- 27 -

the Settlement shall not depend on the amount of attorneys' fees, expenses, and/or costs, if any, awarded by the Court. The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees, expenses, and/or costs.

6.4     The Released Persons shall not have any responsibility for or liability with respect to any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Amount pursuant to ¶2.1.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     Lead Counsel and Defendants' counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, if the Settlement contemplated by this Stipulation is approved by the Court. The Effective Date of the Stipulation shall be conditioned on the occurrence or waiver of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

- 28 -

(d)    the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(e)    the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Lead Plaintiff and the Class and Defendants, with each party to bear its own fees, costs, and expenses (except as expressly provided herein or by the Court), as set forth above; and

(f)    the Judgment has become Final, as defined in ¶1.8 hereof.

7.2    Upon the occurrence or waiver of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met or waived, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants on behalf of their respective clients mutually agree in writing to proceed with the Settlement.

7.3    If the Court provides an additional opportunity for Class Members to request exclusion from the Class, and if, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely and validly requested exclusion from the Class in accordance with the Notice given pursuant thereto, such that the combined number of Under Armour Class A and Class C common stock represented by such exclusion requests equals or exceeds an amount specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiff and Defendants, then Defendants shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement is confidential and will not be submitted to the Court unless and until a dispute between Lead Plaintiff and Defendants concerning its interpretation or application arises, or unless the Settling Parties are ordered by the Court to do so, in

- 29 -

which cases the Supplemental Agreement may be submitted to the Court *in camera*, with such submission being carried out to preserve the confidentiality of the terms of the Supplemental Agreement to the fullest extent possible in accordance with the practices of the Court.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within fourteen (14) calendar days after written notification of such event is sent by counsel for Defendants to the Escrow Agent, the Settlement Fund (including any accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.9 or 2.10 hereof, shall be refunded pursuant to written instructions from Defendants' counsel to the party, parties, or insurers that paid the Settlement.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel to the party, parties, or insurers that paid the Settlement within twenty-one (21) calendar days from the date of the notice from counsel for Defendants.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of June 20, 2024.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.29, 2.9- 2.11, 7.4, 8.1, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of June 20, 2024. No order of the Court or modification or reversal on appeal of any such order of the Court

- 30 -

concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel or Lead Plaintiff shall constitute grounds for cancellation or termination of the Stipulation.

7.6     Each of the Defendants warrants and represents that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, it is not "insolvent" within the meaning of 11 U.S.C. §101(32).  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Counsel, as to the Defendant as to whom such order applies, the Settlement may be terminated and the releases given and the judgment entered in favor of such Defendant pursuant to the Settlement shall be null and void.  In such instances, the releases given and the judgments entered in favor of other Defendants shall remain in full force and effect. Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants and all of the releases given and the judgments entered in favor of the Defendants pursuant to the Settlement shall be null and void and Lead Plaintiff may proceed as if the Settlement was never entered into.

### 8.     No Admission of Wrongdoing

8.1     Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action.  Neither the Memorandum of Understanding, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Settling Parties'

- 31 -

mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Memorandum of Understanding and this Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any other act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be:

> (a)      offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons;

> (b)      in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

> (c)      offered against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to any misrepresentation or omission with respect to any statement or written document approved or made by any Released Persons, or against Lead Plaintiff or any Class Member as an admission or evidence that any claims asserted by Lead Plaintiff or any Class Member were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or

(d)      construed against any Released Persons, Lead Plaintiff or the Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party or any of the Released Persons as to the merits of any claim or defense.  The Settling Parties and their counsel agree that each Settling Party and their counsel have complied with the applicable requirements of good faith litigation.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

- 33 -

9.3     The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information, including the Joint Stipulation and Protective Order entered in the Action on July 7, 2021 (ECF 184), shall survive this Stipulation.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof. Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof.

9.8     Other than the Supplemental Agreement referred to in ¶7.3, the Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and

- 34 -

memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.9    The Settlement is not conditioned upon the settlement or approval of settlement of any derivative suits or other suits.

9.10    This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.  Provided, however, that notwithstanding the foregoing sentence, if any portion of the Release set forth in ¶4.1 is determined to be invalid, void, or illegal, Defendants shall have the right, but not the obligation, to terminate this Settlement Agreement, in which case ¶7.4 shall be operative.

9.11    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

- 35 -

9.12     Defendants shall be responsible for providing any notice that may be required under the Class Action Fairness Act of 2005 ("CAFA") within ten (10) calendar days of the filing of this Stipulation with the Court.  Under Armour shall be responsible for all costs and expenses related thereto.  The Settling Parties agree that any delay by Defendants in timely providing the CAFA notice shall not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

9.13     The headings herein are used for the purpose of convenience only and are not meant to have any legal effect.

9.14     Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.15     Lead Plaintiff and Lead Counsel represent and warrant that none of the Lead Plaintiff's claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.16     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.17     All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient, including delivery by email, which the Settling Parties agree shall constitute effective notice; (ii) one (1) business day after being sent overnight to the recipient by UPS (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

- 36 -

If to Lead Plaintiff or to Plaintiffs' Counsel:

> Robert R. Henssler Jr.
> Robbins Geller Rudman & Dowd LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
> bhenssler@rgrdlaw.com

If to Defendants or to Defendants' counsel:

> James D. Wareham
> Fried, Frank, Harris, Shriver, & Jacobson LLP
> 801 17th Street NW
> Washington, D.C. 20006
> james.wareham@friedfrank.com

> Daniel J. Kramer
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY  10019
> dkramer@paulweiss.com

9.18    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.19    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto and any Released Persons.

9.20    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.21    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

- 37 -

9.22    Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, mediation, discussions, acts performed, agreements, drafts, documents signed (other than this Stipulation), and proceedings in connection with the Stipulation, including the Memorandum of Understanding, confidential consistent with Fed. R. Evid. 408 and similar principles.

9.23    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Maryland, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Maryland, without giving effect to that State's choice-of-law principles.

9.24    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

4867-7830-6250.v3

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated July 12, 2024.

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL J. DOWD
MARK SOLOMON
THEODORE J. PINTAR
X. JAY ALVAREZ
SAM S. SHELDON
ROBERT R. HENSSLER JR.
MATTHEW I. ALPERT
CHRISTOPHER R. KINNON
T. ALEX B. FOLKERTH

ROBERT R. HENSSLER JR.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
marks@rgrdlaw.com
tedp@rgrdlaw.com
jaya@rgrdlaw.com
ssheldon@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
ckinnon@rgrdlaw.com
afolkerth@rgrdlaw.com

- 39 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
ANDREW T. REES
LUKE GOVEAS
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
arees@rgrdlaw.com
lgoveas@rgrdlaw.com

*Lead Counsel for Plaintiffs*

MOTLEY RICE LLC
JOSHUA C. LITTLEJOHN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for KBC Asset Management NV*

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel for Monroe County*
*Employees' Retirement System*

- 40 -

SILVERMAN THOMPSON SLUTKIN
   & WHITE LLC
ANDREW C. WHITE, Bar No. 0821
WILLIAM SINCLAIR, Bar No. 28833
PIERCE C. MURPHY, Bar No. 30030
400 E. Pratt Street, Suite 900
Baltimore, MD 21201
Telephone: 410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com
pmurphy@mdattorney.com

*Local Counsel*

FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
JAMES D. WAREHAM, Bar No. 22890


_____
          JAMES D. WAREHAM

801 17th Street NW
Washington, DC 20006
Telephone: 202/639-7000
202/639-7003 (fax)
james.wareham@friedfrank.com

4867-7830-6250.v3

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
SAMUEL P. GRONER (*pro hac vice*)
MICHAEL P. STERNHEIM (*pro hac vice*)
ANNE S. AUFHAUSER (*pro hac vice*)
One New York Plaza
New York, NY  10004
Telephone:  212/859-8000
212/859-4000 (fax)
samuel.groner@friedfrank.com
michael.sternheim@friedfrank.com
anne.aufhauser@friedfrank.com

VENABLE LLP
G. STEWART WEBB, JR., Bar No. 00828
WILLIAM B. KING, Bar No. 19643
750 East Pratt Street, Suite 900
Baltimore, MD  21202
Telephone:  410/244-7400
410/244-7742 (fax)
gswebb@venable.com
wbking@venable.com

KRAMER LEVIN NAFTALIS &
  FRANKEL LLP
BARRY H. BERKE (*pro hac vice*)
1177 Avenue of the Americas
New York, NY  10036
Telephone:  212/715-7560
212/715-5660 (fax)
bberke@kramerlevin.com

KRAMER LEVIN NAFTALIS &
  FRANKEL LLP
WILLIAM J. TRUNK (*pro hac vice*)
2000 K Street NW, 4th Floor
Washington, DC  20006
Telephone:  202/775-4517
202/775-4510 (fax)
wtrunk@kramerlevin.com

*Counsel for Defendant Under Armour, Inc.*

- 42 -

PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
DANIEL J. KRAMER
THEODORE V. WELLS, JR. (*pro hac vice*)
LORIN L. REISNER (*pro hac vice*)
HARRIS FISCHMAN (*pro hac vice*)


_____
DANIEL J. KRAMER

1285 Avenue of the Americas
New York, NY  10019
Telephone:  212/373-3306
212/492-0306 (fax)
dkramer@paulweiss.com
twells@paulweiss.com
lreisner@paulweiss.com
hfischman@paulweiss.com

HOGAN LOVELLS US LLP
SCOTT R. HAIBER, Bar No. 25947
PETER J. MARTINEZ, Bar No. 28672
100 International Drive, Suite 2000
Baltimore, MD  21202
Telephone:  410/659-2700
410/659-2701 (fax)
scott.haiber@hoganlovells.com
peter.martinez@hoganlovells.com

*Counsel for Defendant Kevin A. Plank*

- 43 -

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) | Civil No. RDB-17-388 |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) | |
| ALL ACTIONS. | ) ) ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

### EXHIBIT A

WHEREAS, a securities class action is pending before this Court entitled *In re Under Armour Sec. Litig.*, Civil No. RDB-17-388 (D. Md.) (the "Action");

WHEREAS, Lead Plaintiff having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Settlement Agreement, dated as of July 12, 2024 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

- 1 -

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement Agreement and Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at _____, at the United States District Court for the District of Maryland, U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, for the following purposes: (a) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class[1] and should be finally approved by the Court; (b) to determine whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement Agreement should be entered; (c) to determine whether the proposed Plan of Allocation is fair, reasonable, adequate, and should be approved; (d) to determine the amount of fees and expenses that should be awarded to Lead Counsel; (e) to determine any amount awarded to lead plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund and class representatives Monroe County Employees' Retirement System and KBC Asset Management pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their

---

[1]     The Class is defined as "all persons and entities who purchased or otherwise acquired Class A and Class C common stock of Under Armour between September 16, 2015, and November 1, 2019, inclusive (the "Class Period"). Excluded from the Class are Defendants, present or former executive officers and directors of Under Armour and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii))." Settlement Agreement, ¶1.3. Also excluded from the Class are those persons and entities who submitted valid requests for exclusion from the Class on or before November 27, 2023, pursuant to the requirements set forth in the Notice of Pendency of Class Action dated August 24, 2023 (the "Notice of Pendency").

representation of the Class; and (f) to address such other matters relating to this Settlement as may properly be before the Court.

       3.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and Proof of Claim and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-8 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and the Settlement and to apprise Class Members of: (i) their right to object to the proposed Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, and/or any application for an award for Lead Plaintiff or the Class Representatives; and (ii) their right to appear at the Settlement Hearing; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), and §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted, and/or published.  No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual notice.

4863-3274-3116.v3

4.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

5.      Not later than _____, 2024 (the "Notice Date") [a date that is twenty (20) calendar days after the date of this Order], the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.UnderArmourSecuritiesLitigation.com (the "Settlement Website").

6.      Not later than _____, 2024 [a date that is seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire*.

7.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.      Nominees who purchased or acquired Under Armour Class A and Class C common shares for the beneficial ownership of Class Members during the Class Period shall send the Notice and Proof of Claim to all such beneficial owners within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses (as explained in the Notice) incurred in providing timely and adequate notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not

- 4 -

have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9.      All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be received[2] or submitted electronically through the Settlement Website no later than ninety (90) calendar days from the Notice Date.  Any Class Member who submits a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be forever barred from sharing in the distribution of the proceeds of the Settlement Fund but shall nonetheless be bound by the Settlement Agreement, the Judgment, and the Releases therein.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11.     The Proof of Claim submitted by each Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other

---

[2]    Claims, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  The documents providing notice shall advise Class Members that the U.S. Postal Service may not postmark mail which is not presented in person.

documentation deemed adequate by the Claims Administrator or Lead Counsel; (c) if the Person

executing the Proof of Claim is acting in a representative capacity, include a certification of his or

her current authority to act on behalf of the claimant; (d) be complete and contain no deletions or

modifications of any of the printed matter contained therein; and (e) be signed under penalty of

perjury.  As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court

with respect to the claim submitted and shall, upon the Effective Date, release all claims as provided

in the Stipulation.  No discovery shall be allowed on the merits of the Action or the Settlement in

connection with any Proof of Claim, nor shall any discovery from or of Lead Plaintiff or Defendants,

or of their counsel or the Claims Administrator, be allowed on any topic.

12.     Any Class Member may enter an appearance in the Action, at their own expense,

individually or through counsel of their own choice.  If they do not enter an appearance, they will be

represented by Lead Counsel.

13.     Class Members, having already been provided the Notice of Pendency and a full and

fair opportunity to timely exclude themselves from the Class prior to the November 27, 2023

deadline, shall not be afforded further opportunity to exclude themselves from the Class.

14.     Any Person who is excluded from the Class by virtue of having submitted a valid and

timely request for exclusion may, at any point up to three days before the Settlement Hearing, submit

a written revocation of their request for exclusion and submit a Proof of Claim following the same

instructions in ¶¶10-11 above.  Lead Counsel shall cause to be provided to Defendants' counsel

copies of any written revocation of requests for exclusion, as expeditiously as possible and in all

cases no later than seven (7) calendar days of receipt of such written revocations.

15.     Any Class Member may appear and object if he, she, or it, has any reason why the

proposed Settlement of the Action should or should not be approved as fair, reasonable, and

- 6 -

adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to Lead Counsel, or why any awards to Lead Plaintiff and Class Representatives for their service to the Class should not be granted; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters unless that Person has: (a) delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before _____, 2024 [a date that is twenty-one (21) calendar days prior to the Settlement Hearing], by Robbins Geller Rudman & Dowd LLP, Robert R. Henssler Jr., 655 West Broadway, Suite 1900, San Diego, CA 92101; Fried, Frank, Harris, Shriver & Jacobson LLP, James D. Wareham, 801 17th Street NW, Washington, D.C. 20006; and Paul, Weiss, Rifkind, Wharton & Garrison LLP, Daniel J. Kramer, 1285 Avenue of the Americas, New York, NY 10019; and (b) filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Maryland, U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, on or before _____, 2024 [a date that is twenty-one (21) calendar days prior to the Settlement Hearing].  Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or any awards to Lead Plaintiff and Class Representatives, unless otherwise ordered by the Court.

16.    To be valid, any objection must: (a) state the name, address, and telephone number of the Person or entity objecting and must be signed by the objector; (b) include documents sufficient to prove membership in the Class; (c) state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) state with specificity the grounds for the objection.  In

- 7 -

addition, the objector must identify all other objections to class action settlements submitted by the objector or his, her, or its counsel.  Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and expenses, and/or the application for awards to Lead Plaintiff and Class Representatives, must file a written objection and indicate in the written objection: (a) his, her, or its intention to appear at the hearing; (b) the identity of any witnesses they may call to testify at the hearing; and (c) any exhibits they intend to introduce into evidence at the hearing.

17.    Any Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, any application for an award of attorneys' fees or expenses, and/or any application for an award for Lead Plaintiff or the Class Representatives unless otherwise ordered by the Court; shall be bound by all terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

18.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19.    Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to

Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.     All briefs and supporting documents in support of the Settlement, the Plan of Allocation, any application by Lead Counsel for attorneys' fees and expenses, and any application for awards by Lead Plaintiff and Class Representatives, shall be filed and served by _____, 2024 [a date that is thirty-five (35) calendar days prior to the Settlement Hearing].  Replies to any objections shall be filed and served by _____, 2024 [a date that is seven (7) calendar days prior to the Settlement Hearing].

21.     Neither Defendants and their Related Persons nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, Lead Plaintiff, and/or Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment(s) of expenses, shall be approved.

23.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.9 or 2.10 of the Settlement Agreement.

24.     Neither this Order, the Memorandum of Understanding, the Settlement Agreement, including the exhibits thereto, nor any of its terms or provisions, nor any of the negotiations or

- 9 -

proceedings connected with it, nor any other act performed or document executed pursuant to or in furtherance of the Settlement, shall be:

(a)     offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons;

(b)     in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(c)     offered against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to any misrepresentation or omission with respect to any statement or written document approved or made by any Released Persons, or against Lead Plaintiff or any Class Member as an admission or evidence that any claims asserted by Lead Plaintiff or any Class Member were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or

(d)     construed against any Released Persons, Lead Plaintiff, or the Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; ***provided***, ***however***, the Released

- 10 -

Persons and their respective counsel may refer to the Settlement Agreement to effectuate the protections from liability granted thereunder or otherwise enforce the terms of the Settlement.

25.      The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

26.      If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶7.5 of the Settlement Agreement.

27.      Until otherwise ordered by the Court, the Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence, continue, prosecute, or attempt to prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.      The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: _____            _____
                                   THE HONORABLE RICHARD D. BENNETT
                                   UNITED STATES DISTRICT JUDGE

- 11 -

4863-3274-3116.v3

# EXHIBIT A-1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

Civil No. RDB-17-388

CLASS ACTION

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

**TO:** **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CLASS A AND CLASS C COMMON STOCK OF UNDER ARMOUR, INC. ("UNDER ARMOUR") BETWEEN SEPTEMBER 16, 2015, AND NOVEMBER 1, 2019, INCLUSIVE (THE "CLASS PERIOD").**

**NOTICE OF SETTLEMENT: Please be advised that lead plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Pension Fund" or "Lead Plaintiff"), on behalf of the Class (as defined at page __ below), has reached a proposed settlement of the Action for a total of $434,000,000.00 in cash and additional non-monetary terms that will resolve all claims in the Action against the Released Persons (the "Settlement").[1]**

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") BY _____, 2024.**

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Settlement Agreement, dated as of July 12, 2024 (the "Settlement Agreement"), which is available on the website www.UnderArmourSecuritiesLitigation.com.

- 1 -

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' counsel.  All questions should be directed to the Claims Administrator or Lead Counsel.**

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the District of Maryland (the "Court").  This Notice serves to inform you of the proposed settlement of the above-captioned class action lawsuit for $434,000,000.00 in cash, and additional non-monetary terms, and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Settlement Agreement, by and between Lead Plaintiff, on behalf of itself and the Class (as defined below), on the one hand, and defendants Under Armour and Kevin A. Plank (together, "Defendants"), on the other hand.[2]

**This Notice is intended to inform you how the proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  If you are a Class Member, you will be bound by the Settlement and you will give up any Released Claims against any Released Persons, so it is in your interest to submit a Proof of Claim.  **Proofs of Claim must be received[3] or submitted online on or before _____, 2024.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and/or awards to Lead Plaintiff and Class Representatives.  **Objections must be filed with the Court and served on the parties on or before _____, 2024.** |

---

[2]   Plaintiffs Monroe County Employees' Retirement System and KBC Asset Management (collectively, "Class Representatives") assent to the Settlement Agreement.

[3]   Claims, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

4868-5591-7772.v3

| GO TO THE HEARING ON _____, 2024, AND FILE A NOTICE OF INTENTION TO APPEAR | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or awards to Lead Plaintiff and Class Representatives. **Requests to speak must be filed with the Court and served on the parties on or before _____, 2024. If you submit a written objection, you may (but you do not have to) attend the hearing.** |
|---|---|
| **DO NOTHING** | Receive no payment.  You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

### Description of the Action and the Class

This Notice relates to a proposed settlement of claims in a pending securities class action brought by Under Armour investors alleging, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements or omitting to state facts necessary to make statements made not misleading in public filings and other public statements during the Class Period.  A more detailed description of the Action is set forth on pages __-__ below.  The "Class" means all persons and entities who purchased or otherwise acquired Class A and Class C common stock of Under Armour between September 16, 2015, and November 1, 2019, inclusive.  Those excluded from the Class are described on pages __-__ below.  The proposed Settlement, if approved by the Court, will settle claims of the Class against the Released Persons, as defined on page __ below.

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $434,000,000.00 settlement fund has been established (the "Settlement Amount").  The Settlement Amount together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; and (c) any attorneys' fees and expenses (as well as any awards to Lead Plaintiff and Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class) awarded by the Court, will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court.  The proposed Plan of Allocation is set forth on pages __-__ below.  Based on Lead Plaintiff's estimate of the number of shares of Under Armour Class A and Class C common stock eligible to recover, the average distribution under the Plan of Allocation is roughly $0.90 per share, before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Costs, and attorneys' fees and expenses (including any awards to Lead Plaintiff and Class Representatives) as determined by the Court.  **Class Members should note, however, that these are only estimates**.  A Class Member's actual

recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages __-__ below for more information on the calculation of your claim.

In addition, the Settlement includes the following non-monetary Settlement benefits:

**Separation of Chair and CEO Roles**. The Company's Board of Directors first elected to separate the roles of Chair and Chief Executive Officer as of January 1, 2020, and the Company has operated with a separate Chair and Chief Executive Officer since that time. The Company shall continue the separation of these roles for at least three years from when the Judgment becomes Final.

**Compensation**. All restricted stock or restricted stock units granted by the Company to its Chief Executive Officer, Chief Financial Officer, and Chief Legal Officer during the period beginning when the Judgment becomes Final and ending on the three-year anniversary thereof will include a performance-based vesting condition requiring performance based on achievement of specific financial, stock price (relative or otherwise) or business or strategic performance measures to be set by the Human Capital and Compensation Committee of the Company's Board of Directors. For the avoidance of doubt, the Human Capital and Compensation Committee retains discretion and authority to also make such performance-based awards subject to additional vesting conditions, including time-based vesting triggers.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per share, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Under Armour Class A and Class C common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Under Armour Class A and Class C common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Under Armour Class A and Class C common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of Under Armour Class A and Class C common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Under Armour Class A and Class C common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Under Armour Class A and Class C common stock during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 25.83% of the Settlement Amount, plus charges and expenses in an amount not to exceed $5 million, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), which award shall be paid out of the Settlement Fund. Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and have advanced the expenses of the Action in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. The requested attorneys' fees, charges, and expenses amount to an average cost of approximately $0.24 per share of Under Armour Class A and Class C common stock. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted. In addition, Lead Plaintiff and Class Representatives may seek awards of up to $100,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

**Further Information**

For further information regarding the Action or this Notice or to review the Settlement Agreement, please contact the Claims Administrator toll-free at _____, or visit the website www.UnderArmourSecuritiesLitigation.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit and additional non-monetary benefits under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after trial, and likely appeals, a process that could last several years into the future.

Defendants expressly have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damages, or that Lead Plaintiff or the Class was harmed by the conduct alleged in the Action. For Defendants, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Action. Defendants have concluded that further conduct of this Action could be expensive, protracted, and distracting.

- 5 -

### WHAT IS THIS LAWSUIT ABOUT?

The Action is currently pending in the United States District Court for the District of Maryland before the Honorable Richard D. Bennett (the "Court"). The initial complaint ("Complaint") in this Action was filed on February 10, 2017. On April 26, 2017, the Court appointed the Pension Fund as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

On August 9, 2017, Lead Plaintiff filed its Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and violations of §§11 and 15 of the Securities Act of 1933. On November 16, 2018, Lead Plaintiff filed its Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint") against Defendants.

The parties vigorously litigated this case for over seven years. The Court dismissed the Amended Complaint and the Second Amended Complaint. Lead Plaintiff then appealed the judgment to the United States Court of Appeals for the Fourth Circuit on September 17, 2019. Lead Plaintiff then successfully moved for an indicative ruling on November 18, 2019, and the case subsequently returned to the District Court. On October 14, 2020, Lead Plaintiff filed its Consolidated Third Amended Complaint for Violations of the Federal Securities Laws (the "Third Amended Complaint"). The Third Amended Complaint alleges, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements or omitting to state facts necessary to make statements made not misleading in public filings and other public statements during the Class Period regarding *inter alia*: (a) demand for the Company's products; (b) drivers of the Company's growth; and (c) the Company's financial prospects. Lead Plaintiff further alleged that, as a result, Under Armour's stock price was artificially inflated, which allegedly resulted in substantial damage to Class Members. Defendants again moved to dismiss on December 4, 2020, and following briefing, the Court denied Defendants' motion to dismiss on May 18, 2021. On July 23, 2021, Defendants filed an answer to the Third Amended Complaint and therein asserted affirmative and other defenses to Lead Plaintiff's claims.

The parties then engaged in extensive fact and class-related discovery involving Lead Plaintiff, Defendants, and approximately 60 non-parties, which included the exchange of over 2 million pages of documents. Lead Plaintiff also conducted over 40 depositions. Lead Plaintiff moved for class certification on December 1, 2021, and after briefing, the motion was granted on September 29, 2022.

On October 2, 2023, Defendants moved for summary judgment, and also filed motions to exclude certain testimony from Lead Plaintiff's experts; on the same day, Lead Plaintiff filed motions to exclude certain testimony from Defendants' experts, as well. These motions were fully briefed on December 18, 2023. On January 9, 2024, Lead Plaintiff filed a motion for leave to file a sur-reply to Defendants' motion for summary judgment. The Court held a hearing on Defendants' motion for summary judgment on February 9, 2024, and on February 26, 2024, denied both that motion and Lead Plaintiff's motion for leave to file a sur-reply. On April 9, 2024, the Court held a hearing on the parties' motions to exclude expert testimony, and the Court issued an order denying the motions on April 16, 2024.

4868-5591-7772.v3

The Court entered a pretrial schedule on March 12, 2024, including deadlines for exchanging witness and exhibit lists, briefing motions *in limine*, and other pre-trial obligations. The parties adhered to this schedule, frequently meeting and conferring and raising certain pretrial disputes or requests to the Court as needed, up until three weeks before the scheduled trial date of July 15, 2024.

In August 2022, the Settling Parties engaged the services of the Hon. Layn R. Phillips (ret.) of Phillips ADR, who has extensive experience mediating complex class action litigations such as this Action. The Settling Parties engaged in several all-day mediation sessions with Judge Phillips, held between September 2022 and June 2024. The Settling Parties also exchanged briefs and reply briefs setting forth their respective arguments concerning liability and damages, and the Settling Parties had substantial communications with the mediator regarding their respective views of the merits of the Action before, during, and after the mediations. None of the mediation sessions resulted in an agreement. Accordingly, the Settling Parties continued to have numerous telephonic exchanges with Judge Phillips regarding a potential resolution of the Action. On June 15, 2024, Judge Phillips issued a mediator's proposal, which the Settling Parties accepted on June 20, 2024, agreeing to settle the Action in the amount of Four Hundred Thirty-Four Million Dollars ($434,000,000.00), and additional non-monetary terms, subject to approval by the Court.

Defendants deny each and all of Lead Plaintiff's allegations. Defendants contend that they are not liable for any allegedly false or misleading statements and that all information required to be disclosed by the federal securities laws was so disclosed. Defendants also contend that their actions did not cause any alleged loss of Lead Plaintiff or the Class, and Defendants contend that they did not act with scienter.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO LEAD PLAINTIFF OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS ACTION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## HOW DO I KNOW IF I AM A CLASS MEMBER?

If you purchased or otherwise acquired Under Armour Class A and Class C common stock during the period between September 16, 2015, and November 1, 2019, inclusive, and are not otherwise excluded, you are a Class Member. As set forth in the Settlement Agreement, excluded from the Class are Defendants, present or former executive officers and directors of Under Armour and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)). Also excluded from the Class are the persons and entities who submitted valid requests for exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action.

**PLEASE NOTE**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required

supporting documentation as set forth therein received[4] or submitted online on or before _____, 2024.

### WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $434,000,000.00.  This fund, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement, any taxes and tax expenses, as well as attorneys' fees and expenses, and any awards to Lead Plaintiff and Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

### WHAT IS THE PROPOSED PLAN OF ALLOCATION?

If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement, including, but not limited to, the releases provided for therein. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.UnderArmourSecuritiesLitigation.com.

The Plan of Allocation is intended to compensate Class Members who purchased or acquired Under Armour Class A or Class C common stock during the Class Period and were damaged thereby under the Exchange Act.  No other securities are eligible for compensation under the Settlement.

In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of the Under Armour Class A and Class C common stock.

### ALLOCATION OF THE NET SETTLEMENT FUND

As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to Class Members' recognized claims.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

For each Class Period purchase of Under Armour Class A or Class C common stock that is properly documented, a "Recognized Loss Amount" will be calculated for that security according to the formulas described below.  Such "Recognized Loss Amounts" will be aggregated across all purchases to determine the "Recognized Claim" for each Class Member.

---

[4]    *See* n.3, above.

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

### Class A Common Stock

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $19.57. Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is zero.

| Inflation Period | Inflation per Share |
|---|---|
| September 16, 2015 – January 10, 2016 | $11.87 |
| January 11, 2016 – January 27, 2016 | $9.24 |
| January 28, 2016 – April 20, 2016 | $16.65 |
| April 21, 2016 – May 31, 2016 | $20.02 |
| June 1, 2016 – July 25, 2016 | $18.35 |
| July 26, 2016 – October 24, 2016 | $16.06 |
| October 25, 2016 – January 30, 2017 | $11.42 |
| January 31, 2017 – April 26, 2017 | $3.77 |
| April 27, 2017 – July 31, 2017 | $5.67 |
| August 1, 2017 – November 1, 2019 | $3.81 |

On April 8, 2016, Under Armour issued Class C stock through a stock dividend on a one-for-one basis to all existing holders of Class A stock as of March 28, 2016. This had the same effect as a two-for-one stock split in Class A stock on April 8, 2016. All figures in the Plan of Allocation regarding Class A stock are in post-split terms. Claimants' submitted transactions shall be adjusted using a split adjustment factor of 2 where necessary. Specifically, all purchase/acquisition and sale prices through and including April 7, 2016, shall be divided by 2 to adjust for post-split terms. All purchase/acquisition and sale prices beginning on April 8, 2016 shall not be adjusted as they are already in post-split terms. Class A share amounts did not change following the Class C stock dividend and do not require any adjustments.

For Under Armour Class A shares ***purchased, or acquired, on or between September 16, 2015, through and including November 1, 2019***, the claim per share shall be as follows:

      (a)      If sold prior to January 11, 2016, the claim per share is $0.00;

      (b)      If sold on or between January 11, 2016 through November 1, 2019, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price;

(c)     If retained at the end of November 1, 2019, and sold on or before January 31, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below; or

(d)     If retained at the end of January 31, 2020, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $19.57.

## Class C Common Stock

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $17.63. Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is zero.

| Inflation Period | Inflation per Share |
|---|---|
| September 16, 2015 – January 10, 2016 | $9.77 |
| January 11, 2016 – January 27, 2016 | $7.60 |
| January 28, 2016 – April 20, 2016 | $13.70 |
| April 21, 2016 – May 31, 2016 | $17.01 |
| June 1, 2016 – July 25, 2016 | $15.47 |
| July 26, 2016 – October 24, 2016 | $14.17 |
| October 25, 2016 – January 30, 2017 | $10.00 |
| January 31, 2017 – April 26, 2017 | $3.96 |
| April 27, 2017 – July 31, 2017 | $5.57 |
| August 1, 2017 – November 1, 2019 | $3.56 |

As discussed above, on April 8, 2016, Under Armour issued Class C stock through a stock dividend on a one-for-one basis to all existing holders of Class A stock as of March 28, 2016.  To the extent a Claimant acquired shares of Class C stock through the issuance of this dividend, the Claimant's implied purchase date of Class C stock shall be the same as the purchase date of the corresponding shares of Class A stock and the Claimant's implied purchase price of Class C stock shall be the same as the split adjusted Class A purchase and/or acquisition price described above. Then, the Claimant's implied purchase price of Class C stock shall be further split adjusted as described below.

For Under Armour Class C shares *purchased, or acquired, on or between September 16, 2015, through and including November 1, 2019*, the claim per share shall be as follows:

(a)     If sold prior to January 11, 2016, the claim per share is $0.00;

(b)     If sold on or between January 11, 2016, through November 1, 2019, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price;

- 10 -

(c)     If retained at the end of November 1, 2019, and sold on or before January 31, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below; or

(d)     If retained at the end of January 31, 2020, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $17.63.

## ADDITIONAL PROVISIONS

If a Class Member held shares of Under Armour Class A or Class C common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of such shares during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, shares of Under Armour Class A or Class C common stock sold during the Class Period will be matched, in chronological order, first against the respective shares held at the beginning of the Class Period. The remaining sales of shares of Under Armour Class A or Class C common stock during the Class Period will then be matched, in chronological order against the respective security purchased or acquired during the Class Period.

Purchases or acquisitions and sales of shares of Under Armour Class A or Class C common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of shares of Under Armour Class A or Class C common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of such shares for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

With respect to all of a claimant's transactions in shares of Under Armour Class A or Class C common stock during the Class Period, the Claims Administrator will determine if each claimant had a "market gain" or "market loss." If a claimant had an overall market gain, the value of the claimant's "Recognized Claim" shall be zero and such claimants shall be bound by the Settlement. If the claimant had an overall market loss, the value of the claimant's Recognized Claim shall be the lesser of the: (a) overall market loss; and (b) the overall Recognized Loss Amounts as calculated above.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net

- 11 -

Settlement Fund will be allocated among all Authorized Claimants whose distribution amount is $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel and which has no affiliation with Lead Counsel.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request for review.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Plaintiffs' Counsel, or any of the Released Persons, based on the distributions made substantially in accordance with the Settlement Agreement and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be forever barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given.

## Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 11/4/2019 | $17.14 | $17.14 | 12/18/2019 | $21.04 | $18.32 |
| 11/5/2019 | $17.90 | $17.52 | 12/19/2019 | $21.16 | $18.41 |
| 11/6/2019 | $18.17 | $17.74 | 12/20/2019 | $21.50 | $18.50 |
| 11/7/2019 | $17.59 | $17.70 | 12/23/2019 | $21.55 | $18.58 |
| 11/8/2019 | $17.56 | $17.67 | 12/24/2019 | $21.64 | $18.67 |
| 11/11/2019 | $17.57 | $17.66 | 12/26/2019 | $21.80 | $18.75 |
| 11/12/2019 | $17.29 | $17.60 | 12/27/2019 | $21.45 | $18.82 |
| 11/13/2019 | $17.23 | $17.56 | 12/30/2019 | $21.28 | $18.89 |
| 11/14/2019 | $17.12 | $17.51 | 12/31/2019 | $21.60 | $18.96 |
| 11/15/2019 | $17.79 | $17.54 | 1/2/2020 | $21.78 | $19.02 |
| 11/18/2019 | $17.33 | $17.52 | 1/3/2020 | $21.85 | $19.09 |
| 11/19/2019 | $17.33 | $17.50 | 1/6/2020 | $20.44 | $19.12 |

- 12 -

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 11/20/2019 | $16.99 | $17.46 | 1/7/2020 | $20.70 | $19.16 |
| 11/21/2019 | $16.99 | $17.43 | 1/8/2020 | $20.42 | $19.19 |
| 11/22/2019 | $17.43 | $17.43 | 1/9/2020 | $19.79 | $19.20 |
| 11/25/2019 | $17.36 | $17.42 | 1/10/2020 | $19.77 | $19.21 |
| 11/26/2019 | $17.99 | $17.46 | 1/13/2020 | $20.17 | $19.23 |
| 11/27/2019 | $19.10 | $17.55 | 1/14/2020 | $21.12 | $19.27 |
| 11/29/2019 | $18.89 | $17.62 | 1/15/2020 | $21.18 | $19.31 |
| 12/2/2019 | $18.44 | $17.66 | 1/16/2020 | $21.19 | $19.35 |
| 12/3/2019 | $18.11 | $17.68 | 1/17/2020 | $20.39 | $19.37 |
| 12/4/2019 | $18.61 | $17.72 | 1/21/2020 | $20.20 | $19.38 |
| 12/5/2019 | $18.78 | $17.77 | 1/22/2020 | $20.52 | $19.40 |
| 12/6/2019 | $18.96 | $17.82 | 1/23/2020 | $21.23 | $19.44 |
| 12/9/2019 | $19.27 | $17.88 | 1/24/2020 | $20.99 | $19.46 |
| 12/10/2019 | $19.24 | $17.93 | 1/27/2020 | $20.65 | $19.48 |
| 12/11/2019 | $19.20 | $17.98 | 1/28/2020 | $20.89 | $19.51 |
| 12/12/2019 | $19.29 | $18.02 | 1/29/2020 | $21.00 | $19.53 |
| 12/13/2019 | $19.53 | $18.08 | 1/30/2020 | $20.86 | $19.56 |
| 12/16/2019 | $20.43 | $18.15 | 1/31/2020 | $20.18 | $19.57 |
| 12/17/2019 | $20.56 | $18.23 | | | |

## Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 11/4/2019 | $15.44 | $15.44 | 12/18/2019 | $19.03 | $16.66 |
| 11/5/2019 | $16.31 | $15.88 | 12/19/2019 | $19.01 | $16.73 |
| 11/6/2019 | $16.51 | $16.09 | 12/20/2019 | $19.30 | $16.81 |
| 11/7/2019 | $16.08 | $16.09 | 12/23/2019 | $19.37 | $16.88 |
| 11/8/2019 | $15.88 | $16.04 | 12/24/2019 | $19.40 | $16.95 |
| 11/11/2019 | $15.96 | $16.03 | 12/26/2019 | $19.55 | $17.02 |
| 11/12/2019 | $15.58 | $15.97 | 12/27/2019 | $19.25 | $17.08 |
| 11/13/2019 | $15.67 | $15.93 | 12/30/2019 | $18.99 | $17.13 |
| 11/14/2019 | $15.56 | $15.89 | 12/31/2019 | $19.18 | $17.18 |
| 11/15/2019 | $15.97 | $15.90 | 1/2/2020 | $19.24 | $17.23 |
| 11/18/2019 | $15.72 | $15.88 | 1/3/2020 | $19.27 | $17.28 |
| 11/19/2019 | $15.61 | $15.86 | 1/6/2020 | $18.37 | $17.31 |
| 11/20/2019 | $15.43 | $15.82 | 1/7/2020 | $18.59 | $17.33 |
| 11/21/2019 | $15.24 | $15.78 | 1/8/2020 | $18.16 | $17.35 |
| 11/22/2019 | $15.66 | $15.77 | 1/9/2020 | $17.78 | $17.36 |
| 11/25/2019 | $15.67 | $15.77 | 1/10/2020 | $17.77 | $17.37 |
| 11/26/2019 | $16.47 | $15.81 | 1/13/2020 | $18.04 | $17.38 |
| 11/27/2019 | $17.49 | $15.90 | 1/14/2020 | $18.76 | $17.41 |

- 13 -

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|------|------|------|------|------|------|
| 11/29/2019 | $17.30 | $15.98 | 1/15/2020 | $18.90 | $17.44 |
| 12/2/2019 | $16.87 | $16.02 | 1/16/2020 | $19.02 | $17.47 |
| 12/3/2019 | $16.63 | $16.05 | 1/17/2020 | $18.37 | $17.49 |
| 12/4/2019 | $17.01 | $16.09 | 1/21/2020 | $18.09 | $17.50 |
| 12/5/2019 | $17.20 | $16.14 | 1/22/2020 | $18.31 | $17.52 |
| 12/6/2019 | $17.44 | $16.20 | 1/23/2020 | $18.78 | $17.54 |
| 12/9/2019 | $17.69 | $16.26 | 1/24/2020 | $18.61 | $17.56 |
| 12/10/2019 | $17.69 | $16.31 | 1/27/2020 | $18.45 | $17.57 |
| 12/11/2019 | $17.51 | $16.36 | 1/28/2020 | $18.68 | $17.59 |
| 12/12/2019 | $17.51 | $16.40 | 1/29/2020 | $18.68 | $17.61 |
| 12/13/2019 | $17.78 | $16.44 | 1/30/2020 | $18.55 | $17.63 |
| 12/16/2019 | $18.59 | $16.52 | 1/31/2020 | $17.96 | $17.63 |
| 12/17/2019 | $18.69 | $16.59 | | | |

## DO I NEED TO CONTACT LEAD COUNSEL IN ORDER TO PARTICIPATE IN THE DISTRIBUTION OF THE SETTLEMENT FUND?

No.  If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Lead Counsel.  If your address changes, please contact the Claims Administrator at:

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

## THERE WILL BE NO PAYMENTS IF THE SETTLEMENT AGREEMENT IS TERMINATED

The Settlement Agreement may be terminated under several circumstances outlined in it.  If the Settlement Agreement is terminated, the Action will proceed as if the Settlement Agreement had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after the completion of pretrial litigation, including fact and expert discovery and significant motion practice directed to the sufficiency of Lead Plaintiff's claims.  Nevertheless, the Court has not reached any final decisions in connection with Lead Plaintiff's claims against Defendants.  Instead, Lead Plaintiff and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator.  In

- 14 -

reaching the Settlement, the parties have avoided the cost, delay, and uncertainty of trial, post-trial motions, and appeals.

As in any litigation, Lead Plaintiff and the Class would face an uncertain outcome if they did not agree to the Settlement. If Lead Plaintiff succeeded at trial, Defendants would likely file post-trial motions and appeals that would postpone final resolution of the case. Continuation of the Action against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Lead Plaintiff and Lead Counsel believe that this Settlement is fair and reasonable to Class Members. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery. Additionally, Lead Counsel believe that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Class.

Defendants expressly have denied and continue to deny that they violated the federal securities laws and maintain that their conduct was at all times proper and in compliance with applicable laws. Defendants expressly have denied and continue to deny specifically each and all of the claims alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have agreed to enter into this Settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Action. Taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

Robert R. Henssler Jr.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  800/449-4900

If you have any questions about the Action, or the Settlement, you are entitled to consult with Lead Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Settlement Agreement by contacting the Claims Administrator at:

- 15 -

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

### HOW WILL THE LEAD PLAINTIFF'S LAWYERS BE PAID?

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Hearing.  Lead Counsel will apply for an attorneys' fee award for Plaintiffs' Counsel in the amount of up to 25.83% of the Settlement Amount, plus payment of Plaintiffs' Counsel's charges and expenses incurred in connection with this Action in an amount not to exceed $5 million.  Lead Plaintiff and Class Representatives may also apply for awards of no more than $100,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and charges and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this outstanding Settlement and for their risk in undertaking this representation on a wholly contingent basis.  The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Lead Counsel.

### CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes.  If you are a Class Member and did not exclude yourself from the Class in connection with the mailing of the Notice of Pendency of Class Action, you may object to the terms of the Settlement.  Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, charges and expenses, Lead Plaintiff's and Class Representatives' request for awards for representing the Class, and/or the Plan of Allocation.  In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Lead Counsel and Defendants' counsel, at the addresses listed below so that it is ***received* by _____, 2024**.  The objection must: (a) state the name, address, and telephone number of the objector and must be signed by the objector; (b) include documents sufficient to prove membership in the Class; (c) state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) state with specificity the grounds for the objection.  In addition, any objection must identify all other objections to class action settlements submitted by the objector or his, her, or its counsel.  The Court's address is U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201; Lead Counsel's address is Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, c/o Robert R. Henssler Jr.; and Defendants' counsel's addresses are Fried, Frank, Harris, Shriver & Jacobson LLP, 801 17th Street NW, Washington, D.C. 20006, c/o James D. Wareham and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, c/o Daniel J. Kramer. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear

- 16 -

at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you did not exclude yourself from the Class in connection with the mailing of the Notice of Pendency of Class Action, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice. A Proof of Claim is enclosed with this Notice and also may be downloaded at www.UnderArmourSecuritiesLitigation.com. Read the instructions carefully; fill out the Proof of Claim; sign it; and mail or submit it online so that it is **received[5] no later than _____, 2024**. The Proof of Claim may be submitted online at www.UnderArmourSecuritiesLitigation.com. If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Net Settlement Fund; however, you will still be bound in all other respects by the Settlement, the Judgment, and the releases contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Settlement Agreement, all Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Persons from all Released Claims.

- "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiff or any other member of the Class: (i) asserted in any complaint filed in the Action, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Action; and (ii) that arise out of or relate to, directly or indirectly, the purchase or acquisition of Class A or Class C common stock of Under Armour during the Class Period or the purchase or acquisition of Under Armour's 3.250% Senior Notes due 2026, offered in June 2016. This release does not cover, include, or release: (i) any previously filed shareholder derivative claims;[6] (ii) any

---

[5]   *See* n.3, above.

[6]   Including, for the avoidance of doubt, derivative claims asserted in the following actions: (i) *Kenney v. Plank, et al.*, No. 24-C-1803939 (Md. Cir. Ct., Baltimore City); (ii) *Luger v. Plank, et al.*, No. 24-C-18- 004314 (Md. Cir. Ct., Baltimore City); (iii) *Paul, et al. v. Plank, et al.*, No. 18-cv-2239 (D. Md.); (iv) *Cordell v. Plank, et al.*, No. 24-C-20-003481 (Md. Cir. Ct., Baltimore City); (v) *Olin

- 17 -

claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submitted an effective request for exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Persons" means each and all of Defendants and each and all of their Related Persons.

- "Unknown Claims" means: (i) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (ii) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel. With respect to (i) any and all Released Claims against the Released Persons; and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims

---

*v. Plank, et al.*, No. RDB-20- 2523 (D. Md.); (vi) *Smith v. Plank, et al.*, No. 1:20-cv-2589 (D. Md.); (vii) *Salo v. Plank, et al.*, No. 24-C-20- 3 004394 (Md. Cir. Ct., Baltimore City); (viii) *Klein v. Plank, et al.*, No. 24-C-20-004144 (Md. Cir. Ct., Baltimore City); (ix) *Viskovich v. Plank, et al.*, No. 20-cv-03390-RDB (D. Md.); and (x) *Viskovich, et al. v. Plank, et al.*, No. 24-C-23-004641 (Md. Cir. Ct., Baltimore City).

4868-5591-7772.v3

or Released Defendants' Claims, but: (i) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (ii) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on _____, 2024, at _____ __.m., before the Honorable Richard D. Bennett at the United States District Court for the District of Maryland, U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, for the purpose of determining whether: (1) the Settlement as set forth in the Settlement Agreement for $434,000,000.00 in cash, and certain non-monetary benefits described above, should be approved by the Court as fair, reasonable, and adequate; (2) Judgment as provided under the Settlement Agreement should be entered; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to award Lead Plaintiff and Class Representatives amounts pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court.  The Court may adjourn or continue the Settlement Hearing without further notice to Class Members.

Any Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Class and with

- 19 -

copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Hearing, with the Court no later than _____, 2024, and showing proof of service on the following counsel:

| | |
|---|---|
| Robert R. Henssler Jr. | James D. Wareham |
| ROBBINS GELLER RUDMAN | Fried, Frank, Harris, Shriver & Jacobson |
| & DOWD LLP | LLP |
| 655 West Broadway, Suite 1900 | 801 17th Street, NW |
| San Diego, CA  92101 | Washington, D.C. 20006 |
| | |
| *Attorneys for Lead Plaintiff* | Daniel J. Kramer |
| | Paul, Weiss, Rifkind, Wharton & |
| | Garrison LLP |
| | 1285 Avenue of the Americas |
| | New York, NY  10019 |
| | |
| | *Attorneys for Defendants* |

Unless otherwise directed by the Court, any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall forever be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2024.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Persons, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement.  The records in this Action may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the United States District Court for the District of Maryland. For a fee, all papers filed in this Action are available at www.pacer.gov.  In addition, all of the Settlement documents, including the Settlement Agreement, this Notice, the Proof of Claim, and proposed Judgment may be obtained by contacting the Claims Administrator at:

- 20 -

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____

Email: info@UnderArmourSecuritiesLitigation.com
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

In addition, you may contact Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1(800)449-4900, if you have any questions about the Action or the Settlement.

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

If you hold any Under Armour Class A and Class C common stock purchased or acquired during the Class Period, as a nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (a) send a copy of this Notice and Proof of Claim by First-Class Mail to all such Persons; or (b) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____

Email: info@UnderArmourSecuritiesLitigation.com
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

- 21 -

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice sent by email.

DATED: _____          BY ORDER OF THE
                                       UNITED STATES DISTRICT COURT
                                       DISTRICT OF MARYLAND

4868-5591-7772.v3

# EXHIBIT A-2

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) ) | Civil No. RDB-17-388 |
| | | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

## PROOF OF CLAIM AND RELEASE

## EXHIBIT A-2

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on your claims in the action entitled *In re Under Armour Sec. Litig.*, Civil No. RDB-17-388 (D. Md.) (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

4875-1540-8844.v3

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2024**, ADDRESSED AS FOLLOWS:

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____

Online submissions:  www.UnderArmourSecuritiesLitigation.com

If you are NOT a Class Member, as defined in the Notice of Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.      CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Class A and Class C common stock of Under Armour, Inc. ("Under Armour") between September 16, 2015, and November 1, 2019, inclusive, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or otherwise acquired Class A and Class C common stock of Under Armour that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Under Armour Class A and Class C common stock which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR

THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of persons represented by them and their authority must accompany this Proof of Claim and their titles or capacities must be stated. The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Proof of Claim should be submitted for each separate legal entity. Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity, including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions

- 3 -

in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies.  If you wish to submit your Proof of Claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one Proof of Claim should be submitted for each legal entity (*see* above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  Do not assume that your file has been received until you receive this notification.  If you do not receive such an email within 10 days of your submission you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Under Armour Class A and Class C Common Stock" to supply all required details of your transaction(s) in Under Armour Class A and Class C common stock and your holdings of Under Armour Class A and Class C common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to: (i) ***all*** of your Under Armour Class A and Class C common stock held as of September 15, 2015; (ii) ***all*** of your purchases or acquisitions and ***all*** of your sales of Under Armour Class A and Class C common stock between September 16, 2015, and January 31, 2020, inclusive, whether such transactions resulted in

- 4 -

a profit or a loss; (iii) **all** of your Under Armour Class A and Class C common stock held at the close of trading on November 1, 2019; and (iv) **all** of your Under Armour Class A and Class C common stock held at the close of trading on January 31, 2020.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Under Armour Class A and Class C common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

4875-1540-8844.v3

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

*In re Under Armour Securities Litigation*,

Civil No. RDB-17-388

PROOF OF CLAIM AND RELEASE

Must Be Received No Later Than:

_____, 2024[1]

<u>Please Type or Print</u>

PART I:      CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____       _____
City                                                        State or Province

_____       _____
Zip Code or Postal Code                          Country

                                                   _____        Individual
_____       _____        Corporation/Other
Last Four Digits of Social Security Number or
Taxpayer Identification Number

_____   _____
Area Code                     Telephone Number (work)

---

[1]   Proofs of Claim that are legibly postmarked no later than _____, 2024 will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

4875-1540-8844.v3

_____        _____
Area Code                      Telephone Number (home)


_____
Record Owner's Name (if different from beneficial owner listed above)


_____
Email Address


PART II:      SCHEDULE OF TRANSACTIONS IN UNDER ARMOUR CLASS A OR CLASS C COMMON STOCK

    A.    Number of shares of Under Armour Class A or Class C common stock held as of September 15, 2015: _____.

    B.    Purchases or acquisitions of shares of Under Armour Class A or Class C common stock between September 16, 2015, and January 31, 2020, inclusive:

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

    C.    Sales of shares of Under Armour Class A or Class C common stock between September 16, 2015, and January 31, 2020, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ | 1. _____ 2. _____ 3. _____ |

    D.    Number of shares of Under Armour Class A or Class C common stock held at the close of trading on November 1, 2019: _____.

    E.    Number of shares of Under Armour Class A or Class C common stock held at the close of trading on January 31, 2020: _____.

- 7 -

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Maryland with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Under Armour Class A and Class C common stock and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish, and discharge the Released Claims against each and all of the Released Persons as provided in the Settlement Agreement.

2.    "Related Persons" means, with respect to the Defendants, each and all of their current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, immediate family members, underwriters, and insurers, and each of their respective heirs, executors, administrators, successors and assigns, including, but not limited to, Under Armour and any of its subsidiaries.

- 8 -

4875-1540-8844.v3

3.       "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiff or any other member of the Class: (i) asserted in any complaint filed in the Action, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Action; and (ii) that arise out of or relate to, directly or indirectly, the purchase or acquisition of Class A or Class C common stock of Under Armour during the Class Period or the purchase or acquisition of Under Armour's 3.250% Senior Notes due 2026, offered in June 2016.  This release does not cover, include, or release: (i) any previously filed shareholder derivative claims;[2] (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submitted an effective request for exclusion from the Class. "Released Claims" includes "Unknown Claims" as defined below.

4.       "Released Persons" means each and all of Defendants and each and all of their Related Persons.

5.       "Unknown Claims" means: (i) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its

---

[2]      Including, for the avoidance of doubt, derivative claims asserted in the following actions: (i) *Kenney v. Plank, et al.*, No. 24-C-1803939 (Md. Cir. Ct., Baltimore City); (ii) *Luger v. Plank, et al.*, No. 24-C-18- 004314 (Md. Cir. Ct., Baltimore City); (iii) *Paul, et al. v. Plank, et al.*, No. 18-cv-2239 (D. Md.); (iv) *Cordell v. Plank, et al.*, No. 24-C-20-003481 (Md. Cir. Ct., Baltimore City); (v) *Olin v. Plank, et al.*, No. RDB-20- 2523 (D. Md.); (vi) *Smith v. Plank, et al.*, No. 1:20-cv-2589 (D. Md.); (vii) *Salo v. Plank, et al.*, No. 24-C-20- 3 004394 (Md. Cir. Ct., Baltimore City); (viii) *Klein v. Plank, et al.*, No. 24-C-20-004144 (Md. Cir. Ct., Baltimore City); (ix) *Viskovich v. Plank, et al.*, No. 20-cv-03390-RDB (D. Md.); and (x) *Viskovich, et al. v. Plank, et al.*, No. 24-C-23-004641 (Md. Cir. Ct., Baltimore City).

settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (ii) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel.  With respect to: (i) any and all Released Claims against the Released Persons; and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but: (i) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be

- 10 -

deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (ii) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.      This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

- 11 -

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Under Armour Class A and Class C common stock between September 16, 2015, and January 31, 2020, inclusive, and the number of shares of Under Armour Class A and Class C common stock held by me (us) at the close of trading on September 15, 2015, November 1, 2019, and January 31, 2020.

9.      I (We) hereby warrant and represent that I (we) have read and understand the contents of the Notice and this Proof of Claim, including the releases provided for in the Settlement and the terms of the Plan of Allocation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                            (Month/Year)

in _____
        (City)                                        (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

- 12 -

**ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

    1.      Please sign the above release and acknowledgement.

    2.      Remember to attach copies of supporting documentation.

    3.      ***Do not send*** originals of certificates or other documentation as they will not be returned.

    4.      Keep a copy of your Proof of Claim and all supporting documentation for your records.

    5.      If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

    6.      If you move, please send us your new address.

- 13 -

# EXHIBIT A-3

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) | Civil No. RDB-17-388 |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | |
| ALL ACTIONS. | ) ) | |

SUMMARY NOTICE

EXHIBIT A-3

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CLASS A AND CLASS C COMMON STOCK OF UNDER ARMOUR, INC. ("UNDER ARMOUR") BETWEEN SEPTEMBER 16, 2015, AND NOVEMBER 1, 2019, INCLUSIVE (THE "CLASS PERIOD")**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of Maryland, a hearing will be held on _____, 2024, at __:__ __.m., before the Honorable Richard D. Bennett, United States District Judge, at the U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, for the purpose of determining: (1) whether the proposed Settlement of the Action for the sum of Four Hundred Thirty-Four Million Dollars ($434,000,000.00) in cash and additional non-monetary terms should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement, dated as of July 12, 2024; (2) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and

- 1 -

therefore should be approved; and (3) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses in connection with this Action, together with interest thereon, and the application of Lead Plaintiff and Class Representatives for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

If you purchased, acquired, or sold Under Armour Class A and/or Class C common stock during the Class Period, your rights may be affected by this Action and the Settlement thereof.  If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Under Armour Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box _____, _____, or by downloading this information at www.UnderArmourSecuritiesLitigation.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail or electronically via the website (**no later than _____, 2024**),[1] at www.UnderArmourSecuritiesLitigation.com, establishing that you are entitled to a recovery.  You will be bound by any judgment rendered in the Action unless you excluded yourself from the Class, in writing, on or before November 27, 2023, pursuant to the requirements set forth in the Notice of Pendency dated August 24, 2023.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court **no later than _____, 2024**, and *received* **no later than _____, 2024** by the following:

---

[1]     Proofs of Claim, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
ROBERT R. HENSSLER JR.
655 West Broadway, Suite 1900
San Diego, CA  92101

*Counsel for Lead Plaintiff*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
JAMES D. WAREHAM
801 17th Street NW
Washington, D.C. 20006

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
DANIEL J. KRAMER
1285 Avenue of the Americas
New York, NY  10019

*Counsel for Defendants*

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, OR

DEFENDANTS REGARDING THIS NOTICE.

DATED: _____          BY ORDER OF THE
                                                    UNITED STATES DISTRICT COURT
                                                    DISTRICT OF MARYLAND

- 3 -

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) | Civil No. RDB-17-388 |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2024, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement, dated as of July 12, 2024 (the "Settlement Agreement").  Due and adequate notice having been given to the Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

- 1 -

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.  The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

6.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiff and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons any and all Released Claims (including, without limitation, Unknown Claims), whether or not the Class Member executed and delivered the Proof of Claim and Release.

7.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, as against Lead Plaintiff, the Class, and Plaintiffs' Counsel from all

- 2 -

Released Defendants' Claims (including, without limitation, Unknown Claims). Claims relating to the enforcement of the Settlement are not released.

8.      Upon the Effective Date, each Releasing Plaintiff Party shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims). The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

9.      The Court finds that the Notice of Proposed Settlement of Class Action was implemented in accordance with the Notice Order entered on _____, 2024, and was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and 15 U.S.C. §78u-4(a)(7) of the Private Securities Litigation Reform Act of 1995.

10.      Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.      Neither this Order, the Memorandum of Understanding, the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall be:

- 3 -

(a)      offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons;

(b)      in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(c)      offered against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to any misrepresentation or omission with respect to any statement or written document approved or made by any Released Persons, or against Lead Plaintiff or any Class Member as an admission or evidence that any claims asserted by Lead Plaintiff or any Class Member were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or

(d)      construed against any Released Persons, Lead Plaintiff or the Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

12.      The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or

- 4 -

reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim Form), as well as their respective successors and assigns.

14.     Upon the Effective Date of the Settlement, any and all claims for contribution, however denominated, based upon or arising out of the Released Claims: (a) by any person or entity against any of the Released Persons; or (b) by any of the Released Persons against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) or any other law (the "Bar Order").  Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any Person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses in the Action, and awards to Lead Plaintiff and Class Representatives in connection with their representation of the Class; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

4876-0630-8044.v3

16.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the Settling Parties shall be restored to their respective positions in the Action as of June 20, 2024.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms.

20.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____          _____
                                 THE HONORABLE RICHARD D. BENNETT
                                 UNITED STATES DISTRICT JUDGE

4876-0630-8044.v3

- 6 -