## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) | Civil No. RDB-17-388 |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a securities class action is pending before this Court entitled *In re Under Armour Sec. Litig.*, Civil No. RDB-17-388 (D. Md.) (the "Action");

WHEREAS, Lead Plaintiff having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Settlement Agreement, dated as of July 12, 2024 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement.

- 1 -

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement Agreement and Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on Thursday, November 7, 2024, at 11:00 AM ET, at the United States District Court for the District of Maryland, U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, for the following purposes: (a) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class[1] and should be finally approved by the Court; (b) to determine whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement Agreement should be entered; (c) to determine whether the proposed Plan of Allocation is fair, reasonable, adequate, and should be approved; (d) to determine the amount of fees and expenses that should be awarded to Lead Counsel; (e) to determine any amount awarded to lead plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund and class representatives Monroe County Employees' Retirement System and KBC Asset Management pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class; and (f) to address such other matters relating to this Settlement as may properly be before the Court.

---

[1]     The Class is defined as "all persons and entities who purchased or otherwise acquired Class A and Class C common stock of Under Armour between September 16, 2015, and November 1, 2019, inclusive (the "Class Period"). Excluded from the Class are Defendants, present or former executive officers and directors of Under Armour and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii))." Settlement Agreement, ¶1.3. Also excluded from the Class are those persons and entities who submitted valid requests for exclusion from the Class on or before November 27, 2023, pursuant to the requirements set forth in the Notice of Pendency of Class Action dated August 24, 2023 (the "Notice of Pendency").

3.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and Proof of Claim and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-8 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and the Settlement and to apprise Class Members of: (i) their right to object to the proposed Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, and/or any application for an award for Lead Plaintiff or the Class Representatives; and (ii) their right to appear at the Settlement Hearing; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), and §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted, and/or published.  No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual notice.

4.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

5.      Not later than Monday, August 12, 2024 (the "Notice Date") [a date that is twenty (20) calendar days after the date of this Order], the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.UnderArmourSecuritiesLitigation.com (the "Settlement Website").

6.      Not later than Monday, August 19, 2024 [a date that is seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire*.

7.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.      Nominees who purchased or acquired Under Armour Class A and Class C common shares for the beneficial ownership of Class Members during the Class Period shall send the Notice and Proof of Claim to all such beneficial owners within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses (as explained in the Notice) incurred in providing timely and adequate notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be received[2] or submitted electronically through the Settlement Website no later than ninety (90) calendar days from the Notice Date (i.e., by Tuesday, November 12, 2024).  Any Class Member who submits a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be forever barred from sharing in the distribution of the proceeds of the Settlement Fund but shall nonetheless be bound by the Settlement Agreement, the Judgment, and the Releases therein.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11.     The Proof of Claim submitted by each Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Lead Counsel; (c) if the Person executing the Proof of Claim is acting in a representative capacity, include a certification of his or

---

[2]     Claims, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  The documents providing notice shall advise Class Members that the U.S. Postal Service may not postmark mail which is not presented in person.

her current authority to act on behalf of the claimant; (d) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (e) be signed under penalty of perjury.  As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted and shall, upon the Effective Date, release all claims as provided in the Stipulation.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with any Proof of Claim, nor shall any discovery from or of Lead Plaintiff or Defendants, or of their counsel or the Claims Administrator, be allowed on any topic.

12.    Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

13.    Class Members, having already been provided the Notice of Pendency and a full and fair opportunity to timely exclude themselves from the Class prior to the November 27, 2023 deadline, shall not be afforded further opportunity to exclude themselves from the Class.

14.    Any Person who is excluded from the Class by virtue of having submitted a valid and timely request for exclusion may, at any point up to three days before the Settlement Hearing, submit a written revocation of their request for exclusion and submit a Proof of Claim following the same instructions in ¶¶10-11 above.  Lead Counsel shall cause to be provided to Defendants' counsel copies of any written revocation of requests for exclusion, as expeditiously as possible and in all cases no later than seven (7) calendar days of receipt of such written revocations.

15.    Any Class Member may appear and object if he, she, or it, has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to Lead Counsel,

or why any awards to Lead Plaintiff and Class Representatives for their service to the Class should not be granted; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters unless that Person has: (a) delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before Thursday, October 17, 2024 [a date that is twenty-one (21) calendar days prior to the Settlement Hearing], by Robbins Geller Rudman & Dowd LLP, Robert R. Henssler Jr., 655 West Broadway, Suite 1900, San Diego, CA 92101; Fried, Frank, Harris, Shriver & Jacobson LLP, James D. Wareham, 801 17th Street NW, Washington, D.C. 20006; and Paul, Weiss, Rifkind, Wharton & Garrison LLP, Daniel J. Kramer, 1285 Avenue of the Americas, New York, NY 10019; and (b) filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Maryland, U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, on or before Thursday, October 17, 2024 [a date that is twenty-one (21) calendar days prior to the Settlement Hearing]. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or any awards to Lead Plaintiff and Class Representatives, unless otherwise ordered by the Court.

16.     To be valid, any objection must: (a) state the name, address, and telephone number of the Person or entity objecting and must be signed by the objector; (b) include documents sufficient to prove membership in the Class; (c) state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) state with specificity the grounds for the objection. In addition, the objector must identify all other objections to class action settlements submitted by the objector or his, her, or its counsel. Class Members submitting written objections are not required to

attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and expenses, and/or the application for awards to Lead Plaintiff and Class Representatives, must file a written objection and indicate in the written objection: (a) his, her, or its intention to appear at the hearing; (b) the identity of any witnesses they may call to testify at the hearing; and (c) any exhibits they intend to introduce into evidence at the hearing.

17.    Any Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, any application for an award of attorneys' fees or expenses, and/or any application for an award for Lead Plaintiff or the Class Representatives unless otherwise ordered by the Court; shall be bound by all terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

18.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19.    Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.     All briefs and supporting documents in support of the Settlement, the Plan of Allocation, any application by Lead Counsel for attorneys' fees and expenses, and any application for awards by Lead Plaintiff and Class Representatives, shall be filed and served by Thursday, October 3, 2024 [a date that is thirty-five (35) calendar days prior to the Settlement Hearing]. Replies to any objections shall be filed and served by Thursday, October 31, 2024 [a date that is seven (7) calendar days prior to the Settlement Hearing].

21.     Neither Defendants and their Related Persons nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, Lead Plaintiff, and/or Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment(s) of expenses, shall be approved.

23.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.9 or 2.10 of the Settlement Agreement.

24.     Neither this Order, the Memorandum of Understanding, the Settlement Agreement, including the exhibits thereto, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any other act performed or document executed pursuant to or in furtherance of the Settlement, shall be:

(a)     offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons;

(b)     in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(c)     offered against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to any misrepresentation or omission with respect to any statement or written document approved or made by any Released Persons, or against Lead Plaintiff or any Class Member as an admission or evidence that any claims asserted by Lead Plaintiff or any Class Member were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or

(d)     construed against any Released Persons, Lead Plaintiff, or the Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; ***provided***, ***however***, the Released Persons and their respective counsel may refer to the Settlement Agreement to effectuate the protections from liability granted thereunder or otherwise enforce the terms of the Settlement.

25.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

26.     If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶7.5 of the Settlement Agreement.

27.     Until otherwise ordered by the Court, the Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence, continue, prosecute, or attempt to prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

        IT IS SO ORDERED.

DATED: _JULY 22, 2024_                        _Rll D. Benth_
                                              THE HONORABLE RICHARD D. BENNETT
                                              UNITED STATES DISTRICT JUDGE

- 11 -

# EXHIBIT A-1

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

Civil No. RDB-17-388

<u>CLASS ACTION</u>

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

**TO:** **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CLASS A AND CLASS C COMMON STOCK OF UNDER ARMOUR, INC. ("UNDER ARMOUR") BETWEEN SEPTEMBER 16, 2015, AND NOVEMBER 1, 2019, INCLUSIVE (THE "CLASS PERIOD").**

**NOTICE OF SETTLEMENT: Please be advised that lead plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Pension Fund" or "Lead Plaintiff"), on behalf of the Class (as defined at page __ below), has reached a proposed settlement of the Action for a total of $434,000,000.00 in cash and additional non-monetary terms that will resolve all claims in the Action against the Released Persons (the "Settlement").[1]**

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") BY _____, 2024.**

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Settlement Agreement, dated as of July 12, 2024 (the "Settlement Agreement"), which is available on the website www.UnderArmourSecuritiesLitigation.com.

- 1 -

4868-5591-7772.v3

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' counsel.  All questions should be directed to the Claims Administrator or Lead Counsel.**

## WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the District of Maryland (the "Court").  This Notice serves to inform you of the proposed settlement of the above-captioned class action lawsuit for $434,000,000.00 in cash, and additional non-monetary terms, and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Settlement Agreement, by and between Lead Plaintiff, on behalf of itself and the Class (as defined below), on the one hand, and defendants Under Armour and Kevin A. Plank (together, "Defendants"), on the other hand.[2]

**This Notice is intended to inform you how the proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  If you are a Class Member, you will be bound by the Settlement and you will give up any Released Claims against any Released Persons, so it is in your interest to submit a Proof of Claim.  **Proofs of Claim must be received[3] or submitted online on or before _____, 2024**. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and/or awards to Lead Plaintiff and Class Representatives.  **Objections must be filed with the Court and served on the parties on or before _____, 2024**. |

---

[2]   Plaintiffs Monroe County Employees' Retirement System and KBC Asset Management (collectively, "Class Representatives") assent to the Settlement Agreement.

[3]   Claims, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

4868-5591-7772.v3

| GO TO THE HEARING ON _____, 2024, AND FILE A NOTICE OF INTENTION TO APPEAR | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, and/or awards to Lead Plaintiff and Class Representatives. **Requests to speak must be filed with the Court and served on the parties on or before _____, 2024. If you submit a written objection, you may (but you do not have to) attend the hearing.** |
|---|---|
| **DO NOTHING** | Receive no payment.  You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

### Description of the Action and the Class

This Notice relates to a proposed settlement of claims in a pending securities class action brought by Under Armour investors alleging, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements or omitting to state facts necessary to make statements made not misleading in public filings and other public statements during the Class Period.  A more detailed description of the Action is set forth on pages __-__ below.  The "Class" means all persons and entities who purchased or otherwise acquired Class A and Class C common stock of Under Armour between September 16, 2015, and November 1, 2019, inclusive.  Those excluded from the Class are described on pages __-__ below.  The proposed Settlement, if approved by the Court, will settle claims of the Class against the Released Persons, as defined on page __ below.

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $434,000,000.00 settlement fund has been established (the "Settlement Amount").  The Settlement Amount together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; and (c) any attorneys' fees and expenses (as well as any awards to Lead Plaintiff and Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class) awarded by the Court, will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court.  The proposed Plan of Allocation is set forth on pages __-__ below.  Based on Lead Plaintiff's estimate of the number of shares of Under Armour Class A and Class C common stock eligible to recover, the average distribution under the Plan of Allocation is roughly $0.90 per share, before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Costs, and attorneys' fees and expenses (including any awards to Lead Plaintiff and Class Representatives) as determined by the Court.  **Class Members should note, however, that these are only estimates**.  A Class Member's actual

- 3 -

recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages __-__ below for more information on the calculation of your claim.

In addition, the Settlement includes the following non-monetary Settlement benefits:

**Separation of Chair and CEO Roles**. The Company's Board of Directors first elected to separate the roles of Chair and Chief Executive Officer as of January 1, 2020, and the Company has operated with a separate Chair and Chief Executive Officer since that time. The Company shall continue the separation of these roles for at least three years from when the Judgment becomes Final.

**Compensation**. All restricted stock or restricted stock units granted by the Company to its Chief Executive Officer, Chief Financial Officer, and Chief Legal Officer during the period beginning when the Judgment becomes Final and ending on the three-year anniversary thereof will include a performance-based vesting condition requiring performance based on achievement of specific financial, stock price (relative or otherwise) or business or strategic performance measures to be set by the Human Capital and Compensation Committee of the Company's Board of Directors. For the avoidance of doubt, the Human Capital and Compensation Committee retains discretion and authority to also make such performance-based awards subject to additional vesting conditions, including time-based vesting triggers.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per share, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Under Armour Class A and Class C common stock were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Under Armour Class A and Class C common stock were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Under Armour Class A and Class C common stock at various times during the Class Period; (6) the extent to which external factors influenced the prices of Under Armour Class A and Class C common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Under Armour Class A and Class C common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Under Armour Class A and Class C common stock during the Class Period.

## Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 25.83% of the Settlement Amount, plus charges and expenses in an amount not to exceed $5 million, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), which award shall be paid out of the Settlement Fund.  Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and have advanced the expenses of the Action in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  The requested attorneys' fees, charges, and expenses amount to an average cost of approximately $0.24 per share of Under Armour Class A and Class C common stock.  The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted.  In addition, Lead Plaintiff and Class Representatives may seek awards of up to $100,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

## Further Information

For further information regarding the Action or this Notice or to review the Settlement Agreement, please contact the Claims Administrator toll-free at _____, or visit the website www.UnderArmourSecuritiesLitigation.com.

You may also contact a representative of counsel for the Class:  Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

## Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation.  The cash benefit and additional non-monetary benefits under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after trial, and likely appeals, a process that could last several years into the future.

Defendants expressly have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damages, or that Lead Plaintiff or the Class was harmed by the conduct alleged in the Action.  For Defendants, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Action.  Defendants have concluded that further conduct of this Action could be expensive, protracted, and distracting.

- 5 -

## WHAT IS THIS LAWSUIT ABOUT?

The Action is currently pending in the United States District Court for the District of Maryland before the Honorable Richard D. Bennett (the "Court"). The initial complaint ("Complaint") in this Action was filed on February 10, 2017. On April 26, 2017, the Court appointed the Pension Fund as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

On August 9, 2017, Lead Plaintiff filed its Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and violations of §§11 and 15 of the Securities Act of 1933. On November 16, 2018, Lead Plaintiff filed its Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint") against Defendants.

The parties vigorously litigated this case for over seven years. The Court dismissed the Amended Complaint and the Second Amended Complaint. Lead Plaintiff then appealed the judgment to the United States Court of Appeals for the Fourth Circuit on September 17, 2019. Lead Plaintiff then successfully moved for an indicative ruling on November 18, 2019, and the case subsequently returned to the District Court. On October 14, 2020, Lead Plaintiff filed its Consolidated Third Amended Complaint for Violations of the Federal Securities Laws (the "Third Amended Complaint"). The Third Amended Complaint alleges, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements or omitting to state facts necessary to make statements made not misleading in public filings and other public statements during the Class Period regarding *inter alia*: (a) demand for the Company's products; (b) drivers of the Company's growth; and (c) the Company's financial prospects. Lead Plaintiff further alleged that, as a result, Under Armour's stock price was artificially inflated, which allegedly resulted in substantial damage to Class Members. Defendants again moved to dismiss on December 4, 2020, and following briefing, the Court denied Defendants' motion to dismiss on May 18, 2021. On July 23, 2021, Defendants filed an answer to the Third Amended Complaint and therein asserted affirmative and other defenses to Lead Plaintiff's claims.

The parties then engaged in extensive fact and class-related discovery involving Lead Plaintiff, Defendants, and approximately 60 non-parties, which included the exchange of over 2 million pages of documents. Lead Plaintiff also conducted over 40 depositions. Lead Plaintiff moved for class certification on December 1, 2021, and after briefing, the motion was granted on September 29, 2022.

On October 2, 2023, Defendants moved for summary judgment, and also filed motions to exclude certain testimony from Lead Plaintiff's experts; on the same day, Lead Plaintiff filed motions to exclude certain testimony from Defendants' experts, as well. These motions were fully briefed on December 18, 2023. On January 9, 2024, Lead Plaintiff filed a motion for leave to file a sur-reply to Defendants' motion for summary judgment. The Court held a hearing on Defendants' motion for summary judgment on February 9, 2024, and on February 26, 2024, denied both that motion and Lead Plaintiff's motion for leave to file a sur-reply. On April 9, 2024, the Court held a hearing on the parties' motions to exclude expert testimony, and the Court issued an order denying the motions on April 16, 2024.

4868-5591-7772.v3

The Court entered a pretrial schedule on March 12, 2024, including deadlines for exchanging witness and exhibit lists, briefing motions *in limine*, and other pre-trial obligations.  The parties adhered to this schedule, frequently meeting and conferring and raising certain pretrial disputes or requests to the Court as needed, up until three weeks before the scheduled trial date of July 15, 2024.

In August 2022, the Settling Parties engaged the services of the Hon. Layn R. Phillips (ret.) of Phillips ADR, who has extensive experience mediating complex class action litigations such as this Action.  The Settling Parties engaged in several all-day mediation sessions with Judge Phillips, held between September 2022 and June 2024.  The Settling Parties also exchanged briefs and reply briefs setting forth their respective arguments concerning liability and damages, and the Settling Parties had substantial communications with the mediator regarding their respective views of the merits of the Action before, during, and after the mediations.  None of the mediation sessions resulted in an agreement.  Accordingly, the Settling Parties continued to have numerous telephonic exchanges with Judge Phillips regarding a potential resolution of the Action.  On June 15, 2024, Judge Phillips issued a mediator's proposal, which the Settling Parties accepted on June 20, 2024, agreeing to settle the Action in the amount of Four Hundred Thirty-Four Million Dollars ($434,000,000.00), and additional non-monetary terms, subject to approval by the Court.

Defendants deny each and all of Lead Plaintiff's allegations.  Defendants contend that they are not liable for any allegedly false or misleading statements and that all information required to be disclosed by the federal securities laws was so disclosed.  Defendants also contend that their actions did not cause any alleged loss of Lead Plaintiff or the Class, and Defendants contend that they did not act with scienter.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO LEAD PLAINTIFF OR TO THE CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS ACTION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## HOW DO I KNOW IF I AM A CLASS MEMBER?

If you purchased or otherwise acquired Under Armour Class A and Class C common stock during the period between September 16, 2015, and November 1, 2019, inclusive, and are not otherwise excluded, you are a Class Member.  As set forth in the Settlement Agreement, excluded from the Class are Defendants, present or former executive officers and directors of Under Armour and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Also excluded from the Class are the persons and entities who submitted valid requests for exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action.

**PLEASE NOTE**:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required

supporting documentation as set forth therein received[4] or submitted online on or before _____, 2024.

### WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $434,000,000.00.  This fund, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement, any taxes and tax expenses, as well as attorneys' fees and expenses, and any awards to Lead Plaintiff and Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

### WHAT IS THE PROPOSED PLAN OF ALLOCATION?

If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement, including, but not limited to, the releases provided for therein. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.UnderArmourSecuritiesLitigation.com.

The Plan of Allocation is intended to compensate Class Members who purchased or acquired Under Armour Class A or Class C common stock during the Class Period and were damaged thereby under the Exchange Act.  No other securities are eligible for compensation under the Settlement.

In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of the Under Armour Class A and Class C common stock.

### ALLOCATION OF THE NET SETTLEMENT FUND

As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to Class Members' recognized claims.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

For each Class Period purchase of Under Armour Class A or Class C common stock that is properly documented, a "Recognized Loss Amount" will be calculated for that security according to the formulas described below.  Such "Recognized Loss Amounts" will be aggregated across all purchases to determine the "Recognized Claim" for each Class Member.

---

[4]    *See* n.3, above.

4868-5591-7772.v3

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

### Class A Common Stock

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $19.57. Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is zero.

| Inflation Period | Inflation per Share |
|---|---|
| September 16, 2015 – January 10, 2016 | $11.87 |
| January 11, 2016 – January 27, 2016 | $9.24 |
| January 28, 2016 – April 20, 2016 | $16.65 |
| April 21, 2016 – May 31, 2016 | $20.02 |
| June 1, 2016 – July 25, 2016 | $18.35 |
| July 26, 2016 – October 24, 2016 | $16.06 |
| October 25, 2016 – January 30, 2017 | $11.42 |
| January 31, 2017 – April 26, 2017 | $3.77 |
| April 27, 2017 – July 31, 2017 | $5.67 |
| August 1, 2017 – November 1, 2019 | $3.81 |

On April 8, 2016, Under Armour issued Class C stock through a stock dividend on a one-for-one basis to all existing holders of Class A stock as of March 28, 2016. This had the same effect as a two-for-one stock split in Class A stock on April 8, 2016. All figures in the Plan of Allocation regarding Class A stock are in post-split terms. Claimants' submitted transactions shall be adjusted using a split adjustment factor of 2 where necessary. Specifically, all purchase/acquisition and sale prices through and including April 7, 2016, shall be divided by 2 to adjust for post-split terms. All purchase/acquisition and sale prices beginning on April 8, 2016 shall not be adjusted as they are already in post-split terms. Class A share amounts did not change following the Class C stock dividend and do not require any adjustments.

For Under Armour Class A shares *purchased, or acquired, on or between September 16, 2015, through and including November 1, 2019*, the claim per share shall be as follows:

      (a)      If sold prior to January 11, 2016, the claim per share is $0.00;

      (b)      If sold on or between January 11, 2016 through November 1, 2019, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price;

- 9 -

(c)     If retained at the end of November 1, 2019, and sold on or before January 31, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below; or

(d)     If retained at the end of January 31, 2020, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $19.57.

### Class C Common Stock

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $17.63. Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is zero.

| Inflation Period | Inflation per Share |
|---|---|
| September 16, 2015 – January 10, 2016 | $9.77 |
| January 11, 2016 – January 27, 2016 | $7.60 |
| January 28, 2016 – April 20, 2016 | $13.70 |
| April 21, 2016 – May 31, 2016 | $17.01 |
| June 1, 2016 – July 25, 2016 | $15.47 |
| July 26, 2016 – October 24, 2016 | $14.17 |
| October 25, 2016 – January 30, 2017 | $10.00 |
| January 31, 2017 – April 26, 2017 | $3.96 |
| April 27, 2017 – July 31, 2017 | $5.57 |
| August 1, 2017 – November 1, 2019 | $3.56 |

As discussed above, on April 8, 2016, Under Armour issued Class C stock through a stock dividend on a one-for-one basis to all existing holders of Class A stock as of March 28, 2016.  To the extent a Claimant acquired shares of Class C stock through the issuance of this dividend, the Claimant's implied purchase date of Class C stock shall be the same as the purchase date of the corresponding shares of Class A stock and the Claimant's implied purchase price of Class C stock shall be the same as the split adjusted Class A purchase and/or acquisition price described above.  Then, the Claimant's implied purchase price of Class C stock shall be further split adjusted as described below.

For Under Armour Class C shares *purchased, or acquired, on or between September 16, 2015, through and including November 1, 2019*, the claim per share shall be as follows:

(a)     If sold prior to January 11, 2016, the claim per share is $0.00;

(b)     If sold on or between January 11, 2016, through November 1, 2019, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price;

- 10 -

(c)    If retained at the end of November 1, 2019, and sold on or before January 31, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below; or

(d)    If retained at the end of January 31, 2020, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $17.63.

## ADDITIONAL PROVISIONS

If a Class Member held shares of Under Armour Class A or Class C common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of such shares during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, shares of Under Armour Class A or Class C common stock sold during the Class Period will be matched, in chronological order, first against the respective shares held at the beginning of the Class Period.  The remaining sales of shares of Under Armour Class A or Class C common stock during the Class Period will then be matched, in chronological order against the respective security purchased or acquired during the Class Period.

Purchases or acquisitions and sales of shares of Under Armour Class A or Class C common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of shares of Under Armour Class A or Class C common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of such shares for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

With respect to all of a claimant's transactions in shares of Under Armour Class A or Class C common stock during the Class Period, the Claims Administrator will determine if each claimant had a "market gain" or "market loss."  If a claimant had an overall market gain, the value of the claimant's "Recognized Claim" shall be zero and such claimants shall be bound by the Settlement. If the claimant had an overall market loss, the value of the claimant's Recognized Claim shall be the lesser of the: (a) overall market loss; and (b) the overall Recognized Loss Amounts as calculated above.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  Given the costs of distribution, the Net

- 11 -

Settlement Fund will be allocated among all Authorized Claimants whose distribution amount is $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel and which has no affiliation with Lead Counsel.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request for review.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Plaintiffs' Counsel, or any of the Released Persons, based on the distributions made substantially in accordance with the Settlement Agreement and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be forever barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given.

## Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 11/4/2019 | $17.14 | $17.14 | 12/18/2019 | $21.04 | $18.32 |
| 11/5/2019 | $17.90 | $17.52 | 12/19/2019 | $21.16 | $18.41 |
| 11/6/2019 | $18.17 | $17.74 | 12/20/2019 | $21.50 | $18.50 |
| 11/7/2019 | $17.59 | $17.70 | 12/23/2019 | $21.55 | $18.58 |
| 11/8/2019 | $17.56 | $17.67 | 12/24/2019 | $21.64 | $18.67 |
| 11/11/2019 | $17.57 | $17.66 | 12/26/2019 | $21.80 | $18.75 |
| 11/12/2019 | $17.29 | $17.60 | 12/27/2019 | $21.45 | $18.82 |
| 11/13/2019 | $17.23 | $17.56 | 12/30/2019 | $21.28 | $18.89 |
| 11/14/2019 | $17.12 | $17.51 | 12/31/2019 | $21.60 | $18.96 |
| 11/15/2019 | $17.79 | $17.54 | 1/2/2020 | $21.78 | $19.02 |
| 11/18/2019 | $17.33 | $17.52 | 1/3/2020 | $21.85 | $19.09 |
| 11/19/2019 | $17.33 | $17.50 | 1/6/2020 | $20.44 | $19.12 |

- 12 -

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 11/20/2019 | $16.99 | $17.46 | 1/7/2020 | $20.70 | $19.16 |
| 11/21/2019 | $16.99 | $17.43 | 1/8/2020 | $20.42 | $19.19 |
| 11/22/2019 | $17.43 | $17.43 | 1/9/2020 | $19.79 | $19.20 |
| 11/25/2019 | $17.36 | $17.42 | 1/10/2020 | $19.77 | $19.21 |
| 11/26/2019 | $17.99 | $17.46 | 1/13/2020 | $20.17 | $19.23 |
| 11/27/2019 | $19.10 | $17.55 | 1/14/2020 | $21.12 | $19.27 |
| 11/29/2019 | $18.89 | $17.62 | 1/15/2020 | $21.18 | $19.31 |
| 12/2/2019 | $18.44 | $17.66 | 1/16/2020 | $21.19 | $19.35 |
| 12/3/2019 | $18.11 | $17.68 | 1/17/2020 | $20.39 | $19.37 |
| 12/4/2019 | $18.61 | $17.72 | 1/21/2020 | $20.20 | $19.38 |
| 12/5/2019 | $18.78 | $17.77 | 1/22/2020 | $20.52 | $19.40 |
| 12/6/2019 | $18.96 | $17.82 | 1/23/2020 | $21.23 | $19.44 |
| 12/9/2019 | $19.27 | $17.88 | 1/24/2020 | $20.99 | $19.46 |
| 12/10/2019 | $19.24 | $17.93 | 1/27/2020 | $20.65 | $19.48 |
| 12/11/2019 | $19.20 | $17.98 | 1/28/2020 | $20.89 | $19.51 |
| 12/12/2019 | $19.29 | $18.02 | 1/29/2020 | $21.00 | $19.53 |
| 12/13/2019 | $19.53 | $18.08 | 1/30/2020 | $20.86 | $19.56 |
| 12/16/2019 | $20.43 | $18.15 | 1/31/2020 | $20.18 | $19.57 |
| 12/17/2019 | $20.56 | $18.23 | | | |

## Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 11/4/2019 | $15.44 | $15.44 | 12/18/2019 | $19.03 | $16.66 |
| 11/5/2019 | $16.31 | $15.88 | 12/19/2019 | $19.01 | $16.73 |
| 11/6/2019 | $16.51 | $16.09 | 12/20/2019 | $19.30 | $16.81 |
| 11/7/2019 | $16.08 | $16.09 | 12/23/2019 | $19.37 | $16.88 |
| 11/8/2019 | $15.88 | $16.04 | 12/24/2019 | $19.40 | $16.95 |
| 11/11/2019 | $15.96 | $16.03 | 12/26/2019 | $19.55 | $17.02 |
| 11/12/2019 | $15.58 | $15.97 | 12/27/2019 | $19.25 | $17.08 |
| 11/13/2019 | $15.67 | $15.93 | 12/30/2019 | $18.99 | $17.13 |
| 11/14/2019 | $15.56 | $15.89 | 12/31/2019 | $19.18 | $17.18 |
| 11/15/2019 | $15.97 | $15.90 | 1/2/2020 | $19.24 | $17.23 |
| 11/18/2019 | $15.72 | $15.88 | 1/3/2020 | $19.27 | $17.28 |
| 11/19/2019 | $15.61 | $15.86 | 1/6/2020 | $18.37 | $17.31 |
| 11/20/2019 | $15.43 | $15.82 | 1/7/2020 | $18.59 | $17.33 |
| 11/21/2019 | $15.24 | $15.78 | 1/8/2020 | $18.16 | $17.35 |
| 11/22/2019 | $15.66 | $15.77 | 1/9/2020 | $17.78 | $17.36 |
| 11/25/2019 | $15.67 | $15.77 | 1/10/2020 | $17.77 | $17.37 |
| 11/26/2019 | $16.47 | $15.81 | 1/13/2020 | $18.04 | $17.38 |
| 11/27/2019 | $17.49 | $15.90 | 1/14/2020 | $18.76 | $17.41 |

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|------|---------------|-----------------------|
| 11/29/2019 | $17.30 | $15.98 | 1/15/2020 | $18.90 | $17.44 |
| 12/2/2019 | $16.87 | $16.02 | 1/16/2020 | $19.02 | $17.47 |
| 12/3/2019 | $16.63 | $16.05 | 1/17/2020 | $18.37 | $17.49 |
| 12/4/2019 | $17.01 | $16.09 | 1/21/2020 | $18.09 | $17.50 |
| 12/5/2019 | $17.20 | $16.14 | 1/22/2020 | $18.31 | $17.52 |
| 12/6/2019 | $17.44 | $16.20 | 1/23/2020 | $18.78 | $17.54 |
| 12/9/2019 | $17.69 | $16.26 | 1/24/2020 | $18.61 | $17.56 |
| 12/10/2019 | $17.69 | $16.31 | 1/27/2020 | $18.45 | $17.57 |
| 12/11/2019 | $17.51 | $16.36 | 1/28/2020 | $18.68 | $17.59 |
| 12/12/2019 | $17.51 | $16.40 | 1/29/2020 | $18.68 | $17.61 |
| 12/13/2019 | $17.78 | $16.44 | 1/30/2020 | $18.55 | $17.63 |
| 12/16/2019 | $18.59 | $16.52 | 1/31/2020 | $17.96 | $17.63 |
| 12/17/2019 | $18.69 | $16.59 | | | |

## DO I NEED TO CONTACT LEAD COUNSEL IN ORDER TO PARTICIPATE IN THE DISTRIBUTION OF THE SETTLEMENT FUND?

No.  If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Lead Counsel.  If your address changes, please contact the Claims Administrator at:

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

## THERE WILL BE NO PAYMENTS IF THE SETTLEMENT AGREEMENT IS TERMINATED

The Settlement Agreement may be terminated under several circumstances outlined in it.  If the Settlement Agreement is terminated, the Action will proceed as if the Settlement Agreement had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after the completion of pretrial litigation, including fact and expert discovery and significant motion practice directed to the sufficiency of Lead Plaintiff's claims.  Nevertheless, the Court has not reached any final decisions in connection with Lead Plaintiff's claims against Defendants.  Instead, Lead Plaintiff and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator.  In

- 14 -

reaching the Settlement, the parties have avoided the cost, delay, and uncertainty of trial, post-trial motions, and appeals.

As in any litigation, Lead Plaintiff and the Class would face an uncertain outcome if they did not agree to the Settlement.  If Lead Plaintiff succeeded at trial, Defendants would likely file post-trial motions and appeals that would postpone final resolution of the case.  Continuation of the Action against Defendants could result in a judgment greater than this Settlement.  Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Lead Plaintiff and Lead Counsel believe that this Settlement is fair and reasonable to Class Members.  They have reached this conclusion for several reasons.  Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery.  Additionally, Lead Counsel believe that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Class.

Defendants expressly have denied and continue to deny that they violated the federal securities laws and maintain that their conduct was at all times proper and in compliance with applicable laws.  Defendants expressly have denied and continue to deny specifically each and all of the claims alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also maintain that they have meritorious defenses to all claims alleged in the Action.  Nonetheless, Defendants have agreed to enter into this Settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Action.  Taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

Robert R. Henssler Jr.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  800/449-4900

If you have any questions about the Action, or the Settlement, you are entitled to consult with Lead Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Settlement Agreement by contacting the Claims Administrator at:

4868-5591-7772.v3

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____

_____
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

### HOW WILL THE LEAD PLAINTIFF'S LAWYERS BE PAID?

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Hearing. Lead Counsel will apply for an attorneys' fee award for Plaintiffs' Counsel in the amount of up to 25.83% of the Settlement Amount, plus payment of Plaintiffs' Counsel's charges and expenses incurred in connection with this Action in an amount not to exceed $5 million. Lead Plaintiff and Class Representatives may also apply for awards of no more than $100,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and charges and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this outstanding Settlement and for their risk in undertaking this representation on a wholly contingent basis. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Lead Counsel.

### CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Class Member and did not exclude yourself from the Class in connection with the mailing of the Notice of Pendency of Class Action, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, charges and expenses, Lead Plaintiff's and Class Representatives' request for awards for representing the Class, and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Lead Counsel and Defendants' counsel, at the addresses listed below so that it is ***received*** **by _____, 2024**. The objection must: (a) state the name, address, and telephone number of the objector and must be signed by the objector; (b) include documents sufficient to prove membership in the Class; (c) state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) state with specificity the grounds for the objection. In addition, any objection must identify all other objections to class action settlements submitted by the objector or his, her, or its counsel. The Court's address is U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201; Lead Counsel's address is Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, c/o Robert R. Henssler Jr.; and Defendants' counsel's addresses are Fried, Frank, Harris, Shriver & Jacobson LLP, 801 17th Street NW, Washington, D.C. 20006, c/o James D. Wareham and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, c/o Daniel J. Kramer. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear

- 16 -

at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

### WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you did not exclude yourself from the Class in connection with the mailing of the Notice of Pendency of Class Action, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

### HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice. A Proof of Claim is enclosed with this Notice and also may be downloaded at www.UnderArmourSecuritiesLitigation.com. Read the instructions carefully; fill out the Proof of Claim; sign it; and mail or submit it online so that it is **received[5] no later than _____, 2024**. The Proof of Claim may be submitted online at www.UnderArmourSecuritiesLitigation.com. If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Net Settlement Fund; however, you will still be bound in all other respects by the Settlement, the Judgment, and the releases contained in them.

### WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Settlement Agreement, all Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Persons from all Released Claims.

- "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiff or any other member of the Class: (i) asserted in any complaint filed in the Action, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Action; and (ii) that arise out of or relate to, directly or indirectly, the purchase or acquisition of Class A or Class C common stock of Under Armour during the Class Period or the purchase or acquisition of Under Armour's 3.250% Senior Notes due 2026, offered in June 2016. This release does not cover, include, or release: (i) any previously filed shareholder derivative claims;[6] (ii) any

---

[5]   *See* n.3, above.

[6]   Including, for the avoidance of doubt, derivative claims asserted in the following actions: (i) *Kenney v. Plank, et al.*, No. 24-C-1803939 (Md. Cir. Ct., Baltimore City); (ii) *Luger v. Plank, et al.*, No. 24-C-18- 004314 (Md. Cir. Ct., Baltimore City); (iii) *Paul, et al. v. Plank, et al.*, No. 18-cv-2239 (D. Md.); (iv) *Cordell v. Plank, et al.*, No. 24-C-20-003481 (Md. Cir. Ct., Baltimore City); (v) *Olin*

4868-5591-7772.v3

claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submitted an effective request for exclusion from the Class in connection with the mailing of the Notice of Pendency of Class Action. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Persons" means each and all of Defendants and each and all of their Related Persons.

- "Unknown Claims" means: (i) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (ii) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel. With respect to (i) any and all Released Claims against the Released Persons; and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims

---

*v. Plank, et al.*, No. RDB-20- 2523 (D. Md.); (vi) *Smith v. Plank, et al.*, No. 1:20-cv-2589 (D. Md.); (vii) *Salo v. Plank, et al.*, No. 24-C-20- 3 004394 (Md. Cir. Ct., Baltimore City); (viii) *Klein v. Plank, et al.*, No. 24-C-20-004144 (Md. Cir. Ct., Baltimore City); (ix) *Viskovich v. Plank, et al.*, No. 20-cv-03390-RDB (D. Md.); and (x) *Viskovich, et al. v. Plank, et al.*, No. 24-C-23-004641 (Md. Cir. Ct., Baltimore City).

- 18 -

or Released Defendants' Claims, but: (i) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (ii) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on _____, 2024, at _____ __.m., before the Honorable Richard D. Bennett at the United States District Court for the District of Maryland, U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, for the purpose of determining whether: (1) the Settlement as set forth in the Settlement Agreement for $434,000,000.00 in cash, and certain non-monetary benefits described above, should be approved by the Court as fair, reasonable, and adequate; (2) Judgment as provided under the Settlement Agreement should be entered; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to award Lead Plaintiff and Class Representatives amounts pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court.  The Court may adjourn or continue the Settlement Hearing without further notice to Class Members.

Any Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Class and with

copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Hearing, with the Court no later than _____, 2024, and showing proof of service on the following counsel:

| | |
|---|---|
| Robert R. Henssler Jr. | James D. Wareham |
| ROBBINS GELLER RUDMAN | Fried, Frank, Harris, Shriver & Jacobson |
|  & DOWD LLP | LLP |
| 655 West Broadway, Suite 1900 | 801 17th Street, NW |
| San Diego, CA  92101 | Washington, D.C. 20006 |
| | |
| *Attorneys for Lead Plaintiff* | Daniel J. Kramer |
| | Paul, Weiss, Rifkind, Wharton & |
| | Garrison LLP |
| | 1285 Avenue of the Americas |
| | New York, NY  10019 |
| | |
| | *Attorneys for Defendants* |

Unless otherwise directed by the Court, any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall forever be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2024.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Persons, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement.  The records in this Action may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the United States District Court for the District of Maryland. For a fee, all papers filed in this Action are available at www.pacer.gov.  In addition, all of the Settlement documents, including the Settlement Agreement, this Notice, the Proof of Claim, and proposed Judgment may be obtained by contacting the Claims Administrator at:

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____
Email: info@UnderArmourSecuritiesLitigation.com
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

In addition, you may contact Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1(800)449-4900, if you have any questions about the Action or the Settlement.

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

If you hold any Under Armour Class A and Class C common stock purchased or acquired during the Class Period, as a nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (a) send a copy of this Notice and Proof of Claim by First-Class Mail to all such Persons; or (b) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____
Email: info@UnderArmourSecuritiesLitigation.com
Telephone: _____
www.UnderArmourSecuritiesLitigation.com

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

- 21 -

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Notice sent by email.

DATED: _____          BY ORDER OF THE
                                           UNITED STATES DISTRICT COURT
                                           DISTRICT OF MARYLAND

# EXHIBIT A-2

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

Civil No. RDB-17-388

<u>CLASS ACTION</u>

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on your claims in the action entitled *In re Under Armour Sec. Litig.*, Civil No. RDB-17-388 (D. Md.) (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

- 1 -

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2024**, ADDRESSED AS FOLLOWS:

*Under Armour Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box _____
_____

Online submissions:  www.UnderArmourSecuritiesLitigation.com

If you are NOT a Class Member, as defined in the Notice of Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.      CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Class A and Class C common stock of Under Armour, Inc. ("Under Armour") between September 16, 2015, and November 1, 2019, inclusive, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or otherwise acquired Class A and Class C common stock of Under Armour that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Under Armour Class A and Class C common stock which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR

- 2 -

THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of persons represented by them and their authority must accompany this Proof of Claim and their titles or capacities must be stated.  The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Proof of Claim should be submitted for each separate legal entity.  Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity, including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions

in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies.  If you wish to submit your Proof of Claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one Proof of Claim should be submitted for each legal entity (*see* above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  Do not assume that your file has been received until you receive this notification.  If you do not receive such an email within 10 days of your submission you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Under Armour Class A and Class C Common Stock" to supply all required details of your transaction(s) in Under Armour Class A and Class C common stock and your holdings of Under Armour Class A and Class C common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to: (i) ***all*** of your Under Armour Class A and Class C common stock held as of September 15, 2015; (ii) ***all*** of your purchases or acquisitions and ***all*** of your sales of Under Armour Class A and Class C common stock between September 16, 2015, and January 31, 2020, inclusive, whether such transactions resulted in

- 4 -

a profit or a loss; (iii) *all* of your Under Armour Class A and Class C common stock held at the close of trading on November 1, 2019; and (iv) *all* of your Under Armour Class A and Class C common stock held at the close of trading on January 31, 2020.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Under Armour Class A and Class C common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

*In re Under Armour Securities Litigation*,

Civil No. RDB-17-388

PROOF OF CLAIM AND RELEASE

Must Be Received No Later Than:

_____, 2024[1]

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                      State or Province

_____        _____
Zip Code or Postal Code                   Country

                                 _____        Individual
_____ _____        Corporation/Other
Last Four Digits of Social Security Number or
Taxpayer Identification Number

_____   _____
Area Code                Telephone Number (work)

---

[1]    Proofs of Claim that are legibly postmarked no later than _____, 2024 will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

4875-1540-8844.v3

<br>

_____     _____
Area Code              Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

_____
Email Address

PART II:      SCHEDULE OF TRANSACTIONS IN UNDER ARMOUR CLASS A OR CLASS C COMMON STOCK

    A.    Number of shares of Under Armour Class A or Class C common stock held as of September 15, 2015: _____.

    B.    Purchases or acquisitions of shares of Under Armour Class A or Class C common stock between September 16, 2015, and January 31, 2020, inclusive:

| Trade Date<br>Mo. Day Year | Number of Shares<br>Purchased or Acquired | Total Purchase or<br>Acquisition Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

    C.    Sales of shares of Under Armour Class A or Class C common stock between September 16, 2015, and January 31, 2020, inclusive:

| Trade Date<br>Mo. Day Year | Number of<br>Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ | 1. _____<br>2. _____<br>3. _____ |

    D.    Number of shares of Under Armour Class A or Class C common stock held at the close of trading on November 1, 2019: _____.

    E.    Number of shares of Under Armour Class A or Class C common stock held at the close of trading on January 31, 2020: _____.

- 7 -

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Maryland with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Under Armour Class A and Class C common stock and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish, and discharge the Released Claims against each and all of the Released Persons as provided in the Settlement Agreement.

2.    "Related Persons" means, with respect to the Defendants, each and all of their current and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, advisors, attorneys, immediate family members, underwriters, and insurers, and each of their respective heirs, executors, administrators, successors and assigns, including, but not limited to, Under Armour and any of its subsidiaries.

- 8 -

4875-1540-8844.v3

3.      "Released Claims" means any and all claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiff or any other member of the Class: (i) asserted in any complaint filed in the Action, or could have asserted or could in the future assert in any court or forum that arise out of or relate to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in the Action; and (ii) that arise out of or relate to, directly or indirectly, the purchase or acquisition of Class A or Class C common stock of Under Armour during the Class Period or the purchase or acquisition of Under Armour's 3.250% Senior Notes due 2026, offered in June 2016.  This release does not cover, include, or release: (i) any previously filed shareholder derivative claims;[2] (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity that submitted an effective request for exclusion from the Class. "Released Claims" includes "Unknown Claims" as defined below.

4.      "Released Persons" means each and all of Defendants and each and all of their Related Persons.

5.      "Unknown Claims" means: (i) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its

---

[2]    Including, for the avoidance of doubt, derivative claims asserted in the following actions: (i) *Kenney v. Plank, et al.*, No. 24-C-1803939 (Md. Cir. Ct., Baltimore City); (ii) *Luger v. Plank, et al.*, No. 24-C-18- 004314 (Md. Cir. Ct., Baltimore City); (iii) *Paul, et al. v. Plank, et al.*, No. 18-cv-2239 (D. Md.); (iv) *Cordell v. Plank, et al.*, No. 24-C-20-003481 (Md. Cir. Ct., Baltimore City); (v) *Olin v. Plank, et al.*, No. RDB-20- 2523 (D. Md.); (vi) *Smith v. Plank, et al.*, No. 1:20-cv-2589 (D. Md.); (vii) *Salo v. Plank, et al.*, No. 24-C-20- 3 004394 (Md. Cir. Ct., Baltimore City); (viii) *Klein v. Plank, et al.*, No. 24-C-20-004144 (Md. Cir. Ct., Baltimore City); (ix) *Viskovich v. Plank, et al.*, No. 20-cv-03390-RDB (D. Md.); and (x) *Viskovich, et al. v. Plank, et al.*, No. 24-C-23-004641 (Md. Cir. Ct., Baltimore City).

settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (ii) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel. With respect to: (i) any and all Released Claims against the Released Persons; and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but: (i) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be

- 10 -

deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (ii) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.    This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Under Armour Class A and Class C common stock between September 16, 2015, and January 31, 2020, inclusive, and the number of shares of Under Armour Class A and Class C common stock held by me (us) at the close of trading on September 15, 2015, November 1, 2019, and January 31, 2020.

9.      I (We) hereby warrant and represent that I (we) have read and understand the contents of the Notice and this Proof of Claim, including the releases provided for in the Settlement and the terms of the Plan of Allocation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                                    (Month/Year)

in _____
            (City)                                  (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

4875-1540-8844.v3

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.     Please sign the above release and acknowledgement.

2.     Remember to attach copies of supporting documentation.

3.     ***Do not send*** originals of certificates or other documentation as they will not be returned.

4.     Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.     If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

- 13 -

4875-1540-8844.v3

# EXHIBIT A-3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) | Civil No. RDB-17-388 |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) | |
| ALL ACTIONS. | ) ) ) | |

SUMMARY NOTICE

EXHIBIT A-3

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CLASS A AND CLASS C COMMON STOCK OF UNDER ARMOUR, INC. ("UNDER ARMOUR") BETWEEN SEPTEMBER 16, 2015, AND NOVEMBER 1, 2019, INCLUSIVE (THE "CLASS PERIOD")**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of Maryland, a hearing will be held on _____, 2024, at __:__ __.m., before the Honorable Richard D. Bennett, United States District Judge, at the U.S. Courthouse, 101 West Lombard Street, Baltimore, MD 21201, for the purpose of determining: (1) whether the proposed Settlement of the Action for the sum of Four Hundred Thirty-Four Million Dollars ($434,000,000.00) in cash and additional non-monetary terms should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement, dated as of July 12, 2024; (2) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and

- 1 -

therefore should be approved; and (3) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses in connection with this Action, together with interest thereon, and the application of Lead Plaintiff and Class Representatives for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

If you purchased, acquired, or sold Under Armour Class A and/or Class C common stock during the Class Period, your rights may be affected by this Action and the Settlement thereof.  If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Under Armour Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box _____, _____, or by downloading this information at www.UnderArmourSecuritiesLitigation.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail or electronically via the website (**no later than _____, 2024**),[1] at www.UnderArmourSecuritiesLitigation.com, establishing that you are entitled to a recovery.  You will be bound by any judgment rendered in the Action unless you excluded yourself from the Class, in writing, on or before November 27, 2023, pursuant to the requirements set forth in the Notice of Pendency dated August 24, 2023.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court **no later than _____, 2024**, and *received* **no later than _____, 2024** by the following:

---

[1]     Proofs of Claim, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

- 2 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT R. HENSSLER JR.
655 West Broadway, Suite 1900
San Diego, CA  92101

*Counsel for Lead Plaintiff*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
JAMES D. WAREHAM
801 17th Street NW
Washington, D.C. 20006

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
DANIEL J. KRAMER
1285 Avenue of the Americas
New York, NY  10019

*Counsel for Defendants*

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, OR DEFENDANTS REGARDING THIS NOTICE.

DATED: _____          BY ORDER OF THE
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF MARYLAND

- 3 -