**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION | ) ) ) ) | Civil No. RDB-17-388 |
| | | CLASS ACTION |
| This Document Relates To: | ) ) ) ) ) | |
| ALL ACTIONS. | | |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND THE PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)

Lead Plaintiff Aberdeen City Council as Administrating Authority for the North East Scotland Pension Fund ("Lead Plaintiff"),[1] on behalf of itself and all other members of the Class, respectfully submits this reply memorandum in further support of Lead Plaintiff's Motion for Final Approval of Settlement and the Plan of Allocation (ECF 439-1).  In addition, Lead Counsel submits this reply memorandum in further support of Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and an Award to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 439-2) (together, the "Motions").

---

[1]  All capitalized terms used and not otherwise defined in this reply memorandum have the meanings ascribed to them in the Settlement Agreement dated July 12, 2024, previously filed with the Court (ECF 430-3).

4887-3542-6291.v1

## I.      PRELIMINARY STATEMENT AND HISTORY OF THE NOTICE PROGRAM

On July 22, 2024, the Court entered an order preliminarily approving the Settlement and approving the proposed forms and methods of providing notice to the Class (ECF 434) (the "Preliminary Approval Order").  Pursuant to and in compliance with the Preliminary Approval Order, through records maintained by Under Armour's transfer agent and information provided by brokerage firms and other nominees, as of October 2, 2024, the Court-appointed Claims Administrator, Gilardi & Co. LLC ("Gilardi"), had caused the Notice to be mailed by first-class mail to over 469,000 potential Class Members and nominees.  *See* Declaration of Ross D. Murray Regarding Notice Dissemination and Publication (ECF 439-7) ("Murray Decl."), ¶11.  In addition, the Summary Notice was published in *The Wall Street Journal* and transmitted over the internet via *Business Wire* on August 19, 2024.  *Id.*, ¶12.  The Notice and Proof of Claim and Release were also posted, for review and easy downloading, on the website established by Gilardi for purposes of this Settlement.  *Id.*, ¶14.  Gilardi subsequently mailed additional Notices, and as of October 30, 2024, Gilardi has now mailed or emailed over 477,000 copies of the Notice to potential Class Members and nominees.  Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Letter from Fred Fekrat, ¶4 ("Supplemental Murray Decl."), attached hereto as Exhibit 1.

The Notice described, *inter alia*, the terms of the Settlement, the maximum amounts that would be sought in attorneys' fees and expenses, the Plan of Allocation, and the right to object to the Settlement.  *See generally* Murray Decl., Ex. A.  The Notice also gave the deadlines for objecting and submitting claims, and advised potential Class Members of the scheduled Settlement Hearing before this Court.  *Id.*  The deadline to object was October 17, 2024.

4887-3542-6291.v1

In response to the dissemination of more than 477,000 Notices, there have been no objections to the Settlement or the Plan of Allocation and only one ***untimely*** objection to Lead Counsel's motion for attorneys' fees and expenses.[2]

It is respectfully submitted that this positive reaction of the Class strongly supports approval of both Motions.

## II.   THE POSITIVE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

As set forth in Lead Plaintiff's opening papers (*see* ECF 439-1), "[t]he attitude of the members of the Class . . . is a proper consideration for the trial court. . . ." regarding the adequacy of a proposed class action settlement.  *See In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[t]he final *Jiffy Lube* 'adequacy' factor looks to the reaction of the Class to the proposed settlement").  Indeed, "[t]he opinion of class members concerning the settlement is perhaps the ***most significant factor*** to be weighed in considering its adequacy."  *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg. Sales Practices*, 2018 WL 11203065, at *6 (E.D. Va. Oct. 9, 2018), *aff'd*, 952 F.3d 471 (4th Cir. 2020).[3]

The fact that the Class has overwhelmingly accepted the Settlement (no objections) is strong evidence that the Settlement is fair, adequate, and in the best interests of the Class.  *See, e.g.*, *Galloway v. Williams*, 2020 WL 7482191, at *9 (E.D. Va. Dec. 18, 2020) ("A lack of objections suggests that the Settlement is indeed adequate."); *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) ("A lack of objections to settlement by class members and opt-outs from

---

[2]   As discussed below, the Fred Fekrat letter was filed with the Court on October 25, 2024, eight days after the October 17, 2024 deadline for objections.  Preliminary Approval Order, ¶15.

[3]   Unless otherwise noted, all emphasis in quotations is added, and internal quotation marks, citations, and footnotes are omitted.

4887-3542-6291.v1

the class demonstrates low opposition and weighs in favor of approving a settlement."); *In re Mills*, 265 F.R.D. at 257 ("an absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy"); *In re MicroStrategy*, *Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 668 (E.D. Va. 2001) ("the lack here of any objections to the partial settlement and the small number of class members choosing to opt-out of the case strongly compel a finding of adequacy").

The absence of objections is even more noteworthy given the heavy investment by institutional investors and pension funds in Under Armour stock. That none of these sophisticated Class Members – who have the resources to carefully evaluate the Settlement and object if appropriate to do so – have objected provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement).

Similarly, the fact that there are no objections to the proposed Plan of Allocation provides strong support for the plan. *See Phillips v. Triad Guar., Inc.*, 2016 WL 1175152, at *4 (M.D.N.C. Mar. 23, 2016) ("The allocation of the settlement proceeds, as well as the lack of objection to the Plan of Allocation, lead the Court to find that the Plan of Allocation is fair and adequate."); *In re Mills*, 265 F.R.D. at 260 (approving plan of allocation as fair, reasonable, and adequate where there was one objection).

## III. NO CLASS MEMBER TIMELY OBJECTED TO THE REQUESTED ATTORNEYS' FEES AND EXPENSES

As with the Settlement, not a single Class Member has timely objected to Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses. The fact that there have been no timely or valid objections is strong evidence that the requested amount of fees and expenses is reasonable. *See, e.g.*, *Genworth*, 210 F. Supp. 3d at 844 ("A lack of objections by class members as to fees requested by counsel weighs in favor of the reasonableness of the fees."); *In re Mills*, 265

F.R.D. at 261 ("Further indicating the Class' approval of the result realized by this Settlement, of the one hundred twenty-eight thousand potential class members, only two filed objections to the proposed fee and expense awards.").

Whenever a large number of individuals and entities are provided notice of such matters, comments or objections are inevitable. *See, e.g.*, *In re Whirlpool Corp.*, 2016 WL 5338012, at *21 (N.D. Ohio Sept. 23, 2016) (noting that objections are filed in "nearly every class action settlement today"). Yet, in this case, after more than 477,000 copies of the Notice were sent out, there was not a single timely objection by a Class Member. Such unanimous support from the Class favors approval. *See, e.g.*, *City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.*, 2019 WL 1529517, at *2 (W.D. Ark. Apr. 8, 2019) (approving 30% fee over objections from just five individuals and an institutional investor); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2018 WL 3105072, at *2 (D.S.C. June 25, 2018) (approving 30% fee over just four objections).

Indeed, the fee requested is supported by all of the factors considered by courts in the Fourth Circuit. *See* ECF 439-2 at 7-27; *Genworth*, 210 F. Supp. 3d at 843-45 (identifying factors and awarding 28% attorney fee on a $219 million securities settlement). Based on an *ex-ante* fee agreement with the Lead Plaintiff, the outstanding result achieved for the Class, the risks faced and overcome by Lead Counsel, the complex legal issues, the quality and quantity of work done without any payment prior to reaching a settlement, and the overwhelming support of the Class, the Court should approve the requested fees.

## IV.    THE UNTIMELY FEKRAT OBJECTION IS WITHOUT MERIT

On October 25, 2024, Fred Fekrat filed a letter in this case, just like he did in another securities class action, complaining that "[s]tock options transactions are not included" in the Settlement. ECF 444; *see In re Apple Inc. Sec. Litig.*, 2011 WL 1877988, at *4 (N.D. Cal. May 17,

4887-3542-6291.v1

2011) (overruling objection by Mr. Fekrat that options traders who did not hold their stock options until the end of the class period are excluded from class settlement).  Mr. Fekrat further complains that "[i]n the absence of any remedy" to stock options transactions not being included in the case, including the Settlement, there is no justification for Lead Counsel's fee request.

Mr. Fekrat's complaint regarding Lead Counsel's fee request is untimely as it was filed eight days after the October 17, 2024 objection deadline established by the Court in its Preliminary Approval Order, at ¶15.  It is therefore invalid.  Indeed, it is well settled that:

> [f]or an objection to a settlement to be considered by the Court on the merits, it must be timely filed.  *See, e.g.*, *In re UnitedHealth Group Inc. Shareholder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158 n.6 (D. Minn. 2009) (declining to consider untimely objection); *In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*, No. 99-MDL-1309, 2004 WL 2931352, at *12 (D. Minn. Dec. 16, 2004) (setting an objection deadline in preliminarily certifying a settlement class and noting "any untimely objection shall be barred").  The requirement of a timely filing has also been specifically recognized by numerous other federal courts [citations omitted].

*Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010); *see In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 7575004, at *3 (N.D. Cal. Dec. 27, 2011) (refusing to consider objection mailed rather than filed with the court on the due date).

Mr. Fekrat's objection also fails on the merits.  None of the complaints in this matter mention stock option transactions.  The Third Amended Complaint, for example, refers only to Under Armour common stock.  *See* ECF 153, ¶2.  And the Class that this Court certified is limited to purchasers of Under Armour common stock.  Order dated September 29, 2022 (certifying the Class) (ECF 246).  Because stock option transactions are not part of this case, there is no basis to include them in the relief to Class Members as part of the Settlement.

In *Apple*, Mr. Fekrat attempted a very similar objection, which the Court properly overruled:

> Fred Fekrat objects to the plan of allocation because options traders who purchased Apple stock but did not hold their shares until the end of the class period are

ineligible to recover under the plan.  These investors were excluded from the class for two reasons.  First, NYCERS' amended complaint does not allege that options traders suffered an injury as a result of Defendants' alleged conduct; the amended complaint refers only to "common stockholders."  Am. Compl., ¶¶460, 461.

*Apple*, 2011 WL 1877988, at \*4.  *See also In re Critical Path, Inc.*, 2002 WL 32627559, at \*5 (N.D. Cal. June 18, 2002) ("Being outside the scope of the case, claims based on purchases or sales of options were properly excluded from the settlement agreement's listing of settled and extinguished claims.").

Ironically, Mr. Fekrat's complaint that prompted his criticism of the Settlement and Lead Counsel's fee request is entirely of his own making.  His letter states he has "not received a response" from the Claims Administrator to his email request, attached to his letter.  But, as explained in the Supplemental Murray Declaration, at ¶7, Gilardi never received Mr. Fekrat's email, and the email attachment to his letter shows he sent it to the incorrect address.  He addressed it to info@UnderArmorSecuritiesLitigation.com instead of info@UnderArmourSecuritiesLitigation.com – he misspelled Under Armour.  ECF 444-1.[4]

## V.     CONCLUSION

For the reasons set forth herein and in the opening papers filed in support of the Motions, Lead Counsel respectfully requests that the Court: (1) grant final approval of the Settlement; (2) award Lead Counsel attorneys' fees in the amount of 25.83% of the Settlement Amount and litigation expenses of $4,200,059.31, plus interest on both amounts at the same rate as earned by the Settlement Fund; and (3) award Lead Plaintiff and Co-Class Representatives $45,285.00, in the aggregate, pursuant to 15 U.S.C. §78u- 4(a)(4), in connection with their representation of the Class.

---

[4]    Lead Counsel spoke to Mr. Fekrat on October 30, 2024, and explained the reason why he did not receive a response to his email and that options transactions have never been part of the case or Settlement.

4887-3542-6291.v1

DATED:  October 31, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL J. DOWD
THEODORE J. PINTAR
MARK SOLOMON
X. JAY ALVAREZ
SAM S. SHELDON
ROBERT R. HENSSLER JR.
MATTHEW I. ALPERT
CHRISTOPHER R. KINNON
T. ALEX B. FOLKERTH


            s/ Robert R. Henssler Jr.
        ROBERT R. HENSSLER JR.

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
marks@rgrdlaw.com
jaya@rgrdlaw.com
ssheldon@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
ckinnon@rgrdlaw.com
afolkerth@rgrdlaw.com

4887-3542-6291.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
ANDREW T. REES
LUKE GOVEAS
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
arees@rgrdlaw.com
lgoveas@rgrdlaw.com

*Lead Counsel for Plaintiffs*

MOTLEY RICE LLC
JOSHUA C. LITTLEJOHN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for KBC Asset Management NV*

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel for Monroe County
Employees' Retirement System*

- 9 -

4887-3542-6291.v1

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
ANDREW C. WHITE, Bar No. 0821
WILLIAM SINCLAIR, Bar No. 28833
PIERCE C. MURPHY, Bar No. 30030
400 E. Pratt Street, Suite 900
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com
pmurphy@mdattorney.com

*Local Counsel*

- 10 -

4887-3542-6291.v1