IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re UNDER ARMOUR SECURITIES LITIGATION _____ This Document Relates To: ALL ACTIONS. _____ | ) Civil No. RDB-17-388 ) ) CLASS ACTION ) ) ) ) ) ) |

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated July 22, 2024, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement, dated as of July 12, 2024 (the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Class Members.

USDC- BALTIMORE
'24 NOV 7 PM 1:36

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

6. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiff and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons any and all Released Claims (including, without limitation, Unknown Claims), whether or not the Class Member executed and delivered the Proof of Claim and Release.

7. Upon the Effective Date hereof, and as provided in the Settlement Agreement, the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, as against Lead Plaintiff, the Class, and Plaintiffs' Counsel from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims relating to the enforcement of the Settlement are not released.

8. Upon the Effective Date, each Releasing Plaintiff Party shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims). The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

9. The Court finds that the Notice of Proposed Settlement of Class Action was implemented in accordance with the Notice Order entered on July 22, 2024, and was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and 15 U.S.C. §78u-4(a)(7) of the Private Securities Litigation Reform Act of 1995.

10. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither this Order, the Memorandum of Understanding, the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall be:

(a) offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim

that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons;

(b) in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(c) offered against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to any misrepresentation or omission with respect to any statement or written document approved or made by any Released Persons, or against Lead Plaintiff or any Class Member as an admission or evidence that any claims asserted by Lead Plaintiff or any Class Member were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or

(d) construed against any Released Persons, Lead Plaintiff or the Class as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

12. The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim Form), as well as their respective successors and assigns.

14. Upon the Effective Date of the Settlement, any and all claims for contribution, however denominated, based upon or arising out of the Released Claims: (a) by any person or entity against any of the Released Persons; or (b) by any of the Released Persons against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) or any other law (the "Bar Order"). Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any Person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses in the Action, and awards to Lead Plaintiff and Class Representatives in connection with their representation of the Class; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the Settling Parties shall be restored to their respective positions in the Action as of June 20, 2024.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms.

20. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: __NOVEMBER 7, 2024__   _____
THE HONORABLE RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE